MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Todd M. Goren
Erica J. Richards

*Attorneys to the Official Committee of Unsecured*
*Creditors of Republic Airways Holdings Inc., et al.*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,[1] | 16-10429 (SHL) |
| Debtors. | Jointly Administered |

**SUPPLEMENT TO FIRST INTERIM APPLICATION OF
MORRISON & FOERSTER LLP AS ATTORNEYS TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
MARCH 4, 2016 THROUGH APRIL 30, 2016**

Morrison & Foerster LLP ("**Applicant**"), attorneys to the Official Committee of Unsecured Creditors (the "**Committee**") of Republic Airways Holdings Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby submits this supplement to its first interim application for compensation and reimbursement of expenses [Docket No. 662] (the "**First Interim Application**") for the period

---

[1] The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

ny-1239310

March 4, 2016 through April 30, 2016 (the "**Application Period**"), and respectfully represents as follows:

## BACKGROUND

1. On June 14, 2016, 2016, Morrison & Foerster filed its First Interim Application with the Court. In response to an informal request, on July 5, 2016, Morrison & Foerster provided to the Office of the United States Trustee (the "**U.S. Trustee**") certain supplemental information (a) providing total blended rates for the chart set forth in Exhibit E to the First Interim Application, (b) explaining why the rates billed by Morrison & Foerster's professional in these cases are higher than its average non-bankruptcy rates, and (c) comparing actual hours expended by Morrison & Foerster during the Application Period to the hours projected in the budget prepared by Morrison & Foerster at the commencement of the cases. At the request of the U.S. Trustee, Morrison & Foerster is filing this supplement to provide the Court with that information, which is set forth below:[2]

## SUPPLEMENTAL INFORMATION

**(a)    Exhibit E - Total Blended Rate Amount**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | **Billed by New York Office January 1, 2016 to April 30, 2016[3]** | **Billed to Committee March 4, 2016 to April 30, 2016** |
| Sr./Equity Partner/Shareholder | $987 | $1,045 |
| Attorneys and Sr. Associate (7 or more years since first admission) | $740 | $766 |

---

[2] In addition, at the U.S. Trustee's request, Morrison & Foerster the U.S. Trustee with a list of the respective hourly rates for each of Morrison & Foerster's non-bankruptcy attorneys. That information is not included in this supplement.

[3] In accordance with the UST Guidelines, the data in this column excludes blended hourly rate information for bankruptcy law matters.

2

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed by New York Office January 1, 2016 to April 30, 2016 | Billed to Committee March 4, 2016 to April 30, 2016 |
| Attorneys and Associate (4-6 years since first admission) | $645 | $0 |
| Jr. Associate (1- 3 years since first admission) | $470 | $547 |
| Paraprofessional | $290 | $322 |
| All | $714 | $871 |

**(b)    Explanation of Disparity Between Rates Billed in Connection with This Case and Non-Bankruptcy Rates During the Same Period**

2.     The non-bankruptcy rates set forth in Exhibit E to the First Interim Application reflect average rates charged by 126 attorneys (including 51 partners and 75 associates and attorneys) and 17 paraprofessionals office-wide.  The individuals within each band of professionals have a range of experience, such that individual billable rates within each band are both higher and lower than the average.  In contrast, the vast majority of the time billed on this bankruptcy matter is attributable to only three professionals.  Of the 1,001.7 hours billed during the first interim application period, over 750 hours were billed by three attorneys: Brett Miller, Todd Goren and Erica Richards.  Because the sample size of professionals billing the most time on this case is so small, the average of billing rates is necessarily skewed since it primarily reflects those individuals' billing rates rather than a true average.

3.     Moreover, Morrison & Foerster believes that the blended average billing rate is not a reasonable indicator of the overall value provided by Morrison & Foerster during these cases.  Morrison & Foerster has operated on a streamlined basis during this case and, as noted below, came in significantly under budget for the period.  By staffing the matter leanly and primarily with experienced professionals, whose senior leadership and expertise were needed

3

given the complex issues facing the Committee during the first interim application period, Morrison & Foerster was able to provide more efficient and cost-effective services to the Committee.

