Bruce R. Zirinsky
Sharon J. Richardson
Gary D. Ticoll
ZIRINSKY LAW PARTNERS PLLC
375 Park Avenue, Suite 2607
New York, New York 10152
(212) 763-0192

Christopher K. Kiplok
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| **REPUBLIC AIRWAYS HOLDINGS INC.**, *et al.*, | **:** | **16-10429 (SHL)** |
| **Debtors.**[1] | **:** | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF PROPOSED AMENDED FINAL TRADING ORDER
ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING
RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND
<u>INTERESTS IN THE DEBTORS' ESTATES</u>**

    **PLEASE TAKE NOTICE** that upon the Debtors' Motion Pursuant to 11 U.S.C.

§§ 362 & 105(a) for Entry of Interim and Final Orders Establishing Notification Procedures and

Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors

[ECF No. 18], the undersigned will present the attached proposed Amended Final Trading Order

---

1. The Debtors in these chapter 11 cases are the following entities: Republic Airways Holdings Inc.; Republic Airways Services, Inc.; Republic Airline Inc.; Shuttle America Corporation; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc. The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims

Against and Interests in the Debtors' Estates (attached hereto as <u>Exhibit A</u>) to the Honorable

Sean H. Lane, United States Bankruptcy Judge, for signature on July 21, 2016 at 12:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as <u>Exhibit B</u> is a

blackline comparing the proposed amended order with the Final Trading Order Establishing

Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and

Interests in the Debtors' Estates [ECF No. 206].

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed

amended order, together with proof of service, must be filed with the Clerk and a courtesy copy

shall be received by the Bankruptcy Judge's chambers and by the undersigned not later than

11:30 a.m. on July 18, 2016. Unless objections are received by that time, the order may be

entered.

Dated: New York, New York
      July 13, 2016

  /s/ Gary D. Ticoll
Bruce R. Zirinsky
Sharon J. Richardson
Gary D. Ticoll
ZIRINSKY LAW PARTNERS PLLC
375 Park Avenue, Suite 2607
New York, New York 10152
(212) 763-0192
bzirinsky@zirinskylaw.com
srichardson@zirinskylaw.com
gticoll@zirinskylaw.com

Christopher K. Kiplok
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
chris.kiplok@hugheshubbard.com

*Attorneys for the Debtors and Debtors in
Possession*

## **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : | **16-10429 (SHL)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### AMENDED FINAL TRADING ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS' ESTATES

A hearing having been held on March 22, 2016 (the "Hearing"), to consider the motion, dated February 25, 2016 (the "Motion"),[2] of Republic Airways Holdings Inc. ("RAH"), and certain of its wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with RAH, "Republic" or the "Debtors"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), for an order to approve notification procedures and restrictions on certain transfers of claims against and interests in Republic's estates as more fully described in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given to the Notice Parties as provided in the Motion, and such notice

---

1.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.  Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

having been adequate and appropriate under the circumstances; and it appearing that no other or

further notice need be provided other than as provided herein; and hearings having been held on

February 26, 2016 and March 3, 2016 to consider the relief requested in the Motion on an

interim basis (the "Interim Hearings"); and the Court having entered an order granting the relief

requested in the Motion on an interim basis (the "Interim Trading Order"); and upon the Motion,

the papers in support thereof and the responses thereto, if any, the record of the Hearing, the

record of the Interim Hearings, and all of the proceedings had before the Court; and the

appearances of all interested parties having been noted in the record of the Hearing and the

records of the Interim Hearings; and the Court having found and determined that Republic's net

operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs,

the "Tax Attributes") are property of Republic's estates and are protected by section 362(a) of

the Bankruptcy Code; and the Court having found and determined that unrestricted trading in

claims against and equity interests in Republic before Republic's emergence from chapter 11

could severely limit Republic's ability to use the Tax Attributes for purposes of the Internal

Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and the Court

having found and determined that the Procedures (as hereinafter defined) are necessary and

proper to preserve the Tax Attributes and are therefore in the best interests of Republic, its

estates, and its creditors; and the Court having found and determined that the relief requested in

the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code; and this Court

having determined that the relief sought in the Motion is in the best interests of Republic, its

creditors, and all parties in interest; and this Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and the Court

having entered an order granting the relief requested in the Motion on a final basis (the "Final

2

Trading Order") and upon all of the proceedings had before this Court and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis to the extent set forth

herein; and it is further

ORDERED that any objections to the Motion that have not been withdrawn or

resolved by the Interim Trading Order, the Final Trading Order or by this Order are overruled in

all respects; and it is further

ORDERED that effective as of the Commencement Date the following

procedures and restrictions are imposed and approved:

1.      Notice of Substantial Equityholder Status.  Any Person who is or becomes

a Tax Owner of at least 2,420,048 shares of Stock, which represent approximately 4.75 percent

of the issued and outstanding Stock as of the Commencement Date (a "Substantial

Equityholder"), must, on or before the later of: (a) 15 days after the Court's entry of an order

approving these Procedures or (b) 10 days after that Person becomes a Substantial Equityholder,

serve on (i) Republic, (ii) the attorneys for Republic, (iii) the attorneys for the Committee,

Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H.

Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J.

Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of

Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third

Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com),

Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq.

(david.hillman@srz.com)), a notice (the "Substantial Equityholder Notice") containing the Tax

Ownership information substantially in the form of **Exhibit 1** annexed to this Order.

3

           2.      <u>Restrictions and Procedures for Trading in Stock.</u>  Any Person that, after the Commencement Date, except for Axar Capital Management and its affiliates (collectively, "<u>Axar</u>") and GLG LLC and its affiliates (collectively, "<u>GLG</u>") as to which the following provisions apply prospectively after entry of the Interim Order,

        i.      is not a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the Person to become a Substantial Equityholder;

        ii.      is a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock; or

        iii.      is a Substantial Equityholder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the holder's election, in a redacted form that does not include such holder's taxpayer identification number and the aggregate principal amount of Stock that such holder beneficially owns), and serve on (i) Republic, (ii) the attorneys for Republic, (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), an unredacted notice in the form attached as **Exhibit 2** to this Order, in the case of a proposed acquisition of Stock, or **Exhibit 3** to this Order, in the case of a proposed disposition of Stock, including the case of a 50 percent shareholder who intends to claim a worthlessness deduction with respect to such Stock (either such notice, a "<u>Proposed Stock Transaction Notice</u>").

Republic shall consult with counsel to the Creditors' Committee prior to responding to any

Proposed Stock Transaction Notice.  If written approval of the proposed transaction is filed with

the Court by Republic within 15 calendar days following the receipt of a Proposed Stock

Transaction Notice, then the transaction may proceed.  If written approval of the proposed

transaction is not filed by Republic with the Court within such period, then the transaction may

not be consummated unless approved by a final and nonappealable order of the Court.  Further

transactions within the scope of this Section 2 must be the subject of additional notices as set

forth herein with additional waiting periods.

3.    <u>Restrictions and Procedures for Trading in Covered Claims.</u>

a.    Any Person that, after the Commencement Date,

i.    is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Person to become a Substantial Claimholder; or

ii.    is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims,

will have an obligation, in the event that the Court issues a Sell Down Order at the request of

Republic pursuant to Section 4, to sell or otherwise transfer Tax Ownership of an aggregate

amount of Covered Claims sufficient to prevent such Person from having Tax Ownership of an

amount of the reorganized Republic's stock as a result of the implementation of the 382($l$)(5)

Plan that exceeds the greater of (a) the Applicable Percentage or (b) the percentage specified in

the Sell Down Notice applicable to such Person pursuant to Section 4; *provided*, *however*, that

such Person shall not be required to make any sale or other transfer of Tax Ownership of

Covered Claims that would result in such Person having Tax Ownership of an aggregate amount

of Covered Claims that is less than either (x) the Threshold Amount, as revised from time to

time, or (y) such Person's Protected Amount.

5

b.      Any Person that participates in formulating any chapter 11 plan of

reorganization of or on behalf of Republic (which shall include, without limitation, making any

suggestions or proposals to Republic or their advisers with regard to such a plan) shall not do so

in a manner that makes evident to Republic that any Covered Claims of which such Person has

Tax Ownership are Newly Traded Covered Claims (the "Participation Restriction").  For this

purpose, Republic acknowledges and agrees that the following activities alone (*i.e.*, as long as

there is not any disclosure to Republic that such Person owns Newly Traded Covered Claims)

shall not constitute a violation of the Participation Restriction: filing an objection to a proposed

disclosure statement or to confirmation of a proposed plan of reorganization, voting to accept or

reject a proposed plan of reorganization, reviewing or commenting on a proposed business plan,

membership on the Creditors' Committee or an *ad hoc* committee, providing information (other

than whether such Person owns Newly Traded Covered Claims) to Republic's counsel on a

confidential basis, or taking any action required by the Amended Final Trading Order.  Any

Person found by the Court to have violated the Participation Restriction shall be required to

dispose of Newly Traded Covered Claims of which such Person has Tax Ownership (subject to

the Equity Forfeiture Provision described in Section 6) to protect Republic's ability to effect

successful implementation of the 382(*l*)(5) Plan, except to the extent Republic in its sole

discretion agrees to permit such Person to retain such Newly Traded Covered Claims.  For the

avoidance of doubt, (i) such Person shall not be permitted to retain Tax Ownership of any Newly

Traded Covered Claims if a Sell Down Order has been or is subsequently issued pursuant to

Section 4, and (ii) if a Claims Trading Notice Order has been issued pursuant to Section 4(e),

such Person shall only be permitted to retain Tax Ownership of Newly Traded Covered Claims

to the extent that such retention would not impair Republic's ability to effect the successful

6

implementation of a 382(l)(5) Plan, as determined by Republic in its sole discretion.  Prior to

taking any action to enforce the foregoing two sentences, Republic shall consult with counsel to

the Creditors' Committee.

    4.    <u>Sell Down Procedures.</u>

    a.    *Reporting of Substantial Claimholder Status.*  In order to assess the

feasibility of implementing a 382(*l*)(5) Plan and the need for petitioning the Court for a Sell

Down Order, Republic, after consultation with and provision of such information as is

reasonably requested by counsel to the Creditors' Committee, may file with the Court and further

publish and serve in the manner specified in Section 8 a notice (the "<u>Reporting Notice</u>")

requiring each Substantial Claimholder, within 30 calendar days of Republic's filing of the

Reporting Notice with the Court, to serve on (i) Republic, (ii) the attorneys for Republic, (iii) the

attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New

York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq.

(tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys

for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth

& Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com)), a notice in the form attached as **Exhibit 4** to this Order

(a "<u>Substantial Claimholder Notice</u>").  A Person that is uncertain whether it is a Substantial

Claimholder may serve a Substantial Claimholder Notice in the manner described above in order

to preserve its rights under the Amended Final Trading Order.  A Person serving a Substantial

Claimholder Notice in the manner described above shall not be required to file the Substantial

Claimholder Notice with the Court.  For the avoidance of doubt, Republic will not be precluded

from filing more than one Reporting Notice pursuant to this subsection (a).  In addition to the

above, Republic shall have a right at its sole discretion to inquire as to how long any Substantial

Claimholder or any Person that violated the Participation Restriction has held its claim (and

Republic shall notify the Creditors' Committee about any such inquiry), and any such Person

shall promptly provide information to Republic and the Creditors' Committee in response to any

such inquiry.

> b.    *Petition for Sell Down Order and Notification Procedures*.  After filing a

382(*l*)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the

expiration of the 75-day period beginning with the date on which Republic files a Reporting

Notice with the Court, Republic may, in consultation with counsel to the Creditors' Committee,

file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i)

authorizes Republic to issue Sell Down Notices to each Person that has timely filed a Substantial

Claimholder Notice showing Tax Ownership of Covered Claims that, pursuant to the terms of

the 382(*l*)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Person

to acquire Tax Ownership of more than the Applicable Percentage of the equity of the

reorganized Debtors (a "Potentially Substantial New Equityholder") and (ii) provides that any

Person other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax

Ownership of more than the Applicable Percentage of the equity of the reorganized Debtors (or

consideration in lieu thereof) if the 382(*l*)(5) Plan is consummated. The motion for a Sell Down

Order shall be published and served in the manner described in Section 8.  Each Potentially

Substantial New Equityholder shall be served with a copy of the motion and the Sell Down

Notice applicable to such Person.  Counsel to the Creditors' Committee shall be served with a

copy of the motion and all Sell Down Notices.  For the avoidance of doubt, Republic will not be

precluded from filing more than one motion for the issuance of a Sell Down Order pursuant to this subsection (b).

Each Sell Down Notice shall indicate (i) Republic's calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(*l*)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage"), and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(*l*)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder (except to the extent that Republic determines that such a reduction would result in the requirement that a Potentially Substantial New Equityholder sell or otherwise transfer Covered Claims that are not Newly Traded Covered Claims). For instance, if Potentially Substantial New Equityholders are required to reduce their Preliminary Percentage by 20 percent, a Potentially Substantial New Equityholder whose Preliminary Percentage was 15 percent generally would be required to sell Covered Claims such that it would be entitled to receive no more than 12 percent of the equity of the reorganized Debtors under the 382(*l*)(5) Plan. If a Potentially Substantial New Equityholder holds more than one category of Covered Claims, the category or categories of Covered Claims to be sold in order to comply with the Sell Down Notice will be left to the discretion of the Potentially Substantial New Equityholder.

c.    *Procedures for Objection to a Sell Down Notice.* A Potentially Substantial New Equityholder in receipt of a Sell Down Notice will be permitted to object, including but not limited to, on any one or more of the following grounds: (i) the Sell Down Notice applicable to it contains a mathematical error, (ii) compliance with the Sell Down Notice applicable to it

would require the Potentially Substantial New Equityholder to reduce its Tax Ownership of

Covered Claims below the Threshold Amount (so long as it has complied and continues to

comply with the Participation Restriction) or below its Protected Amount or would require it to

transfer Tax Ownership of Covered Claims that are not Newly Traded Covered Claims, and (iii)

Republic's decision to protect the ability to implement a plan utilizing section 382($l$)(5) through

the issuance of the Sell Down Notices is not a reasonable exercise of Republic's business

judgment.  If an objection described in clause (i) or (ii) is filed, Republic will be permitted to

serve new Sell Down Notices in their discretion.  If an objection described in clause (iii) is raised

by a Potentially Substantial New Equityholder or by the Creditors' Committee, Republic will be

required to present to the Court evidence regarding:

    i.    the reasonably expected range of tax attributes available to be carried over under the 382($l$)(5) Plan to reduce the future U.S. federal income tax liabilities of Republic, taking into account, among other things, anticipated reductions in tax attributes under section 108(b) of the Internal Revenue Code that will occur as a result of the implementation of the 382($l$)(5) Plan and anticipated deductions arising from payments made under the 382($l$)(5) Plan;

    ii.    the basis for Republic's belief that the reduction in holdings required by the Sell Down Order (and implemented by the Sell Down Notices) are reasonably necessary and appropriate to ensure that the ownership requirements of section 382($l$)(5) will be satisfied in connection with the 382($l$)(5) Plan; and

    iii.    the basis for Republic's belief that there is a reasonable possibility that utilization of section 382($l$)(5) will be more beneficial to Republic and its estates than utilizing section 382($l$)(6).

Unless the Court determines otherwise for good cause shown, a Sell Down Order

and the related Sell Down Notices will remain effective notwithstanding amendments to the

382($l$)(5) Plan; provided, however, that if Republic withdraws the 382($l$)(5) Plan, the Sell Down

Notices will have no further effect.

    d.    *Procedures for Implementing a Sell Down Order.*  Each transfer of Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date that is 10 calendar days after the date of confirmation of the 382(*l*)(5) Plan, (ii) the date that is 30 calendar days after receipt of the Sell Down Notice and (iii) the date specified in all of the Sell Down Notices.

    Once a Potentially Substantial New Equityholder has transferred its Covered Claims in accordance with the preceding paragraph, such Person (i) shall, no later than one business day following the latest date for completing such transfer in accordance with the preceding paragraph, serve on (a) Republic, (b) the attorneys for Republic, (c) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), a notice in the form attached as **Exhibit 5** to this Order (a "Notice of Completed Sell Down") and (ii) under no circumstances shall acquire additional Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity to which such Person would be entitled pursuant the implementation of the 382(*l*)(5) Plan above the percentage specified in the Sell Down Notice applicable to such Person.

    A Person that would otherwise be prohibited by the Sell Down Order from acquiring a Covered Claim but is permitted to do so pursuant to the fourth and fifth decretal paragraphs of the Amended Final Trading Order (relating to property described in Section 1110

of the Bankruptcy Code) shall, within the later of (i) the date for complying with a Sell Down

Notice, (ii) the date 15 days prior to the scheduled effective date of the 382(*l*)(5) Plan and (iii)

the date such acquisition is completed, divest itself of Tax Ownership of an amount of Covered

Claims such that, following the divestiture, the Person would not be entitled to acquire Tax

Ownership of an amount of equity of the reorganized Debtors pursuant to the implementation of

the 382(*l*)(5) Plan in excess of the amount specified on the Sell Down Notice applicable to such

Person (or, if there is none, the Applicable Percentage).  A Person may object to the requirement

of the preceding sentence, including but not limited to, on the grounds that compliance would

result in such Person's having Tax Ownership of an amount of Covered Claims that is less than

the Threshold Amount (so long as it has complied and continues to comply with the Participation

Restriction) or its Protected Amount.  Notice of such an objection must be served (i) Republic,

(ii) the attorneys for Republic, (iii) the attorneys for the Committee, Morrison & Foerster LLP,

250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.

(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.

(erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of

Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York,

New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq.

(lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), no later

than the second business day following the date on which such Person becomes aware of the

grounds for such objection, and in any event no later than the date on which the divestiture

would be required.  Upon receipt of such an objection, Republic may, following consultation

with counsel to the Creditors' Committee, issue revised Sell Down Notices if they consider it

advisable to do so.

12

      e.    *Procedure if no Sell Down Notices are Required.*  If Republic determines, based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell Down Notices appear necessary in order to implement the 382(*l*)(5) Plan, Republic may move the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the "Claims Trading Notice Order").  Under the Claims Trading Notice Order,

      i.    any Potentially Substantial New Equityholder proposing to acquire Covered Claims in a transaction following which such Person would have Tax Ownership of Covered Claims that, pursuant to the terms of the 382(*l*)(5) Plan, would entitle such Person to receive equity of the reorganized Debtors in excess of the amount of equity to which such Person would have been entitled based on the holdings reported on such Person's Substantial Claimholder Notice, and

      ii.    any Person that would become a Potentially Substantial New Equityholder by virtue of a proposed acquisition of Covered Claims

will be required, prior to the consummation of any such transaction, to serve on (i) Republic, (ii) the attorneys for Republic, (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), a notice in the form attached as **Exhibit 6** to this Order (a "Proposed Covered Claim Transaction Notice"). The same procedures applicable to a Proposed Stock Transaction Notice (described in Section 2) will apply with respect to a Proposed Covered Claim Transaction Notice.  If Republic does not give written consent to the proposed transaction and the Person that has delivered the Proposed Covered Claim Transaction Notice requests a hearing, the procedures described in Section 4(c)

will apply.  In addition, the Claims Trading Notice Order will require any Person that has

acquired Tax Ownership of Covered Claims for which it did not file a Substantial Claimholder

Notice and as to which a motion would have been required under the preceding paragraph, but

for the fact that such acquisition occurred prior to the entry of the Claims Trading Notice Order,

to serve notice of such fact on (i) Republic, (ii) the attorneys for Republic, (iii) the attorneys for

the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019

(Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com),

and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc

Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP,

919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com)), within 15 calendar days of the entry of the Claims

Trading Notice Order.  If Republic determines that the retention by such Person of such Covered

Claims could jeopardize the implementation of the 382($l$)(5) Plan, they will serve a Sell Down

Notice on such Person, in which case the procedures described in Section 4(c) will apply.  The

provisions of this paragraph will also apply to a Person that is exempted by the fourth and fifth

decretal paragraphs of the Final Trading Order (relating to property described in Section 1110 of

the Bankruptcy Code) from giving the advance notice otherwise required by the preceding

paragraph with respect to an acquisition of Covered Claims.  In such a case, notice of the

acquisition must be served on (a) Republic, (b) Republic's counsel, (c) counsel to the Creditors'

Committee, and (d) the attorneys for the Ad Hoc Committee of Equity Holders of Republic

Airways Holdings Inc., within the earlier of (i) the date that is 15 calendar days after the date of

such acquisition and (ii) the later of the date of such acquisition and the date that is 15 calendar days prior to the scheduled effective date of such 382(*l*)(5) Plan.

    f.  *Qualified Transfer Exception.* No Person shall be subject to the advance approval of acquisition provisions of Paragraph 4(e) herein or, in the case of Claims that are part of the transferor's Protected Amount, the sell down provisions set forth in Paragraphs 3 and 4 herein, with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii); provided, however, that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

    5.  <u>Confidentiality.</u>

    The Debtors, their counsel, counsel to the Creditors' Committee, and counsel to the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., shall keep all information provided in all notices delivered pursuant to the Amended Final Trading Order strictly confidential and shall not disclose the contents thereof to any person (including any member of any Creditors' Committee), except (i) to the extent necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise required by law or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that Republic and the Creditors' Committee may disclose the contents thereof to their professional financial advisers, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person subject to further Court order.  To the extent confidential information is necessary to respond to a petition or objection filed with the Court, such confidential information shall be filed under seal or in redacted form, without prejudice to the rights of any party in interest to seek to make public any portion of the pleadings and/or documents filed under seal

pursuant to this Order.  For the avoidance of doubt, the foregoing provisions shall not preclude

Republic from including in its unredacted, unsealed filings with the Court summary information

regarding the amount of equity of the reorganized Debtors that Potentially Substantial New

Equityholders (not identified by name or otherwise) would be expected to receive under the

terms of the 382(*l*)(5) Plan before and after the implementation of the Sell Down Order.

