Hearing Date: July 20, 2016 at 11:00 a.m. (Eastern)

MORRISON & FOERSTER LLP
250 W 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Todd M. Goren
Erica J. Richards

*Counsel for the Official Committee*
*of Unsecured Creditors of Republic Airways Holdings Inc., et al.*

| | | |
|---|---|---|
| In re | ) ) | Chapter 11 |
| REPUBLIC AIRWAYS HOLDINGS INC., *et al.*, | ) ) ) | Case No. 16-10429 (SHL) |
| Debtors. | ) ) ) | Jointly Administered |

**MORRISON & FOERSTER LLP'S REPLY TO RESPONSE OF THE
UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS FOR FIRST
INTERIM AWARDS OF COMPENSATION AND REIMBURSEMENT OF
<u>OUT-OF-POCKET EXPENSES</u>**

ny-1239889

Morrison & Foerster LLP ("M&F" or the "Firm"), bankruptcy counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of the debtors and debtors in possession (collectively, the "Debtors"), submits this reply (the "Reply") to the *Response of the United States Trustee* (the "Trustee") *Regarding Fee Applications for First Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses* [Docket No. 746] (the "Objection") (the "Objection"). In further support of the *First Interim Application of Morrison & Foerster LLP as Attorneys to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period March 4, 2016 through April 30, 2016* [Docket No. 662] (the "Application"),[1] M&F states as follows:

## BURDEN OF PROOF

1.     The applicant bears the burden of proof on its claim for compensation. See, e.g., Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'Ship, 369 B.R. 111, 115 (S.D.N.Y. 2007) (citing In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). However, "[a] party opposing a fee application must carry the burden of explaining what therein is unreasonable or, at least, what would be reasonable under the circumstances. Absent such evidence by the objectant, the opposition fails." In re Blackwood Assocs., L.P., 165 B.R. 108, 112 (Bankr. E.D.N.Y. 1994). M&F submits that, except as otherwise noted herein, the Application is sufficient to establish the reasonableness of its requested compensation and expenses. Set forth below are additional disclosures and information that rebut or respond to each of the points raised in the Trustee's Objection.

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection or the Application, as applicable.

1

ny-1239889

## REPLY

2.   The Trustee objects to M&F's request for reimbursement of expenses for Pacer charges in the approximate amount of $305.60, of which $161.40 was attributable to Pacer research relating to the Debtors' cases.  The United States Trustee objects to the Pacer charges related to the Debtors' cases because "the information should have been available on the Debtors' Claims Agent's website." (Obj. at 16).  Regarding M&F's other Pacer charges, the Trustee requested that M&F "explain the reason for the research and, if applicable, why information available on other claims agent websites was not used." (Id.)

3.   With respect to M&F's use of Pacer to research other cases, that research included locating precedent related to Seabury's retention application, the Delta DIP Motion and Delta Code Share Motion, and the Committee's objection to the Delta DIP Motion and Delta Code Share Motion.  Because there are multiple claims agent websites, each of which only carries a subset of cases, and because claims agent websites often to do not continue to make filings available once a case is closed, it would be exceedingly inefficient—and in many circumstances likely more expensive—to locate exemplars by searching multiple claims agent websites rather than Pacer.  Nonetheless, going forward, M&F will seek to minimize its use of Pacer to the extent pleadings are available free of charge from other providers and it is otherwise cost-efficient to do so.

4.   With respect to Pacer research relating to the Debtors' cases, claims agent websites are sometimes updated less quickly or frequently than Pacer.  Accordingly, there are certain circumstances (for example, where time is of the essence), when M&F is compelled to rely on Pacer, notwithstanding the availability of the claims agent website.  Nonetheless, in order to resolve the UST's objection, M&F is willing agree to reduce its requested expenses by $161.40 on account of expenses attributable to Pacer research relating to the Debtors' cases.

2

ny-1239889

5. The Trustee also requested "additional substantiation for meal expenses in the amount of $600.00 for lunch and dinner on April 5, 2016 for 15 unidentified individuals." (Obj. at 16). The two meal charges referenced in the Objection were in fact for a single lunch for thirty attendees, which was ordered from two different vendors to accommodate meal preferences/restrictions and limitations on order size. The lunch was for an in-person meeting among the Committee, its professionals, and the representatives and professionals of the Debtors. The meal charges were invoiced on April 5, 2016, although the meeting was held on April 6, 2016. As reflected in the backup documentation attached as Exhibit A, the meal charges for the April 6th meeting exceeded the $20 per person meal cap under the Trustee's fee guidelines. However, the Application only seeks reimbursement of $600 (i.e., $20 per person), which is within the cap.

6. M&F believes that its requested compensation and expenses are reasonable and appropriate, and submits that, in light of the explanations and the additional information provided in this Reply and M&F's agreement to reduce its requested expense by $161.40 as set forth above, the Trustee's Objection to the Application should be overruled.

WHEREFORE, M&F respectfully requests that the Court enter an order (a) approving interim compensation in the sum of $919,459.50 and interim reimbursement of expenses in the sum of $9,303.47 (reduced from $9,464.87 as requested in the Application), and directing prompt payment of all compensation and expenses not previously paid, and (b) granting to M&F such other and further relief as the Court may deem proper.

| | |
|---|---|
| New York, New York<br>Dated: July 15, 2016 | /s/ Brett H. Miller<br>Brett H. Miller<br>Todd M. Goren<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>250 W. 55th St.<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Official Committee of Unsecured Creditors of Republic Airways Holdings Inc., et al.* |

**Exhibit A**

**Exhibit A**

$300.00 Invoice 5526633

| 1716375534 | Richards Erica | 05-Apr-16 02:05 PM | 076544-0000001 | 14078 | Food Merchants Catering & Catering | $442.25 | $45.14 | $0.00 | $0.00 | $66.34 | $19.38 | $573.11 |

Comment: Erica Richards 76544-1, 21E, 15ppl, Republic Airways

$300 Invoice 5526633

| 1716433969 | Richards Erica | 05-Apr-16 05:09 PM | 076544-0000001 | 14078 | Berkeley Caterers | Catering | $960.00 | $97.98 | $0.00 | $96.00 | $144.00 | $45.43 | $1,343.41 |

Comment: Erica Richards 76544-1, 21E, 15ppl Republic Airways