### (c) Explanation for Project Categories Where Actual Services Rendered Exceeded the Budgeted Amounts by 10%

4. As an initial matter, on an overall basis, Morrison & Foerster's fees were more than $70,000 less than the total projected budget amount for the Application Period. Moreover, the preparation of a budget is not an exact science. At the time Morrison & Foerster prepared its initial budget, it did so based on the facts known to it at the time and its general experience. However, as Committee counsel, the nature and extent of Morrison & Foerster's involvement in these cases is highly dependent on the actions taken by the Debtors and other third parties, and is therefore subject to a high degree of variation based on circumstances outside of its control.

5. Morrison & Foerster LLP exceeded the budgeted amount by 10% or more in the following project categories: (i) Assumption and Rejection of Leases and Contracts; (ii) Claims Administration and Objections; (iii) Employment and Fee Applications; (iv) Employment and Fee Application Objections; (v) Financing and Cash Collateral; (vi) Hearings; and (vii) First and Second Day Motions. As detailed below, these project categories largely involved the resolution of complex and critical matters in these cases, and the unanticipated litigious participation of the Ad Hoc Equity Group in these cases.

#### i. Assumption and Rejection of Leases and Contracts

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 75.0 | Hours: | 219.4 |
| Amount | $60,000.00 | Amount: | $206,384.50 |

6. This category includes time spent by Morrison & Foerster related to the review, analysis, and consideration of various motions for the assumption or rejection of executory

4

contracts, including the Debtors' motion (the "**Delta Codeshare Motion**") to assume the Delta Air Lines Inc. ("**Delta**") codeshare partner agreement. The resolution of the Debtors' codeshare partner agreements (the "**Codeshare Partner Agreements**") is the cornerstone of the Debtors' ability to successfully reorganize.

7. At the time Morrison & Foerster developed the budget, it assumed that a portion of the time for the Codeshare Partner Agreements and Delta Codeshare Motion would be captured in the "Other Motions/Applications" project category, for which Morrison & Foerster budgeted 290 hours and $232,000. In preparing its subsequent monthly fee applications, Morrison & Foerster determined that it was more appropriate to put all time associated with those matters in the "Assumption and Assignment of Leases and Contracts" project category. If the time and amounts budgeted for those two categories are aggregated (totaling 365 hours and $292,000), Morrison & Foerster was well within the 10% threshold, as the actual amount billed in those categories on an aggregate basis was 332.6 hours and $298,359.50.

8. Even if the two project categories are not aggregated, the amount billed to the "Assumption and Assignment" task code by Morrison & Foerster in excess of the budget is justified for two reasons. *First*, Morrison & Foerster objected to the Delta Codeshare Motion and spent significant time negotiating consensual modifications to the relief requested that was beneficial to the Debtors' estates. This alone significantly increased the Committee's involvement in connection with the Delta Codeshare Motion and increased the amount of time and expertise required by Morrison & Foerster. *Second*, Morrison & Foerster's initial budget did not account for the active role taken by the Ad Hoc Equity Group, including significant discovery taken by the Ad Hoc Equity Group and its prosecution of an unresolved objection at a contested hearing.

5

### ii. Claims Administration and Objections

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 10.0 | Hours: | 12.9 |
| Amount | $8,000.00 | Amount: | $10,310.50 |

9. This category includes time spent by Morrison & Foerster reviewing and analyzing information related to potential claims against the Debtors, as well as the Debtors' motion to approve a settlement of claims with NAC Aviation 23 Limited, which settlement involved the resolution of a complex and substantial claim. Because of the small amount at issue in this project category, even a slight deviation from budget would result in a change of more than 10% of the budgeted amount.

### iii. Employment and Fee Applications

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 40.0 | Hours: | 74.0 |
| Amount | $32,000.00 | Amount: | $50,611.50 |

10. This category includes time spent by Morrison & Foerster with respect to the retention and employment of the Committee's professionals. A substantial portion of the additional time spent by Morrison & Foerster in this project category was incurred in connection with the successful resolution of potential objections to the retentions of Imperial and SkyWorks, the Committee's co-financial advisors, which Morrison & Foerster did not anticipate when it prepared its initial budget. To resolve those issues, Morrison & Foerster negotiated with the Debtors and the U.S. Trustee, and prepared supplemental declarations and a motion to seal the SkyWorks declaration to protect that entity's confidential information.