6.    <u>Sanctions for Noncompliance.</u>

a.    *Noncompliance Relating to Stock.*  Acquisitions and dispositions of Tax

Ownership of Stock in violation of the restrictions and procedures set forth in Section 2 shall be

void *ab initio*, and the sanction for violating Section 2 shall be reversal of the noncompliant

transaction or such other (or additional) measures as the Court may consider appropriate.

b.    *Noncompliance Relating to a Sell Down Notice or a Claims Trading*

*Notice Order.*  In the event that any Person fails to comply with a final Sell Down Notice

applicable to it, such Person shall not be entitled to acquire Tax Ownership of any equity of the

reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of

the 382(*l*)(5) Plan in excess of the greater of (i) the Applicable Percentage (which, only with

respect to such Person, shall be deemed to be zero unless such Person has complied and

continues to comply with the Participation Restriction) or (ii) the percent specified on such Sell

Down Notice. Any Person that did not file a Substantial Claimholder Notice shall not be entitled

to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu

thereof) in excess of the Applicable Percentage in connection with the implementation of the

382(*l*)(5) Plan.  Any Person that acquires Covered Claims in violation of a Sell Down Order or a

Claims Trading Notice Order shall not be entitled to acquire Tax Ownership of any equity of the

reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of

16

the 382(*l*)(5) Plan in excess of the percentage of equity to which such Person would have been

entitled had it not acquired such Covered Claims.  The foregoing sanctions (the "Equity

Forfeiture Provisions") shall be effective without any further order of the Court.  Any purported

acquisition of Tax Ownership of stock of the reorganized Debtors pursuant to the

implementation of the 382(*l*)(5) Plan that is precluded by the Equity Forfeiture Provisions (such

stock the "Forfeited Equity") shall be void *ab initio*.  Any Person that receives Forfeited Equity

shall, immediately upon becoming aware of such fact, return such Forfeited Equity to Republic

or, if all of the shares properly issued to such Person and all or any portion of such Forfeited

Equity have been sold prior to the time such Person becomes aware of such fact, such Person

shall return to Republic (i) any Forfeited Equity still held by such Person and (ii) the proceeds

attributable to the sale of Forfeited Equity, calculated by treating the most recently sold shares as

Forfeited Equity.  Any Person that receives Forfeited Equity and deliberately fails to comply

with the preceding sentence shall be subject to such additional sanctions as the Court may

determine.  In no event, however, shall an acquisition or disposition of Tax Ownership of

Covered Claims be rendered void or unenforceable by reason of the Amended Final Trading

Order.

       7.     Discretionary Waiver by Debtors.  The Debtors, with the consent of the

Creditors' Committee or pursuant to an order of the Court, may waive any sanctions, remedies or

notification procedures imposed by the Amended Final Trading Order; *provided*, *however*, that

any such waiver shall be filed with the Court.

       8.     Notice Procedures.  Within three business days of the entry of the

Amended Final Trading Order, Republic shall (i) submit a publication notice of the entry of the

Amended Final Trading Order (substantially in the form attached as **Exhibit B** to the Motion) for

posting on the Bloomberg newswire service and the Depository Trust Company Legal Notice

System (also known as LENS); (ii) post such notice together with a copy of the Amended Final

Trading Order on Republic's case information website (www.primeclerk.com/RJET); and (iii)

serve a notice of the entry of the Amended Final Trading Order (substantially in the form

attached as **Exhibit 7** hereto) on (1) the Office of the United States Trustee for the Southern

District of New York; (2) all indenture trustees, owner trustees or transfer agents for the Covered

Claims or Stock, as applicable; (3) those creditors holding the ten (10) largest secured claims

against Republic's estates on a consolidated basis; (4) those creditors holding the forty (40)

largest unsecured claims against Republic's estates on a consolidated basis; (5) the attorneys for

the agents under Republic's prepetition revolving credit facilities; (6) the attorneys for the

International Brotherhood of Teamsters; (7) the attorneys for Republic's Codeshare Partners; (8)

the attorneys for the Creditors' Committee; (9) the attorneys for the Ad Hoc Committee of

Equity Holders of Republic Airways Holdings Inc.; (10) any identified Substantial Equityholders

and Substantial Claimholders; (11) the Internal Revenue Service; (12) the Securities and

Exchange Commission; and (13) the United States Attorney's Office for the Southern District of

New York.  Upon receipt of such notice and at least once every three months during the

pendency of these chapter 11 cases, all indenture trustees, owner trustees and transfer agents

shall send the notice to all holders of Covered Claims of more than $22.5 million or at least

2,420,048 shares of Stock, as applicable, registered with the indenture trustee, owner trustee or

transfer agent.  Any registered holder shall, in turn, provide the notice to any holder for whose

account the registered holder holds Covered Claims of more than $22.5 million or at least

2,420,048 shares of Stock, as applicable.  Any such holder shall, in turn, provide the notice to

any Person for whom the holder holds Covered Claims of more than $22.5 million or at least

18

2,420,048 shares of Stock, as applicable. Any Person, or broker or agent acting on such Person's behalf, that sells Covered Claims in the aggregate amount of $22.5 million or sells an aggregate amount of at least 2,420,048 shares of Stock (or an option with respect thereto) to another Person (other than pursuant to a transaction consummated on the NASDAQ) shall provide a copy of the notice to such purchaser or to any broker or agent acting on such purchaser's behalf. Similar procedures shall apply if Republic files a Reporting Notice, a motion for a Sell Down Order or a change to the definition of the Threshold Amount with the Court.

Upon receipt of such notice of Amended Final Trading Order, any broker, bank, dealer or other agent or nominee of a beneficial holder (each a "Nominee") of Equity Securities will be required, within five (5) business days of receipt of such notice and on at least a quarterly basis thereafter, to send the notice of Amended Final Trading Order to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities.  To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the notice of Amended Final Trading Order to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership.

9.    Special Rules.  A Person acquiring or disposing of Tax Ownership of Stock or Covered Claims in the capacity of Agent of another Person shall not be treated as a Substantial Equityholder or Substantial Claimholder solely to the extent acting in the capacity of Agent, and shall not have an affirmative duty to inquire whether the account, customer, investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements under the Amended Final Trading Order; *provided*, *however*, that the account, customer, fund, principal, trust, or beneficiary shall not be excluded from the Amended Final Trading Order by reason of this subsection.  Specifically and for the avoidance of doubt, the trustee of any trust,

any indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying

agent or transfer agent, in each case for any ownership interests, bonds, debentures, pass-through

certificates (whether offered publicly or privately, "PTCs"), equipment trust certificates (whether

offered publicly or privately, "ETCs"), enhanced equipment trust certificates (whether offered

publicly or privately, "EETCs"), enhanced pass-through trust certificates, property or other debt

securities (collectively, "Debt Securities") (i) issued by any of the Debtors, (ii) issued by any

governmental or quasi-governmental authority for the benefit of any of the Debtors, (iii) secured

by assets of any of the Debtors or agreements with respect to such assets or (iv) secured by assets

leased to any of the Debtors (any such person, a "Trustee"), shall not be treated as a "Substantial

Claimholder" solely to the extent acting in the capacity described above; *provided, however*, that

neither any transferee of Covered Claims nor any Person who has Tax Ownership of a Covered

Claim held by a Trustee shall be excluded solely by reason of this provision.  No Trustee shall be

subject to the Amended Final Trading Order or have or incur any liability for noncompliance

with the Amended Final Trading Order to the extent such Trustee follows its standard practices

or acts in accordance with its respective prepetition governing documents with respect to (i) any

transfer of Debt Securities or ownership interests in assets leased to the Debtors, (ii) any

payments relating thereto or (iii) any actions taken in accordance with the instructions of holders

of Debt Securities or ownership interests for which such Trustee acts.

          10.     Continued Compliance with Other Applicable Laws and Rules.  The

requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule

3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance

therewith.

11.    Definitions.

For purposes of this Amended Order:

"**382(*l*)(5) Plan**" means a plan of reorganization for Republic under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382(*l*)(5) will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization.

"**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse or trustee (including a Trustee but not including a trustee qualified under section 401(a) of the Internal Revenue Code).

"**Applicable Percentage**" means, if only one class of common equity of the reorganized Debtors is to be issued pursuant to the terms of a 382(*l*)(5) Plan, 4.75 percent of the number of such shares that Republic reasonably estimates will be issued at the effective time of such 382(*l*)(5) Plan.  If more than one class of equity of the reorganized Debtors is to be distributed pursuant to the terms of a 382(*l*)(5) Plan, the Applicable Percentage shall be determined by Republic in its reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

"**Covered Claims**" means any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that is not a secured claim, *provided that*

(i) in the case of a secured claim, that portion of the claim (including such portion attributable to accrued and unpaid interest) that exceeds the fair market value of the security shall be considered a Covered Claim;

(ii) all debt instruments issued by an obligor (other than any of the Debtors) in a leveraged lease transaction involving the lease or sublease of aircraft to any of the Debtors (such transaction, a "Leveraged Lease Structure"), and all ETCs, PTCs and/or EETCs issued solely in respect of a Leveraged Lease Structure (collectively, "Leveraged Lease Obligations") shall not be treated as Covered Claims against the Debtors; *provided, however,* that holders of Leveraged Lease Obligations shall be treated as acquiring underlying Covered Claims against Republic if and when the holder or the Trustee or other Agent acting on behalf of the holder of such Leveraged Lease Obligations, as the case may be, has acquired underlying Covered Claims from the equity participant or lessor pursuant to a foreclosure, a voluntary or involuntary transfer or any other acquisition of collateral.  After the occurrence of any such event, any holder of Covered Claims who becomes a Substantial Claimholder shall comply with the

21

requirements of Section 3(c); provided, however, that the initial grant (or subsequent transfer) of a security interest in Covered Claims shall not be treated as a foreclosure, a voluntary or involuntary transfer or any other acquisition for the above purpose;

(iii) if a holder of a claim is uncertain as to the extent to which such claim is unsecured, such holder may serve upon Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic shall, in consultation with the requesting holder, reasonably determine, solely for purposes of the Amended Final Trading Order, the unsecured portion of the applicable claim at such time;

(iv) if a holder of claims is uncertain as to whether it is a holder of ETCs, PTCs and/or EETCs issued solely in a Leveraged Lease Structure or issued in a non-Leveraged Lease Structure, such holder may serve upon Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic shall inform the applicable holder as to whether the ETCs, PTCs and/or EETCs were issued in a Leveraged Lease Structure or in a non-Leveraged Lease Structure; and

(v) if a holder of claims is uncertain as to the extent to which the Amended Final Trading Order applies to it, it can consult counsel to the Creditors' Committee.

For purposes of clauses (iii) and (iv), Republic's determination is not binding on the holders and shall not preclude a holder from seeking a determination from the Court.

"**Effective Time**" means the time of effectiveness of the Final Trading Order.

"**Newly Traded Covered Claims**" means Covered Claims (i) of which a Person acquired Tax Ownership after the date that was 18 months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382-9(d)(2)(iv), of which the same Person has always had Tax Ownership.  For the avoidance of doubt, a transferee will be deemed to have owned such Covered Claims for the period that such Covered Claims were owned by the transferor if such Covered Claims were transferred in a "qualified transfer" within the meaning of Treasury regulations section 1.382-9(d)(5).

"**Person**" means a person or Entity (as such term is defined in Treasury regulations section 1.382-3(a) but for purposes of that definition also applying to a group of persons who have a formal or informal understanding among

themselves to make a coordinated acquisition of debt as described in Treasury regulations section 1.382-9(d)(3)(ii)(A)).

"**Protected Amount**" means the amount of Covered Claims of which a Person has Tax Ownership at the Effective Time,

(i) increased by (A) the amount of Covered Claims of which such Person acquires Tax Ownership pursuant to contracts entered into before the Effective Time and (B) the amount of Covered Claims of which such Person acquires Tax Ownership after the Effective Time pursuant to the exercise of rights under a secured debt instrument (including a voluntary foreclosure) of which such Person has Tax Ownership before the Effective Time, minus the amount of Covered Claims of which such Person disposes pursuant to contracts entered into before the Effective Time;

(ii) increased by the amount of Covered Claims of which such Person acquires Tax Ownership from another Person that are Newly Traded Covered Claims in the hands of the transferor, if either (x) both the transferor and the transferee are Substantial Claimholders immediately before the transfer; or (y) the transferor is a Substantial Claimholder immediately before the transfer and the transferee becomes a Substantial Claimholder as a result of the transfer, but the transferor ceases to be a Substantial Claimholder as a result of the transfer, and the transferor has complied and continues to comply with the Participation Restriction; *provided* that the transferee's Protected Amount shall only be increased to the extent that the aggregate amount of Newly Traded Covered Claims of which the transferor has Tax Ownership immediately before the transfer exceeds the aggregate amount of Newly Traded Covered Claims of which the transferee has Tax Ownership immediately before the transfer, and the transferor has complied and continues to comply with the Participation Restriction; and *provided* that, in the case of (x) and (y), the transferee's Protected Amount shall only be increased to the extent that (i) the amount transferred to the transferee does not exceed the transferor's Protected Amount immediately before the transfer and (ii) the transferee can demonstrate that the transferor is bound by a written agreement to reduce its Protected Amount by a corresponding amount; and

(iii) decreased by the amount of Covered Claims held by such Person as of the Effective Time that are not Newly Traded Covered Claims in the hands of such Person and that are subsequently disposed of by such Person.

"**Sell Down Notice**" means a notice to a Potentially Substantial New Equityholder requiring the Potentially Substantial New Equityholder to transfer Covered Claims in accordance with Sections 3 and 4.

"**Substantial Claimholder**" means a Person that has Tax Ownership of an aggregate amount of Covered Claims, measured where applicable by principal

and accrued interest as of the Commencement Date, that equals or exceeds the Threshold Amount (as determined from time to time).

"**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form).  Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of the Debtors.

"**Threshold Amount**" means $22.5 million.  Republic will periodically review the definition of the Threshold Amount, in consultation with the Creditors' Committee, with a view to ensuring the reasonableness thereof, but in no event shall the Threshold Amount be decreased with retroactive effect.  Any changes to the definition of the term Threshold Amount will be filed with the Court and served and published in the manner described in Section 8.  For the avoidance of doubt, the Creditors' Committee may, at any time, submit updated amounts for the Court's consideration and entry by way of an amendment to this order.

ORDERED that nothing contained in this Order shall prohibit or in any manner limit a collateral assignee of a claim against Republic or a holder of a security interest or lien on a claim against Republic arising in respect of property covered by Section 1110 of the Bankruptcy Code from enforcing its rights as such collateral assignee or holder of a security interest or lien or foreclosing such security interest or lien; and it is further

ORDERED that, with respect to equipment described in Section 1110 of the Bankruptcy Code, except as provided in such section, nothing contained in this Order shall prohibit or in any manner limit or otherwise affect the rights of a secured party or a lessor or a conditional vendor under the Bankruptcy Code, including, but not limited to Section 1110; and it is further

ORDERED that notwithstanding the applicability of Bankruptcy Rule 6003 and

the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order

shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that, the relief provided in this Order is in addition to, and not in lieu

of, any and all other rights and remedies available to the Debtors.

Dated: New York, New York
     July __, 2016

_____

United States Bankruptcy Judge

## <u>Exhibit 1</u>

**Substantial Equityholder Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | **:** | **Chapter 11 Case No.** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,* | **:** | **16-10429 (SHL)** |
| **Debtors.**[1] | **:** | **(Jointly Administered)** |

-------------------------------------------------------------------x

## SUBSTANTIAL EQUITYHOLDER NOTICE

      PLEASE TAKE NOTICE that as of _____ _____, 2016, _____ has Tax Ownership[2] of _____ shares of the common stock of Republic Airways Holdings Inc. (the "Stock").

      PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

      This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

---

1.   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

Respectfully submitted,


_____
[Name of Stockholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

## **Exhibit 2**

**Notice of Intent to Purchase, Acquire or Otherwise Obtain Tax Ownership of Stock**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | | |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : | **16-10429 (SHL)** |
| | | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

----------------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE, ACQUIRE
### OR OTHERWISE OBTAIN TAX OWNERSHIP OF STOCK

      PLEASE TAKE NOTICE that _____ intends to purchase, acquire or otherwise obtain Tax Ownership of _____ shares of the common stock of Republic Airways Holdings, Inc. (the "<u>Proposed Transaction</u>" and the "<u>Stock</u>").[2]

      PLEASE TAKE FURTHER NOTICE that that, prior to giving effect to the Proposed Transaction, _____ has Tax Ownership of _____ shares of the Stock.

      PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, _____ would have Tax Ownership of _____ shares of the Stock.

      PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.

---

1.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

(erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

        [_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

        This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Acquirer]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

## **Exhibit 3**

**Notice of Intent to Sell, Trade or Otherwise Dispose of Tax Ownership of Stock or to Claim
a Worthlessness Deduction under Section 382(g)(4)(D)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : | **16-10429 (SHL)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE DISPOSE OF TAX OWNERSHIP OF STOCK OR TO CLAIM A WORTHLESSNESS DEDUCTION UNDER SECTION 382(g)(4)(D)

PLEASE TAKE NOTICE that [_____] intends to (i) sell, exchange or otherwise dispose of Tax Ownership of _____ shares of the common stock of Republic Airways Holdings Inc. and/or (ii) intends to claim a worthlessness deductions with respect to any shares of the common stock of Republic Airways Holdings Inc. (the "Proposed Transaction" and the "Stock").[2, 3]

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves the claiming of a worthlessness deduction with respect to Stock, [_____] intends to claim a worthlessness deduction with respect to _____ share of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq.

---

1.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

3.  Clause (ii) only applies to any person or entity (as such term is defined in Section 1.382-3(a) of the Treasury Regulations) as a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the Tax Code.

(bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Stockholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

## **Exhibit 4**

**Substantial Claimholder Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                    :    **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    :    **16-10429 (SHL)**

                                        **Debtors.[1]**    :    **(Jointly Administered)**

-------------------------------------------------------------------x

## SUBSTANTIAL CLAIMHOLDER NOTICE

PLEASE TAKE NOTICE that [_____] has Tax Ownership[2] of an aggregate amount of Covered Claims that equals or exceeds the Threshold Amount, measured, where appropriate, by principal and accrued interest as of the Commencement Date. As of _____ _____, 2016 [_____] has Tax Ownership of the following Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|--------|------------------------------|-------------------------|----------------------|
|        |                              |                         |                      |
|        |                              |                         |                      |
|        |                              |                         |                      |

---

1. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that [_____] has Tax Ownership of the following Debt Securities described in Section 10 of the Order that are not, as of the date hereof, treated as Covered Claims:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Claimholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____

Facsimile: _____

Date: _____

**<u>Exhibit 5</u>**

**Notice of Completed Sell Down**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | | |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,* | : | **16-10429 (SHL)** |
| | | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## NOTICE OF COMPLETED SELL DOWN

PLEASE TAKE NOTICE that [_____] has transferred Tax Ownership[2] of Covered Claims as required by the final Sell Down Notice applicable to it (the "Sell Down").

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Sell Down, [_____] has Tax Ownership of Covered Claims, as set forth below:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq.

---

1. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

(chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq.
(gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison &
Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.
(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.
(erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of
Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York,
New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq.
(lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

        PLEASE TAKE FURTHER NOTICE that [_____] acknowledges and agrees
that, pursuant to the Order, (i) any further transactions contemplated by [_____] that result in
[_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered
Claims may be prohibited, and (ii) failure to comply with the obligations and procedures set out
in Section 4 of the Order could subject [_____] to the Equity Forfeiture Provisions.