### iv. Employment and Fee Application Objections

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 35.0 | Hours: | 42.6 |
| Amount | $28,000.00 | Amount: | $35,839.50 |

11. This category includes time spent by Morrison & Foerster reviewing and negotiating the Debtors' retention of its legal and financial advisors. Morrison & Foerster's initial budget did not anticipate the extensive efforts that were required to resolve the Committee's concerns over the terms of Seabury Corporate Advisors LLC's ("**Seabury**") retention by the Debtors. Those efforts included considerable correspondence and telephone calls with the Debtors' advisors, revisions to the terms of Seabury's retention and the proposed order granting such retention, and the drafting and filing of a limited objection to Seabury's retention.

### v. Financing and Cash Collateral

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 100.0 | Hours: | 136.1 |
| Amount | $80,000.00 | Amount: | $123,107.50 |

12. This category includes time spent by Morrison & Foerster with respect to the various proposals to provide the Debtors with debtor-in-possession financing and the motion (the "**DIP Motion**") filed by the Debtors to obtain debtor-in-possession financing from Delta. Morrison & Foerster's initial budget did not anticipate the complexity involved in the Debtors' request for debtor-in-possession financing from Delta, which was tied to a global resolution of claims arising in connection with Delta's Codeshare Partner Agreement. Additionally, as with the Delta Codeshare Motion, Morrison & Foerster's initial budget did not consider the significant intervention of the Ad Hoc Equity Group in the DIP Motion.

### vi. Hearings

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 55.0 | Hours: | 76.7 |
| Amount | $44,800.00 | Amount: | $69,532.50 |

13. This category relates to Morrison & Foerster's attendance at numerous hearings held by the Court during the Application Period. The additional unbudgeted time required by

Morrison & Foerster to prepare for and attend hearings is largely due to the intervention of the Ad Hoc Equity Group in the Debtors' cases, particularly as it relates to the Delta Code Share Motion and the DIP Motion, which necessitated an all-day hearing as well as multiple telephonic conferences leading up to and following the hearing.  Morrison & Foerster did not anticipate this protracted litigation, which included the Ad Hoc Equity Group's request for an emergency temporary restraining order and appeal, in preparing its initial budget.

### vii.    First and Second Day Motions

| **Budgeted** | | **Actual** | |
|---|---|---|---|
| Hours: | 50.0 | Hours: | 56.7 |
| Amount | $40,000.00 | Amount: | $49,962.50 |

14.    This category includes time spent by Morrison & Foerster regarding various motions, applications and other relief sought by the Debtors on the Petition Date or shortly thereafter.  Although Morrison & Foerster's initial budget underestimated the complexity of some of these motions and the extent of the diligence that was required to understand the relief sought in those motions, Morrison & Foerster's initial budget was still relatively close to the actual time and amount required in connection with the first and second day motions.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

15.    The U.S. Trustee also requested that Morrison & Foerster restate its responses to the request for additional information set forth in the Revised U.S. Trustee Fee Guidelines in compliance with paragraph D, section 1, as initially set forth in its retention application [Docket No. 337] (the "**Retention Application**").  Those responses are below:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    Yes.  As an accommodation to the Committee, Morrison & Foerster has agreed that it will only seek payment of an additional 10% of its fees as part of its Interim Fee Applications.  Morrison & Foerster will defer payment of the remaining 10% of its fees until its final fee application, and

                will only seek payment of the remaining 10% if authorized by the Committee.[4]

**Question**:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    Morrison & Foerster did not represent the Committee prior to the Debtors' chapter 11 cases.[5]

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response:    The Committee approved Morrison & Foerster's prospective budget and staffing plan for the Application Period.

## **CONCLUSION**

16. Morrison & Foerster submits that the foregoing services rendered were reasonable and necessary within the meaning of Bankruptcy Code section 330 under the facts and circumstances of these cases and conferred significant benefits upon the Debtors' estates and their unsecured creditors.

---

[4] This accommodation will only affect the fees charged by Morrison & Foerster's professionals and paraprofessionals. Any expenses incurred by Morrison & Foerster will be reimbursed at the cost associated with such expense.

[5] At the request of the U.S. Trustee, Morrison & Foerster made certain disclosures regarding its ongoing representation of individual members of the Committee at the hearing to approve the Retention Application, as referenced in the order approving the Retention Application [Docket No. 479].

9

| | |
|---|---|
| Dated:  July 12, 2016<br>          New York, New York | /s/ Brett H. Miller<br>Brett H. Miller<br>Todd M. Goren<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Attorneys to the Official Committee of Unsecured Creditors of Republic Airways Holdings Inc., et al.* |