        This notice is given in addition to, and not as a substitute for, any requisite notice
under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____

[Name of Claimholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

**<u>Exhibit 6</u>**

**Proposed Covered Claim Transaction Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                    :    **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*,    :    **16-10429 (SHL)**

                                        **Debtors.**[1]    :    **(Jointly Administered)**

-------------------------------------------------------------------x

## PROPOSED COVERED CLAIM TRANSACTION NOTICE

                    PLEASE TAKE NOTICE that [_____] intends to purchase, acquire or otherwise obtain Tax Ownership[2] of $_____ of Covered Claims (the "Proposed Transaction"), as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

1.   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of $_____ of Covered Claims, as set forth below:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of $_____ of Covered Claims.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Court, (ii) that any unapproved acquisition of Covered Claims may result in [_____] being subject to the Equity Forfeiture Provisions and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims will require an additional notice to be served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Claimholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

**<u>Exhibit 7</u>**

**Proposed Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

In re                                                                    :    **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    :    **16-10429 (SHL)**

Debtors.[1]    :    **(Jointly Administered)**

------------------------------------------------------------------------x

### NOTICE OF FINAL TRADING ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND INTERESTS IN DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS:[2]

On February 25, 2016 (the "Commencement Date"), Republic Airways Services, Inc. ("Republic Services"), Republic Airways Holdings Inc. ("Holdings"), and certain of their subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, including Republic Services and Holdings, the "Debtors") commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Upon commencement of a chapter 11 case, section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of Republic's estates or of property from Republic's estates or to exercise control over property of Republic's estates.

On July __, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion

---

1. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc. The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order.

of the Debtors (the "Motion"), entered an amended order (i) finding that Republic's net operating

loss carryforwards and certain other tax attributes (the "Tax Attributes") are property of

Republic's estates and are protected by section 362(a) of the Bankruptcy Code (which operates

as a stay of any act to obtain possession of property of Republic's estates or of property from

Republic's estates or to exercise control over property of Republic's estates); (ii) finding that

unrestricted trading of the common stock of Republic Airways Holdings Inc. (the "Stock") and

Covered Claims (as defined herein) could severely limit Republic's ability to use the Tax

Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), and

(iii) approving the procedures contained therein (these "Procedures") to preserve the Tax

Attributes pursuant to sections 362(a) and 105(a) of the Bankruptcy Code (together with all

exhibits thereto, the "Amended Order").

**Any sale or other transfer in violation of the Procedures set forth below shall
be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a)
and 362 of the Bankruptcy Code.**

PLEASE TAKE NOTICE that the following procedures and restrictions have

been approved by the Court:

1.    Notice of Substantial Equityholder Status.  Any Person who is or becomes

a Tax Owner of at least 2,420,048 shares, which represent approximately 4.75% of the issued

and outstanding Stock as of the Commencement Date (a "Substantial Equityholder"), must, on or

before the later of: (a) 15 days after the Court's entry of an order approving these Procedures or

(b) 10 days after that Person becomes a Substantial Equityholder, serve on (i) Republic, (ii) the

attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West

55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com),

2

Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com),

and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways

Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022

(Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq.

(lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com) a notice (the

"Substantial Equityholder Notice") containing the Tax Ownership information substantially in

the form of **Exhibit A** attached hereto.

        2.      Restrictions and Procedures for Trading in Stock.  Any Person that, after

the Commencement Date, except for Axar Capital Management and its affiliates (collectively,

"Axar") and GLG LLC and its affiliates (collectively "GLG") as to which the following

provisions apply prospectively after entry of the Interim Order,

      (i)     is not a Substantial Equityholder and wishes to purchase or otherwise
             acquire Tax Ownership of an amount of Stock that would cause the Person
             to become a Substantial Equityholder;

      (ii)     is a Substantial Equityholder and wishes to purchase or otherwise acquire
             Tax Ownership of any additional Stock; or

      (iii)    is a Substantial Equityholder and wishes to sell or otherwise dispose of
             Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the holder's

election, in a redacted form that does not include such holder's taxpayer identification number

and the aggregate principal amount of Stock that such holder beneficially owns), and serve on (i)

Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison &

Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.

(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.

(erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of

Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), an unredacted notice in the form attached hereto as **Exhibit B**, in the case of a proposed acquisition of Stock, or **Exhibit C** hereto, in the case of a proposed disposition of Stock, including the case of a 50 percent shareholder who intends to claim a worthlessness deduction with respect to such Stock (either such notice, a "Proposed Stock Transaction Notice"). The Debtors shall consult with counsel to the Creditors' Committee prior to responding to any Proposed Stock Transaction Notice. If written approval of the proposed transaction is filed with the Court by Republic within 15 calendar days following the receipt of a Proposed Stock Transaction Notice, then the transaction may proceed. If written approval of the proposed transaction is not filed by Republic with the Court within such period, then the transaction may not be consummated unless approved by a final and nonappealable order of the Court. Further transactions within the scope of this Section 2 must be the subject of additional notices as set forth herein with additional waiting periods.

        3.      <u>Restrictions and Procedures for Trading in Covered Claims.</u>

        a.      Any Person that, after the Commencement Date,

        i.      is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Person to become a Substantial Claimholder; or

        ii.      is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims,

will have an obligation, in the event that the Court issues a Sell Down Order at the request of Republic pursuant to Section 4, to sell or otherwise transfer Tax Ownership of an aggregate amount of Covered Claims sufficient to prevent such Person from having Tax Ownership of an

amount of the reorganized Debtors' stock as a result of the implementation of the 382(*l*)(5) Plan that exceeds the greater of (a) the Applicable Percentage or (b) the percentage specified in the Sell Down Notice applicable to such Person pursuant to Section 4; *provided*, *however*, that such Person shall not be required to make any sale or other transfer of Tax Ownership of Covered Claims that would result in such Person having Tax Ownership of an aggregate amount of Covered Claims that is less than either (x) the Threshold Amount, as revised from time to time, or (y) such Person's Protected Amount.

b.  Any Person that participates in formulating any chapter 11 plan of reorganization of or on behalf of Republic (which shall include, without limitation, making any suggestions or proposals to Republic or its advisers with regard to such a plan) shall not do so in a manner that makes evident to Republic that any Covered Claims of which such Person has Tax Ownership are Newly Traded Covered Claims (the "Participation Restriction").  For this purpose, Republic acknowledges and agrees that the following activities alone (*i.e.*, as long as there is not any disclosure to Republic that such Person owns Newly Traded Covered Claims) shall not constitute a violation of the Participation Restriction: filing an objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization, voting to accept or reject a proposed plan of reorganization, reviewing or commenting on a proposed business plan, membership on a Creditors' Committee or an *ad hoc* Committee, providing information (other than whether such Person owns Newly Traded Covered Claims) to Republic's counsel on a confidential basis, or

taking any action required by the Amended Final Trading Order.  Any

Person found by the Court to have violated the Participation Restriction

shall be required to dispose of Newly Traded Covered Claims of which

such Person has Tax Ownership (subject to the Equity Forfeiture Provision

described in Section 6) to protect Republic's ability to effect successful

implementation of the 382(*l*)(5) Plan, except to the extent Republic in its

sole discretion agrees to permit such Person to retain such Newly Traded

Covered Claims.  For the avoidance of doubt, (i) such Person shall not be

permitted to retain Tax Ownership of any Newly Traded Covered Claims

if a Sell Down Order has been or is subsequently issued pursuant to

Section 4, and (ii) if a Claims Trading Notice Order has been issued

pursuant to Section 4(e), such Person shall only be permitted to retain Tax

Ownership of Newly Traded Covered Claims to the extent that such

retention would not impair Republic's ability to effect the successful

implementation of a 382(l)(5) Plan, as determined by Republic in its sole

discretion.  Prior to taking any action to enforce the foregoing two

sentences, Republic shall consult with counsel to the Creditors'

Committee.

4.    <u>Sell Down Procedures.</u>

a.    *Reporting of Substantial Claimholder Status.*  In order to assess the

feasibility of implementing a 382(*l*)(5) Plan and the need for petitioning the Court for a Sell

Down Order, the Debtors, after consultation with and provision of such information as is

reasonably requested by counsel to the Creditors' Committee, may file with the Court and further

publish and serve in the manner specified in Section 8 a notice (the "Reporting Notice")

requiring each Substantial Claimholder, within 30 calendar days of Republic's filing of the

Reporting Notice with the Court, to serve on (i) Republic, (ii) the attorneys for Republic (iii) the

attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New

York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq.

(tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys

for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth

& Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com), a notice in the form attached hereto as **Exhibit D** (a

"Substantial Claimholder Notice").  A Person that is uncertain whether it is a Substantial

Claimholder may serve a Substantial Claimholder Notice in the manner described above in order

to preserve its rights under the Amended Final Trading Order.  A Person serving a Substantial

Claimholder Notice in the manner described above shall not be required to file the Substantial

Claimholder Notice with the Court.  For the avoidance of doubt, Republic will not be precluded

from filing more than one Reporting Notice pursuant to this subsection (a).  In addition to the

above, Republic shall have a right at its sole discretion to inquire as to how long any Substantial

Claimholder or any Person that violated the Participation Restriction has held its claim (and

Republic shall notify the Creditors' Committee about any such inquiry), and any such Person

shall promptly provide information to Republic and the Creditors' Committee in response to any

such inquiry.

       b.    *Petition for Sell Down Order and Notification Procedures*.  After filing a

382(*l*)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the

expiration of the 75-day period beginning with the date on which Republic files a Reporting

Notice with the Court, Republic may, in consultation with counsel to the Creditors' Committee,

file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i)

authorizes Republic to issue Sell Down Notices to each Person that has timely filed a Substantial

Claimholder Notice showing Tax Ownership of Covered Claims that, pursuant to the terms of

the 382($l$)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Person

to acquire Tax Ownership of more than the Applicable Percentage of the equity of the

reorganized Debtors (a "Potentially Substantial New Equityholder") and (ii) provides that any

Person other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax

Ownership of more than the Applicable Percentage of the equity of the reorganized Debtors (or

consideration in lieu thereof) if the 382($l$)(5) Plan is consummated. The motion for a Sell Down

Order shall be published and served in the manner described in Section 8.  Each Potentially

Substantial New Equityholder shall be served with a copy of the motion and the Sell Down

Notice applicable to such Person.  Counsel to the Creditors' Committee shall be served with a

copy of the motion and all Sell Down Notices.  For the avoidance of doubt, Republic will not be

precluded from filing more than one motion for the issuance of a Sell Down Order pursuant to

this subsection (b).

Each Sell Down Notice shall indicate (i) Republic's calculation of the percentage

of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder

would otherwise acquire Tax Ownership under the terms of the 382($l$)(5) Plan, based on the

Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage"),

and (ii) the percentage of equity of the reorganized Debtors of which such person will be

permitted to acquire Tax Ownership under the 382($l$)(5) Plan, based on a proportionate reduction

8

to the Preliminary Percentage of each Potentially Substantial New Equityholder (except to the

extent that Republic determines that such a reduction would result in the requirement that a

Potentially Substantial New Equityholder sell or otherwise transfer Covered Claims that are not

Newly Traded Covered Claims).  For instance, if Potentially Substantial New Equityholders are

required to reduce their Preliminary Percentage by 20 percent, a Potentially Substantial New

Equityholder whose Preliminary Percentage was 15 percent generally would be required to sell

Covered Claims such that it would be entitled to receive no more than 12 percent of the equity of

the reorganized Debtors under the 382(*l*)(5) Plan.  If a Potentially Substantial New Equityholder

holds more than one category of Covered Claims, the category or categories of Covered Claims

to be sold in order to comply with the Sell Down Notice will be left to the discretion of the

Potentially Substantial New Equityholder.

   c. *Procedures for Objection to a Sell Down Notice.*  A Potentially Substantial

New Equityholder in receipt of a Sell Down Notice will be permitted to object, including but not

limited to, on any one or more of the following grounds:  (i) the Sell Down Notice applicable to

it contains a mathematical error, (ii) compliance with the Sell Down Notice applicable to it

would require the Potentially Substantial New Equityholder to reduce its Tax Ownership of

Covered Claims below the Threshold Amount (so long as it has complied and continues to

comply with the Participation Restriction) or below its Protected Amount or would require it to

transfer Tax Ownership of Covered Claims that are not Newly Traded Covered Claims and (iii)

Republic's decision to protect the ability to implement a plan utilizing section 382(*l*)(5) through

the issuance of the Sell Down Notices is not a reasonable exercise of Republic's business

judgment.  If an objection described in clause (i) or (ii) is filed, Republic will be permitted to

serve new Sell Down Notices in their discretion.  If an objection described in clause (iii) is raised

9

by a Potentially Substantial New Equityholder or by the Creditors' Committee, Republic will be

required to present to the Court evidence regarding:

> i.    the reasonably expected range of tax attributes available to be carried over under the 382(*l*)(5) Plan to reduce the future U.S. federal income tax liabilities of the Debtors, taking into account, among other things, anticipated reductions in tax attributes under section 108(b) of the Internal Revenue Code that will occur as a result of the implementation of the 382(*l*)(5) Plan and anticipated deductions arising from payments made under the 382(*l*)(5) Plan;

> ii.    the basis for Debtors' belief that the reduction in holdings required by the Sell Down Order (and implemented by the Sell Down Notices) are reasonably necessary and appropriate to ensure that the ownership requirements of section 382(*l*)(5) will be satisfied in connection with the 382(*l*)(5) Plan; and

> iii.    the basis for Republic's belief that there is a reasonable possibility that utilization of section 382(*l*)(5) will be more beneficial to Republic and its estates than utilizing section 382(*l*)(6).

Unless the Court determines otherwise for good cause shown, a Sell Down Order

and the related Sell Down Notices will remain effective notwithstanding amendments to the

382(*l*)(5) Plan; provided, however, that if Republic withdraws the 382(*l*)(5) Plan, the Sell Down

Notices will have no further effect.

d.    *Procedures for Implementing a Sell Down Order.*  Each transfer of

Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date

that is 10 calendar days after the date of confirmation of the 382(*l*)(5) Plan, (ii) the date that is 30

calendar days after receipt of the Sell Down Notice and (iii) the date specified in all of the Sell

Down Notices.

Once a Potentially Substantial New Equityholder has transferred its Covered

Claims in accordance with the preceding paragraph, such Person (i) shall, no later than one

business day following the latest date for completing such transfer in accordance with the

10

preceding paragraph, serve on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for

the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019

(Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com),

and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc

Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP,

919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com), a notice in the form attached hereto as **Exhibit E** (a

"Notice of Completed Sell Down") and (ii) under no circumstances shall acquire additional

Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity

to which such Person would be entitled pursuant the implementation of the 382(*l*)(5) Plan above

the percentage specified in the Sell Down Notice applicable to such Person.

A Person that would otherwise be prohibited by the Sell Down Order from

acquiring a Covered Claim but is permitted to do so pursuant to the fourth and fifth decretal

paragraphs of the Amended Final Trading Order (relating to property described in Section 1110

of the Bankruptcy Code) shall, within the later of (i) the date for complying with a Sell Down

Notice, (ii) the date 15 days prior to the scheduled effective date of the 382(l)(5) Plan and (iii)

the date such acquisition is completed, divest itself of Tax Ownership of an amount of Covered

Claims such that, following the divestiture, the Person would not be entitled to acquire Tax

Ownership of an amount of equity of the reorganized Debtors pursuant to the implementation of

the 382(l)(5) Plan in excess of the amount specified on the Sell Down Notice applicable to such

Person (or, if there is none, the Applicable Percentage).  A Person may object to the requirement

of the preceding sentence, including but not limited to, on the grounds that compliance would

result in such Person's having Tax Ownership of an amount of Covered Claims that is less than the Threshold Amount (so long as it has complied and continues to comply with the Participation Restriction) or its Protected Amount. Notice of such an objection must be served on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), no later than the second business day following the date on which such Person becomes aware of the grounds for such objection, and in any event no later than the date on which the divestiture would be required. Upon receipt of such an objection, Republic may, following consultation with counsel to the Creditors' Committee, issue revised Sell Down Notices if they consider it advisable to do so.

      e.    *Procedure if no Sell Down Notices are Required.* If Republic determines, based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell Down Notices appear necessary in order to implement the 382(*l*)(5) Plan, Republic may move the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the "Claims Trading Notice Order"). Under the Claims Trading Notice Order,

      i.    any Potentially Substantial New Equityholder proposing to acquire Covered Claims in a transaction following which such Person would have Tax Ownership of Covered Claims that, pursuant to the terms of the 382(*l*)(5) Plan, would entitle such Person to receive equity of the reorganized Debtors in excess of the amount of equity to which such

Person would have been entitled based on the holdings reported on such Person's Substantial Claimholder Notice, and

ii.    any Person that would become a Potentially Substantial New Equityholder by virtue of a proposed acquisition of Covered Claims

will be required, prior to the consummation of any such transaction, to serve on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), a notice in the form attached hereto as **Exhibit F** (a "Proposed Covered Claim Transaction Notice").  The same procedures applicable to a Proposed Stock Transaction Notice (described in Section 2) will apply with respect to a Proposed Covered Claim Transaction Notice.  If Republic does not give written consent to the proposed transaction and the Person that has delivered the Proposed Covered Claim Transaction Notice requests a hearing, the procedures described in Section 4(c) will apply.

In addition, the Claims Trading Notice Order will require any Person that has acquired Tax Ownership of Covered Claims for which it did not file a Substantial Claimholder Notice and as to which a motion would have been required under the preceding paragraph, but for the fact that such acquisition occurred prior to the entry of the Claims Trading Notice Order, to serve notice of such fact on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019

(Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), within 15 calendar days of the entry of the Claims Trading Notice Order.  If Republic determines that the retention by such Person of such Covered Claims could jeopardize the implementation of the 382(*l*)(5) Plan, they will serve a Sell Down Notice on such Person, in which case the procedures described in Section 4(c) will apply.  The provisions of this paragraph will also apply to a Person that is exempted by the fourth and fifth decretal paragraphs of the Amended Final Trading Order (relating to property described in Section 1110 of the Bankruptcy Code) from giving the advance notice otherwise required by the preceding paragraph with respect to an acquisition of Covered Claims.  In such a case, notice of the acquisition must be served on the (i) Republic, (ii) Republic's counsel (iii) counsel to the Creditors' Committee, and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com) within the earlier of (i) the date that is 15 calendar days after the date of such acquisition and (ii) the later of the date of such acquisition and the date that is 15 calendar days prior to the scheduled effective date of such 382(*l*)(5) Plan.

        f.     *Qualified Transfer Exception*.  No person shall be subject to the advance approval of acquisition provisions of Paragraph 4(e) herein or, in the case of Claims that are part

of the transferor's Protected Amount, the sell down provisions set forth in Paragraphs 3 and 4

herein, with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii);

provided, however, that such transfer is not for a principal purpose of obtaining stock in the

reorganized debtors (or any successor) or permitting the transferee to benefit from the losses of

the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

5.      Confidentiality. The Debtors, their counsel, counsel to the Creditors'

Committee, and counsel to the Ad Hoc Committee of Equity Holders of Republic Airways

Holdings Inc., shall keep all information provided in all notices delivered pursuant to the

Amended Final Trading Order strictly confidential and shall not disclose the contents thereof to

any person (including any member of any Creditors' Committee), except (i) to the extent

necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise

required by law or (iii) to the extent that the information contained therein is already public;

*provided*, *however*, that Republic and the Creditors' Committee may disclose the contents

thereof to their professional financial advisers, who shall keep all such notices strictly

confidential and shall not disclose the contents thereof to any other person subject to further

Court order.  To the extent confidential information is necessary to respond to a petition or

objection filed with the Court, such confidential information shall be filed under seal or in

redacted form, without prejudice to the rights of any party in interest to seek to make public any

portion of the pleadings and/or documents filed under seal pursuant to the Amended Final

Trading Order.  For the avoidance of doubt, the foregoing provisions shall not preclude Republic

from including in its unredacted, unsealed filings with the Court summary information regarding

the amount of equity of the reorganized Debtors that Potentially Substantial New Equityholders

15

(not identified by name or otherwise) would be expected to receive under the terms of the 382(*l*)(5) Plan before and after the implementation of the Sell Down Order.

      6.    <u>Sanctions for Noncompliance.</u>

      a.    *Noncompliance Relating to Stock*.  Acquisitions and dispositions of Tax Ownership of Stock in violation of the restrictions and procedures set forth in Section 2 shall be void *ab initio*, and the sanction for violating Section 2 shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

      b.    *Noncompliance Relating to a Sell Down Notice or a Claims Trading Notice Order*.  In the event that any Person fails to comply with a final Sell Down Notice applicable to it, such Person shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of the 382(*l*)(5) Plan in excess of the greater of (i) the Applicable Percentage (which, only with respect to such Person, shall be deemed to be zero unless such Person has complied and continues to comply with the Participation Restriction) or (ii) the percent specified on such Sell Down Notice. Any Person that did not file a Substantial Claimholder Notice shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in excess of the Applicable Percentage in connection with the implementation of the 382(*l*)(5) Plan. Any Person that acquires Covered Claims in violation of a Sell Down Order or a Claims Trading Notice Order shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of the 382(*l*)(5) Plan in excess of the percentage of equity to which such Person would have been entitled had it not acquired such Covered Claims.  The foregoing sanctions (the "<u>Equity Forfeiture Provisions</u>") shall be effective without any further order of the Court. Any purported

16

acquisition of Tax Ownership of stock of the reorganized Debtors pursuant to the

implementation of the 382(*l*)(5) Plan that is precluded by the Equity Forfeiture Provisions (such

stock the "Forfeited Equity") shall be void *ab initio*. Any Person that receives Forfeited Equity

shall, immediately upon becoming aware of such fact, return such Forfeited Equity to Republic

or, if all of the shares properly issued to such Person and all or any portion of such Forfeited

Equity have been sold prior to the time such Person becomes aware of such fact, such Person

shall return to Republic (i) any Forfeited Equity still held by such Person and (ii) the proceeds

attributable to the sale of Forfeited Equity, calculated by treating the most recently sold shares as

Forfeited Equity. Any Person that receives Forfeited Equity and deliberately fails to comply

with the preceding sentence shall be subject to such additional sanctions as the Court may

determine. In no event, however, shall an acquisition or disposition of Tax Ownership of

Covered Claims be rendered void or unenforceable by reason of the Amended Final Trading

Order.

7.      Discretionary Waiver by Debtors.  The Debtors, with the consent of the

Creditors' Committee or pursuant to an order of the Court, may waive any sanctions, remedies or

notification procedures imposed by the Amended Final Trading Order; *provided*, *however*, that

any such waiver shall be filed with the Court.

8.      Notice Procedures.  Within three business days of the entry of the

Amended Final Trading Order, Republic shall (i) submit a publication notice of the entry of the

Amended Final Trading Order (substantially in the form attached as **Exhibit B** to the Motion) for

posting on the Bloomberg newswire service and the Depository Trust Company Legal Notice

System (also known as LENS); (ii) post such notice together with a copy of the Amended Final

Trading Order on Republic's case information website (www.primeclerk.com/RJET); and (iii)

17

serve this notice of the entry of the Amended Final Trading Order on (1) the Office of the United

States Trustee for the Southern District of New York; (2) all indenture trustees, owner trustees or

transfer agents for the Covered Claims or Stock, as applicable; (3) those creditors holding the ten

(10) largest secured claims against Republic's estates on a consolidated basis; (4) those creditors

holding the forty (40) largest unsecured claims against Republic's estates on a consolidated

basis; (5) the attorneys for the agents under Republic's prepetition revolving credit facilities; (6)

the attorneys for the International Brotherhood of Teamsters; (7) the attorneys for Republic's

Codeshare Partners; (8) counsel to the Creditors' Committee; (9) the attorneys for the Ad Hoc

Committee of Equity Holders of Republic Airways Holdings Inc.; (10) any identified Substantial

Equityholders and Substantial Claimholders; (11) the Internal Revenue Service; (12) the

Securities and Exchange Commission; and (13) the United States Attorney's Office for the

Southern District of New York.  Upon receipt of such notice and at least once every three months

during the pendency of these chapter 11 cases, all indenture trustees, owner trustees and transfer

agents shall send the notice to all holders of Covered Claims of more than $22.5 million or at

least 2,420,048 shares of Stock, as applicable, registered with the indenture trustee, owner trustee

or transfer agent.  Any registered holder shall, in turn, provide the notice to any holder for whose

account the registered holder holds Covered Claims of more than $22.5 million or at least

2,420,048 shares of Stock, as applicable.  Any such holder shall, in turn, provide the notice to

any Person for whom the holder holds Covered Claims of more than $22.5 million or at least

2,420,048 shares of Stock, as applicable. Any Person, or broker or agent acting on such Person's

behalf, that sells Covered Claims in the aggregate amount of $22.5 million or sells an aggregate

amount of at least 2,420,048 shares of Stock (or an option with respect thereto) to another Person

(other than pursuant to a transaction consummated on the NASDAQ) shall provide a copy of the

18

notice to such purchaser or to any broker or agent acting on such purchaser's behalf. Similar

procedures shall apply if Republic files a Reporting Notice, a motion for a Sell Down Order or a

change to the definition of the Threshold Amount with the Court.

Upon receipt of such notice of Amended Final Trading Order, any broker, bank,

dealer or other agent or nominee of a beneficial holder (each a "Nominee") of Equity Securities

will be required, within five (5) business days of receipt of such notice and on at least a quarterly

basis thereafter, to send the notice of Amended Final Trading Order to all beneficial holders of

Equity Securities on whose behalf such Nominee holds Equity Securities.  To the extent such

beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the notice of

Amended Final Trading Order to any holder for whose account such holder holds Equity

Securities, and so on down the chain of ownership.

9.      Special Rules.  A Person acquiring or disposing of Tax Ownership of

Stock or Covered Claims in the capacity of Agent of another Person shall not be treated as a

Substantial Equityholder or Substantial Claimholder solely to the extent acting in the capacity of

Agent, and shall not have an affirmative duty to inquire whether the account, customer,

investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements

under the Amended Final Trading Order; *provided*, *however*, that the account, customer, fund,

principal, trust, or beneficiary shall not be excluded from the Amended Final Trading Order by

reason of this subsection.  Specifically and for the avoidance of doubt, the trustee of any trust,

any indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying

agent or transfer agent, in each case for any ownership interests, bonds, debentures, pass-through

certificates (whether offered publicly or privately, "PTCs"), equipment trust certificates (whether

offered publicly or privately, "ETCs"), enhanced equipment trust certificates (whether offered

publicly or privately, "EETCs"), enhanced pass-through trust certificates, property or other debt

securities (collectively, "Debt Securities") (i) issued by any of the Debtors, (ii) issued by any

governmental or quasi-governmental authority for the benefit of any of the Debtors, (iii) secured

by assets of any of the Debtors or agreements with respect to such assets or (iv) secured by assets

leased to any of the Debtors (any such person, a "Trustee"), shall not be treated as a "Substantial

Claimholder" solely to the extent acting in the capacity described above; *provided, however*, that

neither any transferee of Covered Claims nor any Person who has Tax Ownership of a Covered

Claim held by a Trustee shall be excluded solely by reason of this provision.  No Trustee shall be

subject to the Amended Final Trading Order or have or incur any liability for noncompliance

with the Amended Final Trading Order to the extent such Trustee follows its standard practices

or acts in accordance with its respective prepetition governing documents with respect to (i) any

transfer of Debt Securities or ownership interests in assets leased to Republic, (ii) any payments

relating thereto or (iii) any actions taken in accordance with the instructions of holders of Debt

Securities or ownership interests for which such Trustee acts.

> 10.    Continued Compliance with Other Applicable Laws and Rules.  The

requirements set forth in the Amended Final Trading Order are in addition to the requirements of

Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse

compliance therewith.

> 11.    Definitions. For purposes of the Amended Final Trading Order:

> "382(*l*)(5) Plan" means a plan of reorganization for Republic  under
> chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable
> possibility that section 382(*l*)(5) will be utilized and which provides that transfers
> of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable
> restrictions for not less than two years after the reorganization.

> "Agent" means a broker, account manager, agent, custodian, nominee,
> prime broker, clearinghouse or trustee (including a Trustee but not including a
> trustee qualified under section 401(a) of the Internal Revenue Code).

"**Applicable Percentage**" means, if only one class of common equity of the reorganized Debtors is to be issued pursuant to the terms of a 382(*l*)(5) Plan, 4.75 percent of the number of such shares that Republic reasonably estimates will be issued at the effective time of such 382(*l*)(5) Plan.  If more than one class of equity of the reorganized Debtors is to be distributed pursuant to the terms of a 382(*l*)(5) Plan, the Applicable Percentage shall be determined by Republic in its reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

"**Covered Claims**" means any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that is not a secured claim, *provided that*

(i) in the case of a secured claim, that portion of the claim (including such portion attributable to accrued and unpaid interest) that exceeds the fair market value of the security shall be considered a Covered Claim;

(ii) all debt instruments issued by an obligor (other than any of the Debtors) in a leveraged lease transaction involving the lease or sublease of aircraft to any of the Debtors (such transaction, a "Leveraged Lease Structure"), and all ETCs, PTCs and/or EETCs issued solely in respect of a Leveraged Lease Structure (collectively, "Leveraged Lease Obligations") shall not be treated as Covered Claims against Republic ; *provided, however,* that holders of Leveraged Lease Obligations shall be treated as acquiring underlying Covered Claims against Republic if and when the holder or the Trustee or other Agent acting on behalf of the holder of such Leveraged Lease Obligations, as the case may be, has acquired underlying Covered Claims from the equity participant or lessor pursuant to a foreclosure, a voluntary or involuntary transfer or any other acquisition of collateral.  After the occurrence of any such event, any holder of Covered Claims who becomes a Substantial Claimholder shall comply with the requirements of Section 3(c); provided, however, that the initial grant (or subsequent transfer) of a security interest in Covered Claims shall not be treated as a foreclosure, a voluntary or involuntary transfer or any other acquisition for the above purpose;

(iii) if a holder of a claim is uncertain as to the extent to which such claim is unsecured, such holder may serve upon Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic  shall, in consultation with the requesting holder, reasonably determine, solely for purposes of the Amended Final Trading Order, the unsecured portion of the applicable claim at such time;

(iv) if a holder of claims is uncertain as to whether it is a holder of ETCs, PTCs and/or EETCs issued solely in a Leveraged Lease Structure or issued in a non-Leveraged Lease Structure, such holder may serve upon t Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic  shall inform the applicable holder as to whether the ETCs, PTCs and/or EETCs were issued in a Leveraged Lease Structure or in a non-Leveraged Lease Structure; and

(v) if a holder of claims is uncertain as to the extent to which the Amended Final Trading Order applies to it, it can consult counsel to the Creditors' Committee.

For purposes of clauses (iii) and (iv), Republic's determination is not binding on the holders and shall not preclude a holder from seeking a determination from the Court.

"**Effective Time**" means the time of effectiveness of the Final Trading Order.

"**Newly Traded Covered Claims**" means Covered Claims (i) of which a Person acquired Tax Ownership after the date that was 18 months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382-9(d)(2)(iv), of which the same Person has always had Tax Ownership.  For the avoidance of doubt, a transferee will be deemed to have owned such Covered Claims for the period that such Covered Claims were owned by the transferor if such Covered Claims were transferred in a "qualified transfer" within the meaning of Treasury regulations section 1.382-9(d)(5).

"**Person**" means a person or Entity (as such term is defined in Treasury regulations section 1.382-3(a)  but for purposes of that definition also applying to a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of debt as described in Treasury regulations section 1.382-9(d)(3)(ii)(A)).

"**Protected Amount**" means the amount of Covered Claims of which a Person has Tax Ownership at the Effective Time,

(i) increased by (A) the amount of Covered Claims of which such Person acquires Tax Ownership pursuant to contracts entered into before the Effective Time and (B) the amount of Covered Claims of which such Person acquires Tax Ownership after the Effective Time pursuant to the exercise of rights under a secured debt instrument (including a voluntary foreclosure) of which such Person has Tax Ownership before the Effective Time, minus the amount of Covered Claims of which such Person disposes pursuant to contracts entered into before the Effective Time;

(ii) increased by the amount of Covered Claims of which such Person acquires Tax Ownership from another Person that are Newly Traded Covered Claims in the hands of the transferor, if either (x) both the transferor and the transferee are Substantial Claimholders immediately before the transfer; or (y) the transferor is a Substantial Claimholder immediately before the transfer and the transferee becomes a Substantial Claimholder as a result of the transfer, but the transferor ceases to be a Substantial Claimholder as a result of the transfer, and the transferor has complied and continues to comply with the Participation Restriction; *provided* that the transferee's Protected Amount shall only be increased to the extent that the aggregate amount of Newly Traded Covered Claims of which the transferor has Tax Ownership immediately before the transfer exceeds the aggregate amount of Newly Traded Covered Claims of which the transferee has Tax Ownership immediately before the transfer, and the transferor has complied and continues to comply with the Participation Restriction; and *provided* that, in the case of (x) and (y), the transferee's Protected Amount shall only be increased to the extent that (i) the amount transferred to the transferee does not exceed the transferor's Protected Amount immediately before the transfer and (ii) the transferee can demonstrate that the transferor is bound by a written agreement to reduce its Protected Amount by a corresponding amount; and

(iii) decreased by the amount of Covered Claims held by such Person as of the Effective Time that are not Newly Traded Covered Claims in the hands of such Person and that are subsequently disposed of by such Person.

"**Sell Down Notice**" means a notice to a Potentially Substantial New Equityholder requiring the Potentially Substantial New Equityholder to transfer Covered Claims in accordance with Sections 3 and 4.

"**Substantial Claimholder**" means a Person that has Tax Ownership of an aggregate amount of Covered Claims, measured where applicable by principal and accrued interest as of the Commencement Date, that equals or exceeds the Threshold Amount (as determined from time to time).

"**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form). Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of Republic .

"**Threshold Amount**" means $22.5 million.  The Debtors will periodically review the definition of the Threshold Amount, in consultation with the Creditors' Committee, with a view to ensuring the reasonableness thereof, but in no event shall the Threshold Amount be decreased with retroactive effect.  Any changes to the definition of the term Threshold Amount will be filed with the Court and served and published in the manner described in Section 8. For the avoidance of doubt, the Creditors' Committee may, at any time, submit updated amounts for the Court's consideration and entry by way of an amendment to this order.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED SALE, TRADE OR OTHER TRANSFER OF THE STOCK OR COVERED CLAIMS IN VIOLATION OF THE AMENDED FINAL TRADING ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES OR SANCTIONS BEING IMPOSED BY THE COURT.**

**Exhibit A**

**Substantial Equityholder Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re                                                    :    Chapter 11 Case No.

REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,    :    16-10429 (SHL)

                                        Debtors.[1]    :    (Jointly Administered)

------------------------------------------------------------------x

## SUBSTANTIAL EQUITYHOLDER NOTICE

       PLEASE TAKE NOTICE that as of _____ _____, 2016, _____ has Tax Ownership[2] of _____ shares of the common stock of Republic Airways Holdings Inc. (the "Stock").

       PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com).

       This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

---

1.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

Respectfully submitted,

_____

[Name of Stockholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

**Exhibit B**

**Notice of Intent to Purchase, Acquire or Otherwise Obtain Tax Ownership of Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

|                                              |   |                            |
|----------------------------------------------|---|----------------------------|
| In re                                        | : | Chapter 11 Case No.        |
|                                              |   |                            |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,* | : | **16-10429 (SHL)**         |
|                                              |   |                            |
| Debtors.[1]                                  | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE, ACQUIRE
### OR OTHERWISE OBTAIN TAX OWNERSHIP OF STOCK

PLEASE TAKE NOTICE that _____ intends to purchase, acquire or otherwise obtain Tax Ownership of _____ shares of the common stock of Republic Airways Holdings, Inc. (the "<u>Proposed Transaction</u>" and the "<u>Stock</u>").[2]

PLEASE TAKE FURTHER NOTICE that that, prior to giving effect to the Proposed Transaction, _____ has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, _____ would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.

---

1.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

        [_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

        This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Acquirer]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

## Exhibit C

**Notice of Intent to Sell, Trade or Otherwise Dispose of Tax Ownership of Stock or to Claim a Worthlessness Deduction under Section 382(g)(4)(D)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                    :    **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    :    **16-10429 (SHL)**

                                    **Debtors.[1]**    :    **(Jointly Administered)**

-------------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE OR
## OTHERWISE DISPOSE OF TAX OWNERSHIP OF STOCK OR TO CLAIM A
## WORTHLESSNESS DEDUCTION UNDER SECTION 382(g)(4)(D)

PLEASE TAKE NOTICE that [_____] intends to (i) sell, exchange or otherwise dispose of Tax Ownership of _____ shares of the common stock of Republic Airways Holdings Inc. and/or (ii) intends to claim a worthlessness deductions with respect to any shares of the common stock of Republic Airways Holdings Inc. (the "Proposed Transaction" and the "Stock").[2, 3]

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves the claiming of a worthlessness deduction with respect to Stock, [_____] intends to claim a worthlessness deduction with respect to _____ share of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300,

---

1.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

3.  Clause (ii) only applies to any person or entity (as such term is defined in Section 1.382-3(a) of the Treasury Regulations) as a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the Tax Code.

Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

   [_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

   This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Stockholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

**<u>Exhibit D</u>**

**Substantial Claimholder Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : | **16-10429 (SHL)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## SUBSTANTIAL CLAIMHOLDER NOTICE

PLEASE TAKE NOTICE that [_____] has Tax Ownership[2] of an aggregate amount of Covered Claims that equals or exceeds the Threshold Amount, measured, where appropriate, by principal and accrued interest as of the Commencement Date. As of _____ _____, 2016 [_____] has Tax Ownership of the following Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

---

1.   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that [_____] has Tax Ownership of the following Debt Securities described in Section 10 of the Order that are not, as of the date hereof, treated as Covered Claims:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Claimholder]

By:_____
Name:  _____

Address:  _____
_____
_____

2

Telephone:_____
Facsimile: _____

Date: _____

## Exhibit E

**Notice of Completed Sell Down**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | | |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,* | : | **16-10429 (SHL)** |
| | | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------------x

## NOTICE OF COMPLETED SELL DOWN

      PLEASE TAKE NOTICE that [_____] has transferred Tax Ownership[2] of Covered Claims as required by the final Sell Down Notice applicable to it (the "Sell Down").

      PLEASE TAKE FURTHER NOTICE that, after giving effect to the Sell Down, [_____] has Tax Ownership of Covered Claims, as set forth below:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

      PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq.

---

1.   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

2.   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

(chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

PLEASE TAKE FURTHER NOTICE that [_____] acknowledges and agrees that, pursuant to the Order, (i) any further transactions contemplated by [_____] that result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may be prohibited, and (ii) failure to comply with the obligations and procedures set out in Section 4 of the Order could subject [_____] to the Equity Forfeiture Provisions.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Claimholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

2

**<u>Exhibit F</u>**

**Proposed Covered Claim Transaction Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                             :    Chapter 11 Case No.

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    :    **16-10429 (SHL)**

                              Debtors.[1]        :    **(Jointly Administered)**

-------------------------------------------------------------------x

<u>**PROPOSED COVERED CLAIM TRANSACTION NOTICE**</u>

            PLEASE TAKE NOTICE that [_____] intends to purchase, acquire or
otherwise obtain Tax Ownership[2] of $_____ of Covered Claims (the "<u>Proposed</u>
<u>Transaction</u>"), as set forth below:

| <u>Debtor</u> | <u>Description of Covered Claim</u> | <u>Amount of Covered Claim</u> | <u>Directly Owned (Y/N)</u> |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

1.    The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle
      America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.;
      Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and
      addresses are set forth in their respective chapter 11 petitions.

2.    Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended
      Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of
      Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of $_____ of Covered Claims, as set forth below:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of $_____ of Covered Claims.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Court, (ii) that any unapproved acquisition of Covered Claims may result in [_____] being subject to the Equity Forfeiture Provisions and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims will require an additional notice to be served in the same manner as this notice.

   This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Claimholder]

By:_____
Name: _____

Address: _____
_____
_____
Telephone:_____
Facsimile: _____

Date: _____

3

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.*, | : 16-10429 (SHL) |
| Debtors.[1] | : (Jointly Administered) |

-----------------------------------------------------------------x

### AMENDED FINAL TRADING ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS' ESTATES

A hearing having been held on March 22, 2016 (the "Hearing"), to consider the motion, dated February 25, 2016 (the "Motion"),[2] of Republic Airways Holdings Inc. ("RAH"), and certain of its wholly-owned direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with RAH, "Republic" or the "Debtors"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), for an order to approve notification procedures and restrictions on certain transfers of claims against and interests in Republic's estates as more fully described in the Motion; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given to the Notice Parties as provided in the Motion, and such notice

---

[1]. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc. The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]. Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided other than as provided herein; and hearings having been held on February 26, 2016 and March 3, 2016 to consider the relief requested in the Motion on an interim basis (the "Interim Hearings"); and the Court having entered an order granting the relief requested in the Motion on an interim basis (the "Interim Trading Order"); and upon the Motion, the papers in support thereof and the responses thereto, if any, the record of the Hearing, the record of the Interim Hearings, and all of the proceedings had before the Court; and the appearances of all interested parties having been noted in the record of the Hearing and the records of the Interim Hearings; and the Court having found and determined that Republic's net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of Republic's estates and are protected by section 362(a) of the Bankruptcy Code; and the Court having found and determined that unrestricted trading in claims against and equity interests in Republic before Republic's emergence from chapter 11 could severely limit Republic's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and the Court having found and determined that the Procedures (as hereinafter defined) are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of Republic, its estates, and its creditors; and the Court having found and determined that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code; and this Court having determined that the relief sought in the Motion is in the best interests of Republic, its creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having entered an order granting the relief requested in the Motion on a final basis (the "Final Trading Order")

2

and upon all of the proceedings had before this Court and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis to the extent set forth

herein; and it is further

ORDERED that any objections to the Motion that have not been withdrawn or

resolved by the Interim Trading Order, the Final Trading Order or by this Order are overruled in

all respects; and it is further

ORDERED that effective as of the Commencement Date the following procedures

and restrictions are imposed and approved:

1.      Notice of Substantial Equityholder Status.  Any Person who is or becomes

a Tax Owner of at least 2,420,048 shares of Stock, which represent approximately 4.75 percent

of the issued and outstanding Stock as of the Commencement Date (a "Substantial

Equityholder"), must, on or before the later of: (a) 15 days after the Court's entry of an order

approving these Procedures or (b) 10 days after that Person becomes a Substantial Equityholder,

serve on (i) Republic, (ii) the attorneys for Republic, (iii) proposedthe attorneys for the

Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn:

Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica

J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of

Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third

Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com),

Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq.

(david.hillman@srz.com), a notice (the "Substantial Equityholder Notice") containing the Tax

Ownership information substantially in the form of **Exhibit 1** annexed to this Order.

2.    <u>Restrictions and Procedures for Trading in Stock.</u>  Any Person that, after

the Commencement Date, except for Axar Capital Management and its affiliates (collectively,

"<u>Axar</u>") and GLG LLC and its affiliates (collectively, "<u>GLG</u>") as to which the following

provisions apply prospectively after entry of the Interim Order,

> i.    is not a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of an amount of Stock that would cause the Person to become a Substantial Equityholder;

> ii.    is a Substantial Equityholder and wishes to purchase or otherwise acquire Tax Ownership of any additional Stock; or

> iii.    is a Substantial Equityholder and wishes to sell or otherwise dispose of Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the holder's

election, in a redacted form that does not include such holder's taxpayer identification number

and the aggregate principal amount of Stock that such holder beneficially owns), and serve on (i)

Republic, (ii) the attorneys for Republic, (iii) ~~proposed~~the attorneys for the Committee, Morrison

& Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.

(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.

(erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of

Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New

York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq.

(lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), an

unredacted notice in the form attached as **Exhibit 2** to this Order, in the case of a proposed

acquisition of Stock, or **Exhibit 3** to this Order, in the case of a proposed disposition of Stock,

including the case of a 50 percent shareholder who intends to claim a worthlessness deduction

with respect to such Stock (either such notice, a "<u>Proposed Stock Transaction Notice</u>").  Republic

4

shall consult with counsel to the Creditors' Committee prior to responding to any Proposed Stock

Transaction Notice.  If written approval of the proposed transaction is filed with the Court by

Republic within 15 calendar days following the receipt of a Proposed Stock Transaction Notice,

then the transaction may proceed.  If written approval of the proposed transaction is not filed by

Republic with the Court within such period, then the transaction may not be consummated unless

approved by a final and nonappealable order of the Court.  Further transactions within the scope

of this Section 2 must be the subject of additional notices as set forth herein with additional

waiting periods.

        3.      <u>Restrictions and Procedures for Trading in Covered Claims.</u>

        a.      Any Person that, after the Commencement Date,

      i.      is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Person to become a Substantial Claimholder; or

      ii.      is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims,

will have an obligation, in the event that the Court issues a Sell Down Order at the request of

Republic pursuant to Section 4, to sell or otherwise transfer Tax Ownership of an aggregate

amount of Covered Claims sufficient to prevent such Person from having Tax Ownership of an

amount of the reorganized Republic's stock as a result of the implementation of the 382($l$)(5)

Plan that exceeds the greater of (a) the Applicable Percentage or (b) the percentage specified in

the Sell Down Notice applicable to such Person pursuant to Section 4; *provided*, *however*, that

such Person shall not be required to make any sale or other transfer of Tax Ownership of

Covered Claims that would result in such Person having Tax Ownership of an aggregate amount

of Covered Claims that is less than either (x) the Threshold Amount, as revised from time to

time, or (y) such Person's Protected Amount.

5

b.        Any Person that participates in formulating any chapter 11 plan of reorganization of or on behalf of Republic (which shall include, without limitation, making any suggestions or proposals to Republic or their advisers with regard to such a plan) shall not do so in a manner that makes evident to Republic that any Covered Claims of which such Person has Tax Ownership are Newly Traded Covered Claims (the "Participation Restriction").  For this purpose, Republic acknowledges and agrees that the following activities alone *(i.e.,* as long as there is not any disclosure to Republic that such Person owns Newly Traded Covered Claims) shall not constitute a violation of the Participation Restriction: filing an objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization, voting to accept or reject a proposed plan of reorganization, reviewing or commenting on a proposed business plan, membership on the Creditors' Committee or an *ad hoc* committee, providing information (other than whether such Person owns Newly Traded Covered Claims) to Republic's counsel on a confidential basis, or taking any action required by the Amended Final Trading Order.  Any Person found by the Court to have violated the Participation Restriction willfully shall be required to dispose of Newly Traded Covered Claims of which such Person has Tax Ownership (subject to the Equity Forfeiture Provision described in Section 6) to the extent necessary to protect Republic's ability to effect successful implementation of the 382(*l*)(5) Plan, except to the extent Republic in its sole discretion agrees to permit such Person to retain such Newly Traded Covered Claims.  For the avoidance of doubt, (i) such Person shall not be permitted to retain Tax Ownership of any Newly Traded Covered Claims if a Sell Down Order has been or is subsequently issued pursuant to Section 4, and (ii) if a Claims Trading Notice Order has been issued pursuant to Section 4(e), such Person shall only be permitted to retain Tax Ownership of Newly Traded Covered Claims to the extent that such retention would not impair the reasonable

6

"cushions" referred to in Section 4(c)Republic's ability to effect the successful implementation of a 382(l)(5) Plan, as determined by Republic in its sole discretion.  Prior to taking any action to enforce the foregoing two sentences, Republic shall consult with counsel to the Creditors' Committee.

4.    Sell Down Procedures.

a.    *Reporting of Substantial Claimholder Status.*  In order to assess the feasibility of implementing a 382(l)(5) Plan and the need for petitioning the Court for a Sell Down Order, Republic, after consultation with and provision of such information as is reasonably requested by counsel to the Creditors' Committee, may file with the Court and further publish and serve in the manner specified in Section 8 a notice (the "Reporting Notice") requiring each Substantial Claimholder, within 30 calendar days of Republic's filing of the Reporting Notice with the Court, to serve on (i) Republic, (ii) the attorneys for Republic, (iii) proposedthe attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), a notice in the form attached as **Exhibit 4** to this Order (a "Substantial Claimholder Notice").  A Person that is uncertain whether it is a Substantial Claimholder may serve a Substantial Claimholder Notice in the manner described above in order to preserve its rights under the Amended Final Trading Order.  A Person serving a Substantial Claimholder Notice in the manner described above shall not be required to file the Substantial

7

Claimholder Notice with the Court.  For the avoidance of doubt, Republic will not be precluded

from filing more than one Reporting Notice pursuant to this subsection (a).  In addition to the

above, Republic shall have a right at its sole discretion to inquire as to how long any Substantial

Claimholder or any Person that violated the Participation Restriction has held its claim (and

Republic shall notify the Creditors' Committee about any such inquiry), and any such Person

shall promptly provide information to Republic and the Creditors' Committee in response to any

such inquiry.

> b.    *Petition for Sell Down Order and Notification Procedures*.  After filing a

382(*l*)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the

expiration of the 75-day period beginning with the date on which Republic files a Reporting

Notice with the Court, Republic may, in consultation with counsel to the Creditors' Committee,

file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i)

authorizes Republic to issue Sell Down Notices to each Person that has timely filed a Substantial

Claimholder Notice showing Tax Ownership of Covered Claims that, pursuant to the terms of the

382(*l*)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Person to

acquire Tax Ownership of more than the Applicable Percentage of the equity of the reorganized

Debtors (a "Potentially Substantial New Equityholder") and (ii) provides that any Person other

than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax Ownership

of more than the Applicable Percentage of the equity of the reorganized Debtors (or

consideration in lieu thereof) if the 382(*l*)(5) Plan is consummated. The motion for a Sell Down

Order shall be published and served in the manner described in Section 8.  Each Potentially

Substantial New Equityholder shall be served with a copy of the motion and the Sell Down

Notice applicable to such Person.  Counsel to the Creditors' Committee shall be served with a

copy of the motion and all Sell Down Notices.  For the avoidance of doubt, Republic will not be precluded from filing more than one motion for the issuance of a Sell Down Order pursuant to this subsection (b).

Each Sell Down Notice shall indicate (i) Republic's calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(*l*)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage"), and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(*l*)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder (except to the extent that Republic determines that such a reduction would result in the requirement that a Potentially Substantial New Equityholder sell or otherwise transfer Covered Claims that are not Newly Traded Covered Claims).  For instance, if Potentially Substantial New Equityholders are required to reduce their Preliminary Percentage by 20 percent, a Potentially Substantial New Equityholder whose Preliminary Percentage was 15 percent generally would be required to sell Covered Claims such that it would be entitled to receive no more than 12 percent of the equity of the reorganized Debtors under the 382(*l*)(5) Plan.  If a Potentially Substantial New Equityholder holds more than one category of Covered Claims, the category or categories of Covered Claims to be sold in order to comply with the Sell Down Notice will be left to the discretion of the Potentially Substantial New Equityholder.

c.      *Procedures for Objection to a Sell Down Notice.*  A Potentially Substantial New Equityholder in receipt of a Sell Down Notice will be permitted to object, including but not limited to, on any one or more of the following grounds:  (i) the Sell Down Notice applicable to

9

it contains a mathematical error, (ii) compliance with the Sell Down Notice applicable to it

would require the Potentially Substantial New Equityholder to reduce its Tax Ownership of

Covered Claims below the Threshold Amount (so long as it has complied and continues to

comply with the Participation Restriction) or below its Protected Amount or would require it to

transfer Tax Ownership of Covered Claims that are not Newly Traded Covered Claims, and (iii)

Republic's decision to protect the ability to implement a plan utilizing section 382($l$)(5) through

the issuance of the Sell Down Notices is not a reasonable exercise of Republic's business

judgment.  If an objection described in clause (i) or (ii) is filed, Republic will be permitted to

serve new Sell Down Notices in their discretion.  If an objection described in clause (iii) is raised

by a Potentially Substantial New Equityholder or by the Creditors' Committee, Republic will be

required to present to the Court evidence regarding:

> i.    the reasonably expected range of tax attributes available to be carried over under the 382($l$)(5) Plan to reduce the future U.S. federal income tax liabilities of Republic, taking into account, among other things, anticipated reductions in tax attributes under section 108(b) of the Internal Revenue Code that will occur as a result of the implementation of the 382($l$)(5) Plan and anticipated deductions arising from payments made under the 382($l$)(5) Plan;

> ii.   the basis for Republic's belief that the reduction in holdings required by the Sell Down Order (and implemented by the Sell Down Notices) are reasonably necessary and appropriate to ensure that the ownership requirements of section 382($l$)(5) will be satisfied in connection with the 382($l$)(5) Plan; and

> iii.  the basis for Republic's belief that there is a reasonable possibility that utilization of section 382($l$)(5) will be more beneficial to Republic and its estates than utilizing section 382($l$)(6).

Unless the Court determines otherwise for good cause shown, a Sell Down Order

and the related Sell Down Notices will remain effective notwithstanding amendments to the

10

382(*l*)(5) Plan; provided, however, that if Republic withdraws the 382(*l*)(5) Plan, the Sell Down

Notices will have no further effect.

        d.     *Procedures for Implementing a Sell Down Order.*  Each transfer of

Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date

that is 10 calendar days after the date of confirmation of the 382(*l*)(5) Plan, (ii) the date that is 30

calendar days after receipt of the Sell Down Notice and (iii) the date specified in all of the Sell

Down Notices.

        Once a Potentially Substantial New Equityholder has transferred its Covered

Claims in accordance with the preceding paragraph, such Person (i) shall, no later than one

business day following the latest date for completing such transfer in accordance with the

preceding paragraph, serve on (a) Republic, (b) the attorneys for Republic, (c) ~~proposed~~the

attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New

York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq.

(tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys

for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth

& Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com)), a notice in the form attached as **Exhibit 5** to this Order

(a "<u>Notice of Completed Sell Down</u>") and (ii) under no circumstances shall acquire additional

Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity

to which such Person would be entitled pursuant the implementation of the 382(*l*)(5) Plan above

the percentage specified in the Sell Down Notice applicable to such Person.

A Person that would otherwise be prohibited by the Sell Down Order from acquiring a Covered Claim but is permitted to do so pursuant to the fourth and fifth decretal paragraphs of the Amended Final Trading Order (relating to property described in Section 1110 of the Bankruptcy Code) shall, within the later of (i) the date for complying with a Sell Down Notice, (ii) the date 15 days prior to the scheduled effective date of the 382(*l*)(5) Plan and (iii) the date such acquisition is completed, divest itself of Tax Ownership of an amount of Covered Claims such that, following the divestiture, the Person would not be entitled to acquire Tax Ownership of an amount of equity of the reorganized Debtors pursuant to the implementation of the 382(*l*)(5) Plan in excess of the amount specified on the Sell Down Notice applicable to such Person (or, if there is none, the Applicable Percentage).  A Person may object to the requirement of the preceding sentence, including but not limited to, on the grounds that compliance would result in such Person's having Tax Ownership of an amount of Covered Claims that is less than the Threshold Amount (so long as it has complied and continues to comply with the Participation Restriction) or its Protected Amount.  Notice of such an objection must be served (i) Republic, (ii) the attorneys for Republic, (iii) ~~proposed~~the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), no later than the second business day following the date on which such Person becomes aware of the grounds for such objection, and in any event no later than the date on which the divestiture would

be required.  Upon receipt of such an objection, Republic may, following consultation with

counsel to the Creditors' Committee, issue revised Sell Down Notices if they consider it

advisable to do so.

      e.    *Procedure if no Sell Down Notices are Required*.  If Republic determines,

based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no

Sell Down Notices appear necessary in order to implement the 382(*l*)(5) Plan, Republic may

move the Court for an order requiring advance notice of certain acquisitions of Covered Claims

(the "Claims Trading Notice Order").  Under the Claims Trading Notice Order,

    i.    any Potentially Substantial New Equityholder proposing to acquire
Covered Claims in a transaction following which such Person would have
Tax Ownership of Covered Claims that, pursuant to the terms of the
382(*l*)(5) Plan, would entitle such Person to receive equity of the
reorganized Debtors in excess of the amount of equity to which such
Person would have been entitled based on the holdings reported on such
Person's Substantial Claimholder Notice, and

    ii.    any Person that would become a Potentially Substantial New Equityholder
by virtue of a proposed acquisition of Covered Claims

will be required, prior to the consummation of any such transaction, to serve on (i) Republic, (ii)

the attorneys for Republic, (iii) ~~proposed~~the attorneys for the Committee, Morrison & Foerster

LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.

(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.

(erichards@mofo.com)), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of

Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New

York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq.

(lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)), a notice in

the form attached as **Exhibit 6** to this Order (a "Proposed Covered Claim Transaction Notice").

The same procedures applicable to a Proposed Stock Transaction Notice (described in Section 2)

will apply with respect to a Proposed Covered Claim Transaction Notice.  If Republic does not

give written consent to the proposed transaction and the Person that has delivered the Proposed

Covered Claim Transaction Notice requests a hearing, the procedures described in Section 4(c)

will apply.  In addition, the Claims Trading Notice Order will require any Person that has

acquired Tax Ownership of Covered Claims for which it did not file a Substantial Claimholder

Notice and as to which a motion would have been required under the preceding paragraph, but

for the fact that such acquisition occurred prior to the entry of the Claims Trading Notice Order,

to serve notice of such fact on t(i) Republic, (ii) the attorneys for Republic, (iii) proposedthe

attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New

York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq.

(tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)), and (iv) the attorneys

for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth

& Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com)), within 15 calendar days of the entry of the Claims

Trading Notice Order.  If Republic determines that the retention by such Person of such Covered

Claims could jeopardize the implementation of the 382(*l*)(5) Plan, they will serve a Sell Down

Notice on such Person, in which case the procedures described in Section 4(c) will apply.  The

provisions of this paragraph will also apply to a Person that is exempted by the fourth and fifth

decretal paragraphs of the Final Trading Order (relating to property described in Section 1110 of

the Bankruptcy Code) from giving the advance notice otherwise required by the preceding

paragraph with respect to an acquisition of Covered Claims.  In such a case, notice of the

acquisition must be served on (a) Republic, (b) Republic's counsel, (c) counsel to the Creditors'

14

Committee, and (d) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., within the earlier of (i) the date that is 15 calendar days after the date of such acquisition and (ii) the later of the date of such acquisition and the date that is 15 calendar days prior to the scheduled effective date of such 382(*l*)(5) Plan.

       f.    *Qualified Transfer Exception.*  No Person shall be subject to the advance approval of acquisition provisions of Paragraph 4(e) herein or, in the case of Claims that are part of the transferor's Protected Amount, the sell down provisions set forth in Paragraphs 3 and 4 herein, with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii); provided, however, that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

       5.    <u>Confidentiality.</u>

       The Debtors, their counsel, counsel to the Creditors' Committee, and counsel to the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., shall keep all information provided in all notices delivered pursuant to the <u>Amended</u> Final Trading Order strictly confidential and shall not disclose the contents thereof to any person (including any member of any Creditors' Committee (when appointed)), except (i) to the extent necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise required by law or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that Republic and the Creditors' Committee may disclose the contents thereof to their professional financial advisers, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person subject to further Court order.  To the extent confidential information is necessary to respond to a petition or objection filed with the Court,

such confidential information shall be filed under seal or in redacted form, without prejudice to

the rights of any party in interest to seek to make public any portion of the pleadings and/or

documents filed under seal pursuant to this Order.  For the avoidance of doubt, the foregoing

provisions shall not preclude Republic from including in its unredacted, unsealed filings with the

Court summary information regarding the amount of equity of the reorganized Debtors that

Potentially Substantial New Equityholders (not identified by name or otherwise) would be

expected to receive under the terms of the 382(*l*)(5) Plan before and after the implementation of

the Sell Down Order.

> 6.    <u>Sanctions for Noncompliance.</u>

> a.    *Noncompliance Relating to Stock.*  Acquisitions and dispositions of Tax

Ownership of Stock in violation of the restrictions and procedures set forth in Section 2 shall be

void *ab initio*, and the sanction for violating Section 2 shall be reversal of the noncompliant

transaction or such other (or additional) measures as the Court may consider appropriate.

> b.    *Noncompliance Relating to a Sell Down Notice or a Claims Trading*

*Notice Order.*  In the event that any Person fails to comply with a final Sell Down Notice

applicable to it, such Person shall not be entitled to acquire Tax Ownership of any equity of the

reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of

the 382(*l*)(5) Plan in excess of the greater of (i) the Applicable Percentage (which, only with

respect to such Person, shall be deemed to be zero unless such Person has complied and

continues to comply with the Participation Restriction) or (ii) the percent specified on such Sell

Down Notice. Any Person that did not file a Substantial Claimholder Notice shall not be entitled

to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu

thereof) in excess of the Applicable Percentage in connection with the implementation of the

382(*l*)(5) Plan. Any Person that acquires Covered Claims in violation of a Sell Down Order or a Claims Trading Notice Order shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of the 382(*l*)(5) Plan in excess of the percentage of equity to which such Person would have been entitled had it not acquired such Covered Claims. The foregoing sanctions (the "Equity Forfeiture Provisions") shall be effective without any further order of the Court. Any purported acquisition of Tax Ownership of stock of the reorganized Debtors pursuant to the implementation of the 382(*l*)(5) Plan that is precluded by the Equity Forfeiture Provisions (such stock the "Forfeited Equity") shall be void *ab initio*. Any Person that receives Forfeited Equity shall, immediately upon becoming aware of such fact, return such Forfeited Equity to Republic or, if all of the shares properly issued to such Person and all or any portion of such Forfeited Equity have been sold prior to the time such Person becomes aware of such fact, such Person shall return to Republic (i) any Forfeited Equity still held by such Person and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold shares as Forfeited Equity. Any Person that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Court may determine. In no event, however, shall an acquisition or disposition of Tax Ownership of Covered Claims be rendered void or unenforceable by reason of the Amended Final Trading Order.

7.      Discretionary Waiver by Debtors.  The Debtors, with the consent of the Creditors' Committee or pursuant to an order of the Court, may waive any sanctions, remedies or notification procedures imposed by the Amended Final Trading Order; *provided*, *however*, that any such waiver shall be filed with the Court.

8.      Notice Procedures.  Within three business days of the entry of the Amended Final Trading Order, Republic shall (i) submit a publication notice of the entry of the Amended Final Trading Order (substantially in the form attached as **Exhibit B** to the Motion) for posting on the Bloomberg newswire service and the Depository Trust Company Legal Notice System (also known as LENS); (ii) post such notice together with a copy of the Amended Final Trading Order on Republic's case information website (www.primeclerk.com/RJET); and (iii) serve a notice of the entry of the Amended Final Trading Order (substantially in the form attached as **Exhibit** A to the Motion7 hereto) on (1) the Office of the United States Trustee for the Southern District of New York; (2) all indenture trustees, owner trustees or transfer agents for the Covered Claims or Stock, as applicable; (3) those creditors holding the ten (10) largest secured claims against Republic's estates on a consolidated basis; (4) those creditors holding the forty (40) largest unsecured claims against Republic's estates on a consolidated basis; (5) the attorneys for the agents under Republic's prepetition revolving credit facilities; (6) the attorneys for the International Brotherhood of Teamsters; (7) the attorneys for Republic's Codeshare Partners; (8) the attorneys for the Creditors' Committee; (9) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc.; (10) any identified Substantial Equityholders and Substantial Claimholders; (11) the Internal Revenue Service; (12) the Securities and Exchange Commission; and (13) the United States Attorney's Office for the Southern District of New York.  Upon receipt of such notice and at least once every three months

during the pendency of these chapter 11 cases, all indenture trustees, owner trustees and transfer agents shall send the notice to all holders of Covered Claims of more than $4.9422.5 million or at least 2,420,048 shares of Stock, as applicable, registered with the indenture trustee, owner trustee or transfer agent.  Any registered holder shall, in turn, provide the notice to any holder for whose account the registered holder holds Covered Claims of more than $4.9422.5 million or at least 2,420,048 shares of Stock, as applicable.  Any such holder shall, in turn, provide the notice to any Person for whom the holder holds Covered Claims of more than $4.9422.5 million or at least 2,420,048 shares of Stock, as applicable. Any Person, or broker or agent acting on such Person's behalf, that sells Covered Claims in the aggregate amount of $4.9422.5 million or sells an aggregate amount of at least 2,420,048 shares of Stock (or an option with respect thereto) to another Person (other than pursuant to a transaction consummated on the NASDAQ) shall provide a copy of the notice to such purchaser or to any broker or agent acting on such purchaser's behalf. Similar procedures shall apply if Republic files a Reporting Notice, a motion for a Sell Down Order or a change to the definition of the Threshold Amount with the Court.

Upon receipt of such notice of Amended Final Trading Order, any broker, bank, dealer or other agent or nominee of a beneficial holder (each a "Nominee") of Equity Securities will be required, within five (5) business days of receipt of such notice and on at least a quarterly basis thereafter, to send the notice of Amended Final Trading Order to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities.  To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the notice of Amended Final Trading Order to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership.

9.    <u>Special Rules.</u>  A Person acquiring or disposing of Tax Ownership of Stock or Covered Claims in the capacity of Agent of another Person shall not be treated as a Substantial Equityholder or Substantial Claimholder solely to the extent acting in the capacity of Agent, and shall not have an affirmative duty to inquire whether the account, customer, investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements under the Amended Final Trading Order; *provided*, *however*, that the account, customer, fund, principal, trust, or beneficiary shall not be excluded from the Amended Final Trading Order by reason of this subsection.  Specifically and for the avoidance of doubt, the trustee of any trust, any indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent or transfer agent, in each case for any ownership interests, bonds, debentures, pass-through certificates (whether offered publicly or privately, "<u>PTCs</u>"), equipment trust certificates (whether offered publicly or privately, "<u>ETCs</u>"), enhanced equipment trust certificates (whether offered publicly or privately, "<u>EETCs</u>"), enhanced pass-through trust certificates, property or other debt securities (collectively, "<u>Debt Securities</u>") (i) issued by any of the Debtors, (ii) issued by any governmental or quasi-governmental authority for the benefit of any of the Debtors, (iii) secured by assets of any of the Debtors or agreements with respect to such assets or (iv) secured by assets leased to any of the Debtors (any such person, a "<u>Trustee</u>"), shall not be treated as a "Substantial Claimholder" solely to the extent acting in the capacity described above; *provided, however*, that neither any transferee of Covered Claims nor any Person who has Tax Ownership of a Covered Claim held by a Trustee shall be excluded solely by reason of this provision.  No Trustee shall be subject to the Amended Final Trading Order or have or incur any liability for noncompliance with the Amended Final Trading Order to the extent such Trustee follows its standard practices or acts in accordance with its respective prepetition governing documents with respect to (i) any

20

transfer of Debt Securities or ownership interests in assets leased to the Debtors, (ii) any

payments relating thereto or (iii) any actions taken in accordance with the instructions of holders

of Debt Securities or ownership interests for which such Trustee acts.

          10.    <u>Continued Compliance with Other Applicable Laws and Rules</u>.  The

requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule

3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance

therewith.

          11.    <u>Definitions.</u>

For purposes of this ~~Motion~~Amended Order:

    "**382(***l***)(5) Plan**" means a plan of reorganization for Republic under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382($l$)(5) will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization.

    "**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse or trustee (including a Trustee but not including a trustee qualified under section 401(a) of the Internal Revenue Code).

    "**Applicable Percentage**" means, if only one class of common equity of the reorganized Debtors is to be issued pursuant to the terms of a 382($l$)(5) Plan, 4.75 percent of the number of such shares that Republic reasonably estimates will be issued at the effective time of such 382($l$)(5) Plan.  If more than one class of equity of the reorganized Debtors is to be distributed pursuant to the terms of a 382($l$)(5) Plan, the Applicable Percentage shall be determined by Republic in its reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

"**Covered Claims**" means any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that is not a secured claim, *provided that*

(i) in the case of a secured claim, that portion of the claim (including such portion attributable to accrued and unpaid interest) that exceeds the fair market value of the security shall be considered a Covered Claim;

(ii) all debt instruments issued by an obligor (other than any of the Debtors) in a leveraged lease transaction involving the lease or sublease of aircraft to any of the Debtors (such transaction, a "Leveraged Lease Structure"), and all ETCs, PTCs and/or EETCs issued solely in respect of a Leveraged Lease Structure (collectively, "Leveraged Lease Obligations") shall not be treated as Covered Claims against the Debtors; *provided, however,* that holders of Leveraged Lease Obligations shall be treated as acquiring underlying Covered Claims against Republic if and when the holder or the Trustee or other Agent acting on behalf of the holder of such Leveraged Lease Obligations, as the case may be, has acquired underlying Covered Claims from the equity participant or lessor pursuant to a foreclosure, a voluntary or involuntary transfer or any other acquisition of collateral. After the occurrence of any such event, any holder of Covered Claims who becomes a Substantial Claimholder shall comply with the requirements of Section 3(c); provided, however, that the initial grant (or subsequent transfer) of a security interest in Covered Claims shall not be treated as a foreclosure, a voluntary or involuntary transfer or any other acquisition for the above purpose;

(iii) if a holder of a claim is uncertain as to the extent to which such claim is unsecured, such holder may serve upon Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic shall, in consultation with the requesting holder, reasonably determine, solely for purposes of the Amended Final Trading Order, the unsecured portion of the applicable claim at such time;

(iv) if a holder of claims is uncertain as to whether it is a holder of ETCs, PTCs and/or EETCs issued solely in a Leveraged Lease Structure or issued in a non-Leveraged Lease Structure, such holder may serve upon Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic shall inform the applicable holder as to whether the ETCs, PTCs and/or EETCs were issued in a Leveraged Lease Structure or in a non-Leveraged Lease Structure; and

22

(v) if a holder of claims is uncertain as to the extent to which the Amended Final Trading Order applies to it, it can consult counsel to the Creditors' Committee.

For purposes of clauses (iii) and (iv), Republic's determination is not binding on the holders and shall not preclude a holder from seeking a determination from the Court.

"**Effective Time**" means the time of effectiveness of the Final Trading Order.

"**Newly Traded Covered Claims**" means Covered Claims (i) of which a Person acquired Tax Ownership after the date that was 18 months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382-9(d)(2)(iv), of which the same Person has always had Tax Ownership.  For the avoidance of doubt, a transferee will be deemed to have owned such Covered Claims for the period that such Covered Claims were owned by the transferor if such Covered Claims were transferred in a "qualified transfer" within the meaning of Treasury regulations section 1.382-9(d)(5).

"**Person**" means a person or Entity (as such term is defined in Treasury regulations section 1.382-3(a) but for purposes of that definition also applying to a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of debt as described in Treasury regulations section 1.382-9(d)(3)(ii)(A)).

"**Protected Amount**" means the amount of Covered Claims of which a Person has Tax Ownership at the Effective Time,

(i) increased by (A) the amount of Covered Claims of which such Person acquires Tax Ownership pursuant to contracts entered into before the Effective Time and (B) the amount of Covered Claims of which such Person acquires Tax Ownership after the Effective Time pursuant to the exercise of rights under a secured debt instrument (including a voluntary foreclosure) of which such Person has Tax Ownership before the Effective Time, minus the amount of Covered Claims of which such Person disposes pursuant to contracts entered into before the Effective Time;

(ii) increased by the amount of Covered Claims of which such Person acquires Tax Ownership from another Person that are Newly Traded Covered Claims in the hands of the transferor, if either (x) both the transferor and the transferee are Substantial Claimholders immediately before the transfer; or (y) the transferor is a Substantial Claimholder immediately before the transfer and the transferee becomes a Substantial Claimholder as a result of the transfer, but the transferor ceases to be a Substantial Claimholder as a result of the transfer, and

the transferor has complied and continues to comply with the Participation Restriction; *provided* that the transferee's Protected Amount shall only be increased to the extent that the aggregate amount of Newly Traded Covered Claims of which the transferor has Tax Ownership immediately before the transfer exceeds the aggregate amount of Newly Traded Covered Claims of which the transferee has Tax Ownership immediately before the transfer, and the transferor has complied and continues to comply with the Participation Restriction; and *provided* that, in the case of (x) and (y), the transferee's Protected Amount shall only be increased to the extent that (i) the amount transferred to the transferee does not exceed the transferor's Protected Amount immediately before the transfer and (ii) the transferee can demonstrate that the transferor is bound by a written agreement to reduce its Protected Amount by a corresponding amount; and

(iii) decreased by the amount of Covered Claims held by such Person as of the Effective Time that are not Newly Traded Covered Claims in the hands of such Person and that are subsequently disposed of by such Person.

"**Sell Down Notice**" means a notice to a Potentially Substantial New Equityholder requiring the Potentially Substantial New Equityholder to transfer Covered Claims in accordance with Sections 3 and 4.

"**Substantial Claimholder**" means a Person that has Tax Ownership of an aggregate amount of Covered Claims, measured where applicable by principal and accrued interest as of the Commencement Date, that equals or exceeds the Threshold Amount (as determined from time to time).

"**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form). Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of the Debtors.

"**Threshold Amount**" means, as an initial matter, $4.94 $22.5 million. Republic will periodically review the definition of the Threshold Amount, in consultation with the Creditors' Committee, with a view to ensuring the reasonableness thereof, but in no event shall the Threshold Amount be decreased with retroactive effect. Any changes to the definition of the term Threshold Amount will be filed with the Court and served and published in the manner described in Section 8. For the avoidance of doubt, the Creditors' Committee

24

may, at any time, submit updated amounts for the Court's consideration and entry by way of an amendment to this order.

ORDERED that nothing contained in this Order shall prohibit or in any manner limit a collateral assignee of a claim against Republic or a holder of a security interest or lien on a claim against Republic arising in respect of property covered by Section 1110 of the Bankruptcy Code from enforcing its rights as such collateral assignee or holder of a security interest or lien or foreclosing such security interest or lien; and it is further

ORDERED that, with respect to equipment described in Section 1110 of the Bankruptcy Code, except as provided in such section, nothing contained in this Order shall prohibit or in any manner limit or otherwise affect the rights of a secured party or a lessor or a conditional vendor under the Bankruptcy Code, including, but not limited to Section 1110; and it is further

ORDERED that notwithstanding the applicability of Bankruptcy Rule 6003 and the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that, the relief provided in this Order is in addition to, and not in lieu

of, any and all other rights and remedies available to the Debtors.

Dated:  New York, New York
~~March~~July __, 2016

_____
United States Bankruptcy Judge

## Exhibit 1

**Substantial Equityholder Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re                                              :    Chapter 11 Case No.

REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,          :    16-10429 (SHL)

Debtors.[1]                                        :    (Jointly Administered)

----------------------------------------------------------------x

## SUBSTANTIAL EQUITYHOLDER NOTICE

PLEASE TAKE NOTICE that as of _____ _____, 2016, _____ has Tax Ownership[2] of _____ shares of the common stock of Republic Airways Holdings Inc. (the "Stock").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the proposed attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) proposedthe attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted, _____

[1].   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2].   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

_____
[Name of Stockholder]

By:_____
Name:_____

Address: _____
_____
_____
Telephone:_____
Facsimile:_____

Date:_____

**<u>Exhibit 2</u>**

**Notice of Intent to Purchase, Acquire or Otherwise Obtain Tax Ownership of Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,* | : | **16-10429 (SHL)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE, ACQUIRE
### OR OTHERWISE OBTAIN TAX OWNERSHIP OF STOCK

PLEASE TAKE NOTICE that _____ intends to purchase, acquire or otherwise obtain Tax Ownership of _____ shares of the common stock of Republic Airways Holdings, Inc. (the "Proposed Transaction" and the "Stock").[2]

PLEASE TAKE FURTHER NOTICE that that, prior to giving effect to the Proposed Transaction, _____ has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, _____ would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the proposed attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) proposedthe attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third

---

[1]. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc. The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com),
Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq.
(david.hillman@srz.com)).

[_____] further acknowledges and agrees that (i) if the Debtors do not
provide written approval of the Proposed Transaction within 15 calendar days of the date of this
notice, the Proposed Transaction may not be consummated unless approved by a final and
nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in
violation of the Order will be void ab initio and will result in the imposition of sanctions as
provided in the Order and (iii) any further transactions contemplated by [_____] that may
result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of
additional Stock will each require an additional notice be filed with the Bankruptcy Court and
served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice
under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Acquirer]

By:_____
Name:_____

Address: _____
_____
_____
Telephone:_____
Facsimile:_____

Date:_____

## **Exhibit 3**

**Notice of Intent to Sell, Trade or Otherwise Dispose of Tax Ownership of Stock or to Claim a Worthlessness Deduction under Section 382(g)(4)(D)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re            :  **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.**, *et al.*,  :  **16-10429 (SHL)**

          **Debtors.**[1]  :  **(Jointly Administered)**

----------------------------------------------------------------x

### NOTICE OF INTENT TO SELL, TRADE OR
### OTHERWISE DISPOSE OF TAX OWNERSHIP OF STOCK OR TO CLAIM A
### WORTHLESSNESS DEDUCTION UNDER SECTION 382(g)(4)(D)

    PLEASE TAKE NOTICE that [_____] intends to (i) sell, exchange or otherwise dispose of Tax Ownership of _____ shares of the common stock of Republic Airways Holdings Inc. and/or (ii) intends to claim a worthlessness deductions with respect to any shares of the common stock of Republic Airways Holdings Inc. (the "Proposed Transaction" and the "Stock").[2, 3]

    PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of _____ shares of the Stock.

    PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of _____ shares of the Stock.

    PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves the claiming of a worthlessness deduction with respect to Stock, [_____] intends to claim a worthlessness deduction with respect to _____ share of the Stock.

    PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the ~~proposed~~ attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One

---

[1]. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

[3]. Clause (ii) only applies to any person or entity (as such term is defined in Section 1.382-3(a) of the Treasury Regulations) as a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the Tax Code.

Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) ~~proposed~~the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Stockholder]

By:_____
Name:_____

Address: _____
_____
_____
Telephone:_____
Facsimile:_____

Date:_____

**<u>Exhibit 4</u>**

**Substantial Claimholder Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                                     :      **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*   :      **16-10429 (SHL)**

                                                    **Debtors.[1]**   :      **(Jointly Administered)**

-------------------------------------------------------------------x

<u>**SUBSTANTIAL CLAIMHOLDER NOTICE**</u>

        PLEASE TAKE NOTICE that [_____] has Tax Ownership[2] of an aggregate amount of Covered Claims that equals or exceeds the Threshold Amount, measured, where appropriate, by principal and accrued interest as of the Commencement Date. As of _____ _____, 2016 [_____] has Tax Ownership of the following Covered Claims:

| <u>**Debtor**</u> | <u>**Description of Covered Claim**</u> | <u>**Amount of Covered Claim**</u> | <u>**Directly Owned (Y/N)**</u> |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

**1**.  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

**2**.  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the <u>Amended</u> <u>Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates</u> dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that [_____] has Tax Ownership of the following Debt Securities described in Section 10 of the Order that are not, as of the date hereof, treated as Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|--------|------------------------------|-------------------------|----------------------|
|        |                              |                         |                      |
|        |                              |                         |                      |
|        |                              |                         |                      |

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the proposed attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) proposedthe attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Claimholder]

By:_____
Name:_____

Address: _____

_____

_____

Telephone:_____

Facsimile:_____

Date:_____

**<u>Exhibit 5</u>**

**Notice of Completed Sell Down**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                    :    Chapter 11 Case No.

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    :    **16-10429 (SHL)**

                              Debtors.[1]                :    (Jointly Administered)

-------------------------------------------------------------------x

## NOTICE OF COMPLETED SELL DOWN

        PLEASE TAKE NOTICE that [_____] has transferred Tax Ownership[2] of Covered Claims as required by the final Sell Down Notice applicable to it (the "Sell Down").

        PLEASE TAKE FURTHER NOTICE that, after giving effect to the Sell Down, [_____] has Tax Ownership of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|--------|------------------------------|-------------------------|----------------------|
|        |                              |                         |                      |
|        |                              |                         |                      |
|        |                              |                         |                      |

        PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the ~~proposed~~ attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) ~~proposed~~the attorneys for the Committee,

---

[1].   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2].   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

PLEASE TAKE FURTHER NOTICE that [_____] acknowledges and agrees that, pursuant to the Order, (i) any further transactions contemplated by [_____] that result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may be prohibited, and (ii) failure to comply with the obligations and procedures set out in Section 4 of the Order could subject [_____] to the Equity Forfeiture Provisions.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Claimholder]

By:_____
Name:_____

Address: _____
_____
Telephone:_____
Facsimile:_____

Date:_____

2

**<u>Exhibit 6</u>**

**Proposed Covered Claim Transaction Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re                                                :    Chapter 11 Case No.

REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,    :    16-10429 (SHL)

                                    Debtors.[1]    :    (Jointly Administered)

------------------------------------------------------------------x

## PROPOSED COVERED CLAIM TRANSACTION NOTICE

        PLEASE TAKE NOTICE that [_____] intends to purchase, acquire or otherwise obtain Tax Ownership[2] of $_____ of Covered Claims (the "Proposed Transaction"), as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[1]. The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of $_____ of Covered Claims, as set forth below:

| **Debtor** | **Description of Covered Claim** | **Amount of Covered Claim** | **Directly Owned (Y/N)** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of $_____ of Covered Claims.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the proposed attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) proposedthe attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com)); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com)).

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Court, (ii) that any unapproved acquisition of Covered Claims may result in [_____] being subject to the Equity Forfeiture Provisions and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims will require an additional notice to be served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Claimholder]

By:_____
Name:_____

Address: _____
_____
_____
Telephone:_____
Facsimile:_____

Date:_____

**Exhibit 7**

**Proposed Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re                                                           :    Chapter 11 Case No.

REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,    :    16-10429 (SHL)

                                        Debtors.[1]    :    (Jointly Administered)

---------------------------------------------------------------x

NOTICE OF FINAL TRADING ORDER ESTABLISHING NOTIFICATION
PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS
OF CLAIMS AGAINST AND INTERESTS IN DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN
THE DEBTORS:[2]

On February 25, 2016 (the "Commencement Date"), Republic Airways Services,

Inc. ("Republic Services"), Republic Airways Holdings Inc. ("Holdings"), and certain of their

subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, including Republic Services and Holdings, the "Debtors") commenced a case

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Upon

commencement of a chapter 11 case, section 362(a) of the Bankruptcy Code operates as a stay of

any act to obtain possession of property of Republic's estates or of property from Republic's

estates or to exercise control over property of Republic's estates.

On July ___, 2016, the United States Bankruptcy Court for the Southern District of

New York (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion

of the Debtors (the "Motion"), entered an amended order (i) finding that Republic's net operating

---

[1]   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle
    America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.;
    Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and
    addresses are set forth in their respective chapter 11 petitions.
[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order.

loss carryforwards and certain other tax attributes (the "Tax Attributes") are property of Republic's estates and are protected by section 362(a) of the Bankruptcy Code (which operates as a stay of any act to obtain possession of property of Republic's estates or of property from Republic's estates or to exercise control over property of Republic's estates); (ii) finding that unrestricted trading of the common stock of Republic Airways Holdings Inc. (the "Stock") and Covered Claims (as defined herein) could severely limit Republic's ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), and (iii) approving the procedures contained therein (these "Procedures") to preserve the Tax Attributes pursuant to sections 362(a) and 105(a) of the Bankruptcy Code (together with all exhibits thereto, the "Amended Order").

**Any sale or other transfer in violation of the Procedures set forth below shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.**

PLEASE TAKE NOTICE that the following procedures and restrictions have been approved by the Court:

1.    Notice of Substantial Equityholder Status.  Any Person who is or becomes a Tax Owner of at least 2,420,048 shares, which represent approximately 4.75% of the issued and outstanding Stock as of the Commencement Date (a "Substantial Equityholder"), must, on or before the later of: (a) 15 days after the Court's entry of an order approving these Procedures or (b) 10 days after that Person becomes a Substantial Equityholder, serve on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and

(iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings

Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam

C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com),

and David M. Hillman, Esq. (david.hillman@srz.com) a notice (the "Substantial Equityholder

Notice") containing the Tax Ownership information substantially in the form of **Exhibit A**

attached hereto.

2.    Restrictions and Procedures for Trading in Stock.  Any Person that, after

the Commencement Date, except for Axar Capital Management and its affiliates (collectively,

"Axar") and GLG LLC and its affiliates (collectively "GLG") as to which the following

provisions apply prospectively after entry of the Interim Order,

(i)    is not a Substantial Equityholder and wishes to purchase or otherwise
acquire Tax Ownership of an amount of Stock that would cause the Person
to become a Substantial Equityholder;

(ii)    is a Substantial Equityholder and wishes to purchase or otherwise acquire
Tax Ownership of any additional Stock; or

(iii)    is a Substantial Equityholder and wishes to sell or otherwise dispose of
Tax Ownership of any Stock,

must, prior to the consummation of any such transaction, file with the Court (at the holder's

election, in a redacted form that does not include such holder's taxpayer identification number

and the aggregate principal amount of Stock that such holder beneficially owns), and serve on (i)

Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison &

Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq.

(bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq.

(erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of

Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New

York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), an unredacted notice in the form attached hereto as **Exhibit B**, in the case of a proposed acquisition of Stock, or **Exhibit C** hereto, in the case of a proposed disposition of Stock, including the case of a 50 percent shareholder who intends to claim a worthlessness deduction with respect to such Stock (either such notice, a "Proposed Stock Transaction Notice").  The Debtors shall consult with counsel to the Creditors' Committee prior to responding to any Proposed Stock Transaction Notice.  If written approval of the proposed transaction is filed with the Court by Republic within 15 calendar days following the receipt of a Proposed Stock Transaction Notice, then the transaction may proceed.  If written approval of the proposed transaction is not filed by Republic with the Court within such period, then the transaction may not be consummated unless approved by a final and nonappealable order of the Court.  Further transactions within the scope of this Section 2 must be the subject of additional notices as set forth herein with additional waiting periods.

   3.  Restrictions and Procedures for Trading in Covered Claims.

   a.  Any Person that, after the Commencement Date,

   i.  is not a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of an amount of Covered Claims that causes the Person to become a Substantial Claimholder; or

   ii.  is a Substantial Claimholder and purchases or otherwise acquires Tax Ownership of any additional Covered Claims,

will have an obligation, in the event that the Court issues a Sell Down Order at the request of Republic pursuant to Section 4, to sell or otherwise transfer Tax Ownership of an aggregate amount of Covered Claims sufficient to prevent such Person from having Tax Ownership of an amount of the reorganized Debtors' stock as a result of the implementation of the 382($l$)(5) Plan

4

that exceeds the greater of (a) the Applicable Percentage or (b) the percentage specified in the Sell Down Notice applicable to such Person pursuant to Section 4; *provided, however*, that such Person shall not be required to make any sale or other transfer of Tax Ownership of Covered Claims that would result in such Person having Tax Ownership of an aggregate amount of Covered Claims that is less than either (x) the Threshold Amount, as revised from time to time, or (y) such Person's Protected Amount.

b.    Any Person that participates in formulating any chapter 11 plan of reorganization of or on behalf of Republic (which shall include, without limitation, making any suggestions or proposals to Republic or its advisers with regard to such a plan) shall not do so in a manner that makes evident to Republic that any Covered Claims of which such Person has Tax Ownership are Newly Traded Covered Claims (the "Participation Restriction").  For this purpose, Republic acknowledges and agrees that the following activities alone (*i.e.*, as long as there is not any disclosure to Republic that such Person owns Newly Traded Covered Claims) shall not constitute a violation of the Participation Restriction: filing an objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization, voting to accept or reject a proposed plan of reorganization, reviewing or commenting on a proposed business plan, membership on a Creditors' Committee or an *ad hoc* Committee, providing information (other than whether such Person owns Newly Traded Covered Claims) to Republic's counsel on a confidential basis, or taking any action required by the Amended Final Trading Order.  Any

Person found by the Court to have violated the Participation Restriction shall be required to dispose of Newly Traded Covered Claims of which such Person has Tax Ownership (subject to the Equity Forfeiture Provision described in Section 6) to protect Republic's ability to effect successful implementation of the 382(*l*)(5) Plan, except to the extent Republic in its sole discretion agrees to permit such Person to retain such Newly Traded Covered Claims.  For the avoidance of doubt, (i) such Person shall not be permitted to retain Tax Ownership of any Newly Traded Covered Claims if a Sell Down Order has been or is subsequently issued pursuant to Section 4, and (ii) if a Claims Trading Notice Order has been issued pursuant to Section 4(e), such Person shall only be permitted to retain Tax Ownership of Newly Traded Covered Claims to the extent that such retention would not impair Republic's ability to effect the successful implementation of a 382(l)(5) Plan, as determined by Republic in its sole discretion.  Prior to taking any action to enforce the foregoing two sentences, Republic shall consult with counsel to the Creditors' Committee.

4.    Sell Down Procedures.

a.    *Reporting of Substantial Claimholder Status.*  In order to assess the feasibility of implementing a 382(*l*)(5) Plan and the need for petitioning the Court for a Sell Down Order, the Debtors, after consultation with and provision of such information as is reasonably requested by counsel to the Creditors' Committee, may file with the Court and further publish and serve in the manner specified in Section 8 a notice (the "Reporting Notice")

requiring each Substantial Claimholder, within 30 calendar days of Republic's filing of the Reporting Notice with the Court, to serve on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), a notice in the form attached hereto as **Exhibit D** (a "Substantial Claimholder Notice").  A Person that is uncertain whether it is a Substantial Claimholder may serve a Substantial Claimholder Notice in the manner described above in order to preserve its rights under the Amended Final Trading Order.  A Person serving a Substantial Claimholder Notice in the manner described above shall not be required to file the Substantial Claimholder Notice with the Court.  For the avoidance of doubt, Republic will not be precluded from filing more than one Reporting Notice pursuant to this subsection (a).  In addition to the above, Republic shall have a right at its sole discretion to inquire as to how long any Substantial Claimholder or any Person that violated the Participation Restriction has held its claim (and Republic shall notify the Creditors' Committee about any such inquiry), and any such Person shall promptly provide information to Republic and the Creditors' Committee in response to any such inquiry.

       b.     *Petition for Sell Down Order and Notification Procedures*.  After filing a 382(*l*)(5) Plan and Disclosure Statement with respect thereto with the Court, but no later than the expiration of the 75-day period beginning with the date on which Republic files a Reporting

Notice with the Court, Republic may, in consultation with counsel to the Creditors' Committee, file a motion with the Court for the issuance of an order (the "Sell Down Order") that (i) authorizes Republic to issue Sell Down Notices to each Person that has timely filed a Substantial Claimholder Notice showing Tax Ownership of Covered Claims that, pursuant to the terms of the 382(*l*)(5) Plan (and prior to giving effect to the Sell Down Order), would entitle such Person to acquire Tax Ownership of more than the Applicable Percentage of the equity of the reorganized Debtors (a "Potentially Substantial New Equityholder") and (ii) provides that any Person other than a Potentially Substantial New Equityholder shall not be entitled to acquire Tax Ownership of more than the Applicable Percentage of the equity of the reorganized Debtors (or consideration in lieu thereof) if the 382(*l*)(5) Plan is consummated. The motion for a Sell Down Order shall be published and served in the manner described in Section 8. Each Potentially Substantial New Equityholder shall be served with a copy of the motion and the Sell Down Notice applicable to such Person. Counsel to the Creditors' Committee shall be served with a copy of the motion and all Sell Down Notices. For the avoidance of doubt, Republic will not be precluded from filing more than one motion for the issuance of a Sell Down Order pursuant to this subsection (b).

Each Sell Down Notice shall indicate (i) Republic's calculation of the percentage of the equity of the reorganized Debtors of which the Potentially Substantial New Equityholder would otherwise acquire Tax Ownership under the terms of the 382(*l*)(5) Plan, based on the Substantial Claimholder Notice filed by such person (such person's "Preliminary Percentage"), and (ii) the percentage of equity of the reorganized Debtors of which such person will be permitted to acquire Tax Ownership under the 382(*l*)(5) Plan, based on a proportionate reduction to the Preliminary Percentage of each Potentially Substantial New Equityholder (except to the

extent that Republic determines that such a reduction would result in the requirement that a Potentially Substantial New Equityholder sell or otherwise transfer Covered Claims that are not Newly Traded Covered Claims).  For instance, if Potentially Substantial New Equityholders are required to reduce their Preliminary Percentage by 20 percent, a Potentially Substantial New Equityholder whose Preliminary Percentage was 15 percent generally would be required to sell Covered Claims such that it would be entitled to receive no more than 12 percent of the equity of the reorganized Debtors under the 382(*l*)(5) Plan.  If a Potentially Substantial New Equityholder holds more than one category of Covered Claims, the category or categories of Covered Claims to be sold in order to comply with the Sell Down Notice will be left to the discretion of the Potentially Substantial New Equityholder.

>       c.      *Procedures for Objection to a Sell Down Notice.*  A Potentially Substantial New Equityholder in receipt of a Sell Down Notice will be permitted to object, including but not limited to, on any one or more of the following grounds:  (i) the Sell Down Notice applicable to it contains a mathematical error, (ii) compliance with the Sell Down Notice applicable to it would require the Potentially Substantial New Equityholder to reduce its Tax Ownership of Covered Claims below the Threshold Amount (so long as it has complied and continues to comply with the Participation Restriction) or below its Protected Amount or would require it to transfer Tax Ownership of Covered Claims that are not Newly Traded Covered Claims and (iii) Republic's decision to protect the ability to implement a plan utilizing section 382(*l*)(5) through the issuance of the Sell Down Notices is not a reasonable exercise of Republic's business judgment.  If an objection described in clause (i) or (ii) is filed, Republic will be permitted to serve new Sell Down Notices in their discretion.  If an objection described in clause (iii) is raised

by a Potentially Substantial New Equityholder or by the Creditors' Committee, Republic will be required to present to the Court evidence regarding:

    i.    the reasonably expected range of tax attributes available to be carried over under the 382(*l*)(5) Plan to reduce the future U.S. federal income tax liabilities of the Debtors, taking into account, among other things, anticipated reductions in tax attributes under section 108(b) of the Internal Revenue Code that will occur as a result of the implementation of the 382(*l*)(5) Plan and anticipated deductions arising from payments made under the 382(*l*)(5) Plan;

    ii.    the basis for Debtors' belief that the reduction in holdings required by the Sell Down Order (and implemented by the Sell Down Notices) are reasonably necessary and appropriate to ensure that the ownership requirements of section 382(*l*)(5) will be satisfied in connection with the 382(*l*)(5) Plan; and

    iii.    the basis for Republic's belief that there is a reasonable possibility that utilization of section 382(*l*)(5) will be more beneficial to Republic and its estates than utilizing section 382(*l*)(6).

Unless the Court determines otherwise for good cause shown, a Sell Down Order and the related Sell Down Notices will remain effective notwithstanding amendments to the 382(*l*)(5) Plan; provided, however, that if Republic withdraws the 382(*l*)(5) Plan, the Sell Down Notices will have no further effect.

d.    *Procedures for Implementing a Sell Down Order.*  Each transfer of Covered Claims required by a final Sell Down Notice shall occur prior to the later of (i) the date that is 10 calendar days after the date of confirmation of the 382(*l*)(5) Plan, (ii) the date that is 30 calendar days after receipt of the Sell Down Notice and (iii) the date specified in all of the Sell Down Notices.

Once a Potentially Substantial New Equityholder has transferred its Covered Claims in accordance with the preceding paragraph, such Person (i) shall, no later than one business day following the latest date for completing such transfer in accordance with the

preceding paragraph, serve on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for

the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019

(Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com),

and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc

Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP,

919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq.

(adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M.

Hillman, Esq. (david.hillman@srz.com), a notice in the form attached hereto as **Exhibit E** (a

"Notice of Completed Sell Down") and (ii) under no circumstances shall acquire additional

Covered Claims in a manner that would increase the amount of the reorganized Debtors' equity

to which such Person would be entitled pursuant the implementation of the 382(*l*)(5) Plan above

the percentage specified in the Sell Down Notice applicable to such Person.

A Person that would otherwise be prohibited by the Sell Down Order from

acquiring a Covered Claim but is permitted to do so pursuant to the fourth and fifth decretal

paragraphs of the Amended Final Trading Order (relating to property described in Section 1110

of the Bankruptcy Code) shall, within the later of (i) the date for complying with a Sell Down

Notice, (ii) the date 15 days prior to the scheduled effective date of the 382(l)(5) Plan and (iii) the

date such acquisition is completed, divest itself of Tax Ownership of an amount of Covered

Claims such that, following the divestiture, the Person would not be entitled to acquire Tax

Ownership of an amount of equity of the reorganized Debtors pursuant to the implementation of

the 382(l)(5) Plan in excess of the amount specified on the Sell Down Notice applicable to such

Person (or, if there is none, the Applicable Percentage).  A Person may object to the requirement

of the preceding sentence, including but not limited to, on the grounds that compliance would

result in such Person's having Tax Ownership of an amount of Covered Claims that is less than the Threshold Amount (so long as it has complied and continues to comply with the Participation Restriction) or its Protected Amount. Notice of such an objection must be served on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), no later than the second business day following the date on which such Person becomes aware of the grounds for such objection, and in any event no later than the date on which the divestiture would be required.  Upon receipt of such an objection, Republic may, following consultation with counsel to the Creditors' Committee, issue revised Sell Down Notices if they consider it advisable to do so.

      e.    *Procedure if no Sell Down Notices are Required.*  If Republic determines, based on the Substantial Claimholder Notices filed in response to the Reporting Notice, that no Sell Down Notices appear necessary in order to implement the 382(*l*)(5) Plan, Republic may move the Court for an order requiring advance notice of certain acquisitions of Covered Claims (the "Claims Trading Notice Order").  Under the Claims Trading Notice Order,

            i.    any Potentially Substantial New Equityholder proposing to acquire Covered Claims in a transaction following which such Person would have Tax Ownership of Covered Claims that, pursuant to the terms of the 382(*l*)(5) Plan, would entitle such Person to receive equity of the reorganized Debtors in excess of the amount of equity to which such

Person would have been entitled based on the holdings reported on such Person's Substantial Claimholder Notice, and

ii.    any Person that would become a Potentially Substantial New Equityholder by virtue of a proposed acquisition of Covered Claims

will be required, prior to the consummation of any such transaction, to serve on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), a notice in the form attached hereto as **Exhibit F** (a "Proposed Covered Claim Transaction Notice").  The same procedures applicable to a Proposed Stock Transaction Notice (described in Section 2) will apply with respect to a Proposed Covered Claim Transaction Notice.  If Republic does not give written consent to the proposed transaction and the Person that has delivered the Proposed Covered Claim Transaction Notice requests a hearing, the procedures described in Section 4(c) will apply.

In addition, the Claims Trading Notice Order will require any Person that has acquired Tax Ownership of Covered Claims for which it did not file a Substantial Claimholder Notice and as to which a motion would have been required under the preceding paragraph, but for the fact that such acquisition occurred prior to the entry of the Claims Trading Notice Order, to serve notice of such fact on (i) Republic, (ii) the attorneys for Republic (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019

(Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com), and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), within 15 calendar days of the entry of the Claims Trading Notice Order. If Republic determines that the retention by such Person of such Covered Claims could jeopardize the implementation of the 382(*l*)(5) Plan, they will serve a Sell Down Notice on such Person, in which case the procedures described in Section 4(c) will apply. The provisions of this paragraph will also apply to a Person that is exempted by the fourth and fifth decretal paragraphs of the Amended Final Trading Order (relating to property described in Section 1110 of the Bankruptcy Code) from giving the advance notice otherwise required by the preceding paragraph with respect to an acquisition of Covered Claims. In such a case, notice of the acquisition must be served on the (i) Republic, (ii) Republic's counsel (iii) counsel to the Creditors' Committee, and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com) within the earlier of (i) the date that is 15 calendar days after the date of such acquisition and (ii) the later of the date of such acquisition and the date that is 15 calendar days prior to the scheduled effective date of such 382(*l*)(5) Plan.

f.    *Qualified Transfer Exception.*  No person shall be subject to the advance approval of acquisition provisions of Paragraph 4(e) herein or, in the case of Claims that are part

14

of the transferor's Protected Amount, the sell down provisions set forth in Paragraphs 3 and 4

herein, with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii);

provided, however, that such transfer is not for a principal purpose of obtaining stock in the

reorganized debtors (or any successor) or permitting the transferee to benefit from the losses of

the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

       5.      Confidentiality. The Debtors, their counsel, counsel to the Creditors'

Committee, and counsel to the Ad Hoc Committee of Equity Holders of Republic Airways

Holdings Inc., shall keep all information provided in all notices delivered pursuant to the

Amended Final Trading Order strictly confidential and shall not disclose the contents thereof to

any person (including any member of any Creditors' Committee), except (i) to the extent

necessary to respond to a petition or objection filed with the Court, (ii) to the extent otherwise

required by law or (iii) to the extent that the information contained therein is already public;

*provided, however*, that Republic and the Creditors' Committee may disclose the contents thereof

to their professional financial advisers, who shall keep all such notices strictly confidential and

shall not disclose the contents thereof to any other person subject to further Court order.  To the

extent confidential information is necessary to respond to a petition or objection filed with the

Court, such confidential information shall be filed under seal or in redacted form, without

prejudice to the rights of any party in interest to seek to make public any portion of the pleadings

and/or documents filed under seal pursuant to the Amended Final Trading Order.  For the

avoidance of doubt, the foregoing provisions shall not preclude Republic from including in its

unredacted, unsealed filings with the Court summary information regarding the amount of equity

of the reorganized Debtors that Potentially Substantial New Equityholders (not identified by

name or otherwise) would be expected to receive under the terms of the 382(*l*)(5) Plan before and after the implementation of the Sell Down Order.

6.       Sanctions for Noncompliance.

a.       *Noncompliance Relating to Stock.*  Acquisitions and dispositions of Tax Ownership of Stock in violation of the restrictions and procedures set forth in Section 2 shall be void *ab initio*, and the sanction for violating Section 2 shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

b.       *Noncompliance Relating to a Sell Down Notice or a Claims Trading Notice Order.*  In the event that any Person fails to comply with a final Sell Down Notice applicable to it, such Person shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of the 382(*l*)(5) Plan in excess of the greater of (i) the Applicable Percentage (which, only with respect to such Person, shall be deemed to be zero unless such Person has complied and continues to comply with the Participation Restriction) or (ii) the percent specified on such Sell Down Notice. Any Person that did not file a Substantial Claimholder Notice shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in excess of the Applicable Percentage in connection with the implementation of the 382(*l*)(5) Plan. Any Person that acquires Covered Claims in violation of a Sell Down Order or a Claims Trading Notice Order shall not be entitled to acquire Tax Ownership of any equity of the reorganized Debtors (or consideration in lieu thereof) in connection with the implementation of the 382(*l*)(5) Plan in excess of the percentage of equity to which such Person would have been entitled had it not acquired such Covered Claims.  The foregoing sanctions (the "Equity Forfeiture Provisions") shall be effective without any further order of the Court. Any purported

acquisition of Tax Ownership of stock of the reorganized Debtors pursuant to the implementation of the 382(*l*)(5) Plan that is precluded by the Equity Forfeiture Provisions (such stock the "Forfeited Equity") shall be void *ab initio*.  Any Person that receives Forfeited Equity shall, immediately upon becoming aware of such fact, return such Forfeited Equity to Republic or, if all of the shares properly issued to such Person and all or any portion of such Forfeited Equity have been sold prior to the time such Person becomes aware of such fact, such Person shall return to Republic (i) any Forfeited Equity still held by such Person and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold shares as Forfeited Equity.  Any Person that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Court may determine.  In no event, however, shall an acquisition or disposition of Tax Ownership of Covered Claims be rendered void or unenforceable by reason of the Amended Final Trading Order.

7.    Discretionary Waiver by Debtors.  The Debtors, with the consent of the Creditors' Committee or pursuant to an order of the Court, may waive any sanctions, remedies or notification procedures imposed by the Amended Final Trading Order; *provided, however,* that any such waiver shall be filed with the Court.

8.    Notice Procedures.  Within three business days of the entry of the Amended Final Trading Order, Republic shall (i) submit a publication notice of the entry of the Amended Final Trading Order (substantially in the form attached as **Exhibit B** to the Motion) for posting on the Bloomberg newswire service and the Depository Trust Company Legal Notice System (also known as LENS); (ii) post such notice together with a copy of the Amended Final Trading Order on Republic's case information website (www.primeclerk.com/RJET); and (iii) serve this notice of the entry of the Amended Final Trading Order on (1) the Office of the United

17

States Trustee for the Southern District of New York; (2) all indenture trustees, owner trustees or transfer agents for the Covered Claims or Stock, as applicable; (3) those creditors holding the ten (10) largest secured claims against Republic's estates on a consolidated basis; (4) those creditors holding the forty (40) largest unsecured claims against Republic's estates on a consolidated basis; (5) the attorneys for the agents under Republic's prepetition revolving credit facilities; (6) the attorneys for the International Brotherhood of Teamsters; (7) the attorneys for Republic's Codeshare Partners; (8) counsel to the Creditors' Committee; (9) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc.; (10) any identified Substantial Equityholders and Substantial Claimholders; (11) the Internal Revenue Service; (12) the Securities and Exchange Commission; and (13) the United States Attorney's Office for the Southern District of New York.  Upon receipt of such notice and at least once every three months during the pendency of these chapter 11 cases, all indenture trustees, owner trustees and transfer agents shall send the notice to all holders of Covered Claims of more than $22.5 million or at least 2,420,048 shares of Stock, as applicable, registered with the indenture trustee, owner trustee or transfer agent.  Any registered holder shall, in turn, provide the notice to any holder for whose account the registered holder holds Covered Claims of more than $22.5 million or at least 2,420,048 shares of Stock, as applicable.  Any such holder shall, in turn, provide the notice to any Person for whom the holder holds Covered Claims of more than $22.5 million or at least 2,420,048 shares of Stock, as applicable. Any Person, or broker or agent acting on such Person's behalf, that sells Covered Claims in the aggregate amount of $22.5 million or sells an aggregate amount of at least 2,420,048 shares of Stock (or an option with respect thereto) to another Person (other than pursuant to a transaction consummated on the NASDAQ) shall provide a copy of the notice to such purchaser or to any broker or agent acting on such purchaser's behalf. Similar

procedures shall apply if Republic files a Reporting Notice, a motion for a Sell Down Order or a change to the definition of the Threshold Amount with the Court.

Upon receipt of such notice of Amended Final Trading Order, any broker, bank, dealer or other agent or nominee of a beneficial holder (each a "Nominee") of Equity Securities will be required, within five (5) business days of receipt of such notice and on at least a quarterly basis thereafter, to send the notice of Amended Final Trading Order to all beneficial holders of Equity Securities on whose behalf such Nominee holds Equity Securities.  To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the notice of Amended Final Trading Order to any holder for whose account such holder holds Equity Securities, and so on down the chain of ownership.

9.    Special Rules.  A Person acquiring or disposing of Tax Ownership of Stock or Covered Claims in the capacity of Agent of another Person shall not be treated as a Substantial Equityholder or Substantial Claimholder solely to the extent acting in the capacity of Agent, and shall not have an affirmative duty to inquire whether the account, customer, investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements under the Amended Final Trading Order; *provided, however,* that the account, customer, fund, principal, trust, or beneficiary shall not be excluded from the Amended Final Trading Order by reason of this subsection.  Specifically and for the avoidance of doubt, the trustee of any trust, any indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent or transfer agent, in each case for any ownership interests, bonds, debentures, pass-through certificates (whether offered publicly or privately, "PTCs"), equipment trust certificates (whether offered publicly or privately, "ETCs"), enhanced equipment trust certificates (whether offered publicly or privately, "EETCs"), enhanced pass-through trust certificates, property or other debt

securities (collectively, "Debt Securities") (i) issued by any of the Debtors, (ii) issued by any governmental or quasi-governmental authority for the benefit of any of the Debtors, (iii) secured by assets of any of the Debtors or agreements with respect to such assets or (iv) secured by assets leased to any of the Debtors (any such person, a "Trustee"), shall not be treated as a "Substantial Claimholder" solely to the extent acting in the capacity described above; *provided, however,* that neither any transferee of Covered Claims nor any Person who has Tax Ownership of a Covered Claim held by a Trustee shall be excluded solely by reason of this provision. No Trustee shall be subject to the Amended Final Trading Order or have or incur any liability for noncompliance with the Amended Final Trading Order to the extent such Trustee follows its standard practices or acts in accordance with its respective prepetition governing documents with respect to (i) any transfer of Debt Securities or ownership interests in assets leased to Republic, (ii) any payments relating thereto or (iii) any actions taken in accordance with the instructions of holders of Debt Securities or ownership interests for which such Trustee acts.

10.     Continued Compliance with Other Applicable Laws and Rules. The requirements set forth in the Amended Final Trading Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

11.     Definitions. For purposes of the Amended Final Trading Order:

"**382(*l*)(5) Plan**" means a plan of reorganization for Republic under chapter 11 of the Bankruptcy Code pursuant to which there is a reasonable possibility that section 382(*l*)(5) will be utilized and which provides that transfers of Tax Ownership of the reorganized Debtors' equity will be subject to reasonable restrictions for not less than two years after the reorganization.

"**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse or trustee (including a Trustee but not including a trustee qualified under section 401(a) of the Internal Revenue Code).

"**Applicable Percentage**" means, if only one class of common equity of the reorganized Debtors is to be issued pursuant to the terms of a 382(*l*)(5) Plan, 4.75 percent of the number of such shares that Republic  reasonably estimates will be issued at the effective time of such 382(*l*)(5) Plan.  If more than one class of equity of the reorganized Debtors is to be distributed pursuant to the terms of a 382(*l*)(5) Plan, the Applicable Percentage shall be determined by Republic  in its reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

"**Covered Claims**" means any claims within the meaning of section 101(5) of the Bankruptcy Code against one or more Debtors that is not a secured claim, *provided that*

(i) in the case of a secured claim, that portion of the claim (including such portion attributable to accrued and unpaid interest) that exceeds the fair market value of the security shall be considered a Covered Claim;

(ii) all debt instruments issued by an obligor (other than any of the Debtors) in a leveraged lease transaction involving the lease or sublease of aircraft to any of the Debtors (such transaction, a "Leveraged Lease Structure"), and all ETCs, PTCs and/or EETCs issued solely in respect of a Leveraged Lease Structure (collectively, "Leveraged Lease Obligations") shall not be treated as Covered Claims against Republic ; *provided, however,* that holders of Leveraged Lease Obligations shall be treated as acquiring underlying Covered Claims against Republic  if and when the holder or the Trustee or other Agent acting on behalf of the holder of such Leveraged Lease Obligations, as the case may be, has acquired underlying Covered Claims from the equity participant or lessor pursuant to a foreclosure, a voluntary or involuntary transfer or any other acquisition of collateral.  After the occurrence of any such event, any holder of Covered Claims who becomes a Substantial Claimholder shall comply with the requirements of Section 3(c); provided, however, that the initial grant (or subsequent transfer) of a security interest in Covered Claims shall not be treated as a foreclosure, a voluntary or involuntary transfer or any other acquisition for the above purpose;

(iii) if a holder of a claim is uncertain as to the extent to which such claim is unsecured, such holder may serve upon Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic  shall, in consultation with the requesting holder, reasonably determine, solely for purposes of the Amended Final Trading Order, the unsecured portion of the applicable claim at such time;

(iv) if a holder of claims is uncertain as to whether it is a holder of ETCs, PTCs and/or EETCs issued solely in a Leveraged Lease Structure or issued in a

21

non-Leveraged Lease Structure, such holder may serve upon t Republic and Republic's counsel, written notice of the requesting holder's uncertainty along with a description of the underlying claim; and within 10 calendar days after actual receipt of such notice, Republic  shall inform the applicable holder as to whether the ETCs, PTCs and/or EETCs were issued in a Leveraged Lease Structure or in a non-Leveraged Lease Structure; and

(v) if a holder of claims is uncertain as to the extent to which the Amended Final Trading Order applies to it, it can consult counsel to the Creditors' Committee.

For purposes of clauses (iii) and (iv), Republic's determination is not binding on the holders and shall not preclude a holder from seeking a determination from the Court.

"**Effective Time**" means the time of effectiveness of the Final Trading Order.

"**Newly Traded Covered Claims**" means Covered Claims (i) of which a Person acquired Tax Ownership after the date that was 18 months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury regulations section 1.382-9(d)(2)(iv), of which the same Person has always had Tax Ownership.  For the avoidance of doubt, a transferee will be deemed to have owned such Covered Claims for the period that such Covered Claims were owned by the transferor if such Covered Claims were transferred in a "qualified transfer" within the meaning of Treasury regulations section 1.382-9(d)(5).

"**Person**" means a person or Entity (as such term is defined in Treasury regulations section 1.382-3(a)  but for purposes of that definition also applying to a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of debt as described in Treasury regulations section 1.382-9(d)(3)(ii)(A)).

"**Protected Amount**" means the amount of Covered Claims of which a Person has Tax Ownership at the Effective Time,

(i) increased by (A) the amount of Covered Claims of which such Person acquires Tax Ownership pursuant to contracts entered into before the Effective Time and (B) the amount of Covered Claims of which such Person acquires Tax Ownership after the Effective Time pursuant to the exercise of rights under a secured debt instrument (including a voluntary foreclosure) of which such Person has Tax Ownership before the Effective Time, minus the amount of Covered Claims of which such Person disposes pursuant to contracts entered into before the Effective Time;

22

(ii) increased by the amount of Covered Claims of which such Person acquires Tax Ownership from another Person that are Newly Traded Covered Claims in the hands of the transferor, if either (x) both the transferor and the transferee are Substantial Claimholders immediately before the transfer; or (y) the transferor is a Substantial Claimholder immediately before the transfer and the transferee becomes a Substantial Claimholder as a result of the transfer, but the transferor ceases to be a Substantial Claimholder as a result of the transfer, and the transferor has complied and continues to comply with the Participation Restriction; *provided* that the transferee's Protected Amount shall only be increased to the extent that the aggregate amount of Newly Traded Covered Claims of which the transferor has Tax Ownership immediately before the transfer exceeds the aggregate amount of Newly Traded Covered Claims of which the transferee has Tax Ownership immediately before the transfer, and the transferor has complied and continues to comply with the Participation Restriction; and *provided* that, in the case of (x) and (y), the transferee's Protected Amount shall only be increased to the extent that (i) the amount transferred to the transferee does not exceed the transferor's Protected Amount immediately before the transfer and (ii) the transferee can demonstrate that the transferor is bound by a written agreement to reduce its Protected Amount by a corresponding amount; and

(iii) decreased by the amount of Covered Claims held by such Person as of the Effective Time that are not Newly Traded Covered Claims in the hands of such Person and that are subsequently disposed of by such Person.

"**Sell Down Notice**" means a notice to a Potentially Substantial New Equityholder requiring the Potentially Substantial New Equityholder to transfer Covered Claims in accordance with Sections 3 and 4.

"**Substantial Claimholder**" means a Person that has Tax Ownership of an aggregate amount of Covered Claims, measured where applicable by principal and accrued interest as of the Commencement Date, that equals or exceeds the Threshold Amount (as determined from time to time).

"**Tax Ownership**" means beneficial ownership of a Covered Claim or of Stock as determined in accordance with applicable rules under section 382 and, to the extent provided in those rules shall include, but not be limited to, direct and indirect ownership (e.g., a holding company would be considered to have Tax Ownership of all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form). Any variation of the term Tax Ownership shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Tax Ownership of Covered Claims shall be determined as if such Covered Claims were stock of Republic .

23

"**Threshold Amount**" means $22.5 million.  The Debtors will periodically review the definition of the Threshold Amount, in consultation with the Creditors' Committee, with a view to ensuring the reasonableness thereof, but in no event shall the Threshold Amount be decreased with retroactive effect.  Any changes to the definition of the term Threshold Amount will be filed with the Court and served and published in the manner described in Section 8. For the avoidance of doubt, the Creditors' Committee may, at any time, submit updated amounts for the Court's consideration and entry by way of an amendment to this order.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED SALE, TRADE OR OTHER TRANSFER OF THE STOCK OR COVERED CLAIMS IN VIOLATION OF THE AMENDED FINAL TRADING ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES OR SANCTIONS BEING IMPOSED BY THE COURT.**

**Exhibit A**

**Substantial Equityholder Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**----------------------------------------------------------------x**

**In re                                                    :    Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    **:    16-10429 (SHL)**

**                                              Debtors.[1]         :    (Jointly Administered)**

**----------------------------------------------------------------x**

## SUBSTANTIAL EQUITYHOLDER NOTICE

            PLEASE TAKE NOTICE that as of _____ _____, 2016, _____ has Tax Ownership[2] of _____ shares of the common stock of Republic Airways Holdings Inc. (the "Stock").

            PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com).

            This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

---

[1]   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

_____
[Name of Stockholder]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**Exhibit B**

**Notice of Intent to Purchase, Acquire or Otherwise Obtain Tax Ownership of Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re                                                   :    Chapter 11 Case No.

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    :    16-10429 (SHL)

                                        Debtors.[1]        :    (Jointly Administered)

-------------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE, ACQUIRE
### OR OTHERWISE OBTAIN TAX OWNERSHIP OF STOCK

PLEASE TAKE NOTICE that _____ intends to purchase, acquire or otherwise obtain Tax Ownership of _____ shares of the common stock of Republic Airways Holdings, Inc. (the "Proposed Transaction" and the "Stock").[2]

PLEASE TAKE FURTHER NOTICE that that, prior to giving effect to the Proposed Transaction, _____ has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, _____ would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New

---

[1]   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Acquirer]

By: _____
Name: _____

Address: _____
_____
Telephone: _____
Facsimile: _____

Date: _____

**Exhibit C**

**Notice of Intent to Sell, Trade or Otherwise Dispose of Tax Ownership of Stock or to Claim a Worthlessness Deduction under Section 382(g)(4)(D)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                                           :      Chapter 11 Case No.

REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,       :      16-10429 (SHL)

                                                    Debtors.[1]            :      (Jointly Administered)

-------------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE OR
## OTHERWISE DISPOSE OF TAX OWNERSHIP OF STOCK OR TO CLAIM A
## WORTHLESSNESS DEDUCTION UNDER SECTION 382(g)(4)(D)

PLEASE TAKE NOTICE that [_____] intends to (i) sell, exchange or otherwise dispose of Tax Ownership of _____ shares of the common stock of Republic Airways Holdings Inc. and/or (ii) intends to claim a worthlessness deductions with respect to any shares of the common stock of Republic Airways Holdings Inc. (the "Proposed Transaction" and the "Stock").[2, 3]

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of _____ shares of the Stock.

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves the claiming of a worthlessness deduction with respect to Stock, [_____] intends to claim a worthlessness deduction with respect to _____ share of the Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and

[1]   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.
[2]   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").
[3]   Clause (ii) only applies to any person or entity (as such term is defined in Section 1.382-3(a) of the Treasury Regulations) as a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the Tax Code.

Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Bankruptcy Court, (ii) any transaction purportedly consummated in violation of the Order will be void ab initio and will result in the imposition of sanctions as provided in the Order and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Stock will each require an additional notice be filed with the Bankruptcy Court and served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Stockholder]

By:_____
Name:_____

Address:_____
_____
_____
Telephone:_____
Facsimile:_____

Date:_____

**Exhibit D**

**Substantial Claimholder Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

**In re** _____ :     **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*     :     **16-10429 (SHL)**

_____ **Debtors.[1]**     :     **(Jointly Administered)**

----------------------------------------------------------------x

### SUBSTANTIAL CLAIMHOLDER NOTICE

PLEASE TAKE NOTICE that [_____] has Tax Ownership[2] of an aggregate amount of Covered Claims that equals or exceeds the Threshold Amount, measured, where appropriate, by principal and accrued interest as of the Commencement Date. As of _____, 2016 [_____] has Tax Ownership of the following Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|--------|------------------------------|--------------------------|----------------------|
|        |                              |                          |                      |
|        |                              |                          |                      |
|        |                              |                          |                      |

---

[1]    The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]    Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that [_____] has Tax Ownership of the following Debt Securities described in Section 10 of the Order that are not, as of the date hereof, treated as Covered Claims:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|--------|------------------------------|--------------------------|----------------------|
|        |                              |                          |                      |
|        |                              |                          |                      |
|        |                              |                          |                      |

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Claimholder]

By:_____
Name:_____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____

**Exhibit E**

**Notice of Completed Sell Down**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re                                                    :    Chapter 11 Case No.

REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,    :    16-10429 (SHL)

                                          Debtors.[1]    :    (Jointly Administered)

------------------------------------------------------------------x

## NOTICE OF COMPLETED SELL DOWN

PLEASE TAKE NOTICE that [_____] has transferred Tax Ownership[2] of Covered Claims as required by the final Sell Down Notice applicable to it (the "Sell Down").

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Sell Down, [_____] has Tax Ownership of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison &

[1]   The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]   Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and  (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn:  Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

PLEASE TAKE FURTHER NOTICE that [_____] acknowledges and agrees that, pursuant to the Order, (i) any further transactions contemplated by [_____] that result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims may be prohibited, and (ii) failure to comply with the obligations and procedures set out in Section 4 of the Order could subject [_____] to the Equity Forfeiture Provisions.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,


_____
[Name of Claimholder]

By:_____
Name:_____

Address:_____
_____
Telephone:_____
Facsimile:_____

Date:_____

**Exhibit F**

**Proposed Covered Claim Transaction Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------x**

**In re**                                   **:**    **Chapter 11 Case No.**

**REPUBLIC AIRWAYS HOLDINGS INC.,** *et al.,*    **:**    **16-10429 (SHL)**

                            **Debtors.[1]**    **:**    **(Jointly Administered)**

**---------------------------------------------------------------x**

**PROPOSED COVERED CLAIM TRANSACTION NOTICE**

PLEASE TAKE NOTICE that [_____] intends to purchase, acquire or otherwise obtain Tax Ownership[2] of $_____ of Covered Claims (the "Proposed Transaction"), as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

---

[1]  The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

[2]  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Final Trading Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors' Estates dated _____, 2016 (the "**Order**").

PLEASE TAKE FURTHER NOTICE that, before giving effect to the Proposed Transaction, [_____] has Tax Ownership of $_____ of Covered Claims, as set forth below:

| Debtor | Description of Covered Claim | Amount of Covered Claim | Directly Owned (Y/N) |
|--------|------------------------------|-------------------------|----------------------|
|        |                              |                         |                      |
|        |                              |                         |                      |
|        |                              |                         |                      |

PLEASE TAKE FURTHER NOTICE that, after giving effect to the Proposed Transaction, [_____] would have Tax Ownership of $_____ of Covered Claims.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, this Notice is being served upon (i) Republic Airways Holdings Inc., 8909 Purdue Road, Suite 300, Indianapolis, Indiana 46268; (ii) the attorneys for Republic, Zirinsky Law Partners PLLC, 375 Park Avenue, Suite 2607, New York, New York 10152 (Attn: Bruce R. Zirinsky, Esq. (bzirinsky@zirinskylaw.com), Sharon J. Richardson, Esq. (srichardson@zirinskylaw.com), and Gary D. Ticoll, Esq. (gticoll@zirinskylaw.com)) and Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Christopher K. Kiplok, Esq. (chris.kiplok@hugheshubbard.com) and Gabrielle Glemann, Esq. (gabrielle.glemann@hugheshubbard.com)); (iii) the attorneys for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019 (Attn: Brett H. Miller, Esq. (bmiller@mofo.com), Todd M. Goren, Esq. (tgoren@mofo.com), and Erica J. Richards, Esq. (erichards@mofo.com); and (iv) the attorneys for the Ad Hoc Committee of Equity Holders of Republic Airways Holdings Inc., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. (adam.harris@srz.com), Lawrence V. Gelber, Esq. (lawrence.gelber@srz.com), and David M. Hillman, Esq. (david.hillman@srz.com), pursuant to the Order.

[_____] further acknowledges and agrees that (i) if the Debtors do not provide written approval of the Proposed Transaction within 15 calendar days of the date of this notice, the Proposed Transaction may not be consummated unless approved by a final and nonappealable order of the Court, (ii) that any unapproved acquisition of Covered Claims may result in [_____] being subject to the Equity Forfeiture Provisions and (iii) any further transactions contemplated by [_____] that may result in [_____] purchasing, acquiring or otherwise obtaining Tax Ownership of additional Covered Claims will require an additional notice to be served in the same manner as this notice.

This notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

_____
[Name of Claimholder]

By: _____
Name: _____

Address: _____
_____
Telephone: _____
Facsimile: _____

Date: _____

Document comparison by Workshare Compare on Monday, July 11, 2016
4:50:56 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://US-DMS/US/71025389/1 |
| Description | #71025389v1<US> - Republic - NOL Procedures Order For Redline |
| Document 2 ID | interwovenSite://US-DMS/US/70992225/2 |
| Description | #70992225v2<US> - Republic - Amended NOL Procedures Order |
| Rendering set | HHR Strikethrough |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 501 |
| Deletions | 32 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 533 |