**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,[1] | ) | 16-10429 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**COVERSHEET FOR FIRST AND FINAL FEE APPLICATION OF KORN FERRY INTERNATIONAL, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS BOARD SEARCH CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM <u>NOVEMBER 22, 2016 THROUGH APRIL 30, 2017</u>**

Name of Applicant:       Korn Ferry International, Inc.

Authorized to Provide
Professional Services to:       Official Committee of Unsecured Creditors of Republic Airways Holdings Inc., *et al*.

Date of Retention:       January 3, 2017 *Nunc Pro Tunc* to November 22, 2016

Period for Which Final Compensation
and Reimbursement is Sought:       November 22, 2016 through April 30, 2017

Amount of Final Compensation Sought
as Actual, Reasonable and Necessary:       $425,600.00

Amount of Final Expense Reimbursement
Sought as Actual, Reasonable and Necessary:       $19,392.00

This is a final fee application.

---

[1] The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc. The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

ny-1275825

## <u>SUMMARY OF MONTHLY APPLICATIONS FOR APPLICATION PERIOD</u>:

None.

## <u>SUMMARY OF PREVIOUS INTERIM APPLICATIONS</u>:

None.

## COMPENSATION BY PROJECT FOR THE APPLICATION PERIOD:

| Project Category | Type of Fee | Total Fees |
|---|---|---|
| Fixed Project Fee **(PAID)** | Professional | $150,000.00 |
| Placement Fee **(PENDING)** | Professional | $230,000.00 |
| Service Fee **(PAID)** | Administrative | $18,000.00 |
| Service Fee **(PENDING)** | Administrative | $27,600.00 |
| **Total:** | | **$425,600.00** |

ny-1275825

### EXPENSE SUMMARY FOR THE APPLICATION PERIOD:

| Expense Category | Service Provider (if applicable) | Total Expenses |
| --- | --- | --- |
| Air Transportation **(PAID)** | N/A | $11,408.22 |
| Ground Transportation **(PAID)** | N/A | $2,305.70 |
| Hotels **(PAID)** | N/A | $4,136.24 |
| Meals **(PAID)** | N/A | $561.94 |
| Mileage **(PAID)** | N/A | $412.38 |
| Parking **(PAID)** | N/A | $338.00 |
| Postage **(PAID)** | N/A | $195.52 |
| Other **(PENDING)** | N/A | $34.00 |
| **Total:** | | **$19,392.00** |

ny-1275825

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| REPUBLIC AIRWAYS HOLDINGS INC., *et al.*,[1] | ) | 16-10429 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF KORN FERRY INTERNATIONAL, INC.**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES AS BOARD SEARCH CONSULTANT TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**NOVEMBER 22, 2016 THROUGH APRIL 30, 2017**

Korn Ferry International, Inc. ("**Applicant**" or "**Korn Ferry**"), board search consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of Republic Airways Holdings Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), hereby submits this first and final application for compensation and reimbursement of expenses (the "**Application**") for the period November 22, 2016 through April 30, 2017 (the "**Application Period**"), and respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 328(a), 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.  To the extent applicable, this

---

[1] The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

ny-1275825

Application has been prepared in accordance with General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (together with the Local Guidelines, the "**Guidelines**"). Attached hereto as **Exhibit A** is a certification regarding compliance with the Local Guidelines.

## BACKGROUND

### A.    The Chapter 11 Cases

3.      On February 25, 2016 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.      These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* [Docket No. 39], entered on February 29, 2016.

5.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of Bryan K. Bedford Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 4], filed on February 25, 2016.

6.      On March 4, 2016, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee[2] pursuant to section

---

[2] The initial members of the Committee were:  (i) GE Engine Services, LLC, (ii) Pratt & Whitney Component Services, (iii) Embraer S.A., (iv) United Airlines, Inc., (v) American Airlines, Inc., (vi) International Brotherhood of Teamsters Airline Division, and (vii) NAC Aviation 23 Limited.  NAC Aviation 23 Limited resigned from the Committee effective as of May 24, 2016.

2

ny-1275825

1102(a)(1) of the Bankruptcy Code [Docket. No. 89]. The Committee selected American Airlines, Inc. and United Airlines Inc. as its co-chairpersons (together the "**Co-Chairs**").

7. Immediately following its appointment and the selection of the Co-Chairs, the Committee conducted its initial meeting and selected Morrison & Foerster LLP ("**Counsel**") as counsel, and Imperial Capital LLC and Skyworks Capital LLC (together, the "**Financial Advisors**") as its financial advisors.

8. On June 3, 2016, the U.S. Trustee amended the Committee appointment [Docket. No. 630].[3] In October 2016, Delta Air Lines, Inc. was granted *ex officio* status on the Committee.

9. On April 20, 2017, the Court entered the *Order Confirming Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 1722].

**B. Applicant's Retention and Interim Compensation**

10. On March 23, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 331 & 105(a) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 214] (the "**Interim Compensation Order**").

11. On December 7, 2016, the Committee filed an application seeking to Court authorization to employ and retain Applicant as consultant to assist the Committee in identifying, interviewing, and assessing proposed qualified candidates for the board of directors of the reorganized Debtors [Docket No. 1262].

12. On January 3, 2017, the Court entered the *Order (I) Authorizing the Retention and Employment of Korn Ferry International, Inc. as Board Search Consultant to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to November 22, 2016, and (II) Waiving*

---

[3] The current members of the Committee are: (i) GE Engine Services, LLC, (ii) Pratt & Whitney Component Services, (iii) Embraer S.A., (iv) United Airlines, Inc., (v) American Airlines, Inc., (vi) International Brotherhood of Teamsters Airline Division, and (vii) Residco (ALF IV, Inc.).

3

ny-1275825

*Certain Requirements of Local Rule 2016-1* [Docket No. 1382] (the "**Retention Order**"),[4] approving Applicant's retention.

13.      Pursuant to the terms of the Retention Order, all of Applicant's compensation as set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, was approved by this Court pursuant to section 328(a) of the Bankruptcy Code.  Pursuant to the Retention Order, Applicant shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order; provided, however, that Applicant shall not be required to maintain or provide time records in these cases.

14.      Applicant has filed no monthly or interim fee applications in these chapter 11 cases.

15.      For the convenience of this Court and all parties in interest, attached hereto as **Exhibit B** is a schedule of the total amount of fees incurred by Applicant during the Application Period.

16.      For the convenience of this Court and all parties in interest, attached hereto as **Exhibit C** is a schedule of the total amount of expenses incurred by Applicant during the Application Period for which reimbursement is sought.

17.      Attached hereto as **Exhibit D** are copies of invoices for fees and expenses incurred by Applicant during the Application Period.

18.      Applicant has received no payment and no promises of payment from any other source for services rendered in these chapter 11 cases.  There is no agreement between Applicant and any other party for the sharing of compensation to be received for the services rendered by

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Retention Order.

4

ny-1275825

Applicant in these chapter 11 cases.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Committee in these cases.

## DESCRIPTION OF SERVICES RENDERED AND
## FEE AND EXPENSE STRUCTURE

19.     In general, pursuant to the terms of the Engagement Letter, Applicant has provided, among other things, the following services to the Committee in connection with the chapter 11 cases:

(a)     Defining the committee structure of the Reorganized Board, including identifying associated committee chairs and staffing requirements;

(b)     Defining the key skills and competencies required on the Reorganized Board given the Reorganized Company's strategy and core issues going forward;

(c)     Defining the ideal candidate profile(s), both for all directors in common, and specifically for certain individual board director profiles sought;

(d)     Resolving whether the Chair and CEO roles will be separated or combined;

(e)     Identifying, pursuing, assessing, and recommending various candidates for the Reorganized Board;

(f)     Determining the general compensation parameters for board directors;

(g)     Advising the governance subcommittee to the Committee regarding its recommendations on potential board candidates; and

(h)     Organizing and preparing materials for multiple day-long interviews of potential board candidates by the governance subcommittee and the Debtors.

20.     With Korn Ferry's assistance, the Committee and the Debtors selected a board of directors consisting of Bryan Bedford, the Debtors' CEO, and six new independent directors. The members of the new board are each highly experienced and well qualified.  Taken as a whole, the new board will provide the reorganized Debtors with oversight that is extremely knowledgeable and diverse, thereby facilitating successful future operations of the company.

5

21.     The services provided by Korn Ferry to the Committee, which were specialized in nature, were not duplicative of those provided by any of the Committee's other professionals, and Korn Ferry coordinated services performed at the Committee's request with the Committee's other professionals, including its Financial Advisors and Counsel, as appropriate, to avoid duplication of effort.

22.     Pursuant to the Retention Order, the Committee has agreed to compensate and reimburse Korn Ferry under the fee and expense structure set forth in the Engagement Letter (the "**Fee and Expense Structure**").

## RELIEF REQUESTED

23.     By this Application, Applicant seeks final approval and allowance of its compensation in the amount of $425,600.00 and reimbursement of necessary expenses in the amount of $19,392.00 incurred during the Application Period.

## BASIS FOR RELIEF

24.     In accordance with the Interim Compensation Procedures Order, Applicant now submits this Application for payment of fees and reimbursement expenses incurred during the Application Period.

25.     Bankruptcy Code section 328 authorizes a bankruptcy court to award compensation for services rendered and reimbursement of expenses to professional persons employed under sections 327 or 1103, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on a fixed or percentage fee basis, or on a contingent fee basis. *See* 11 U.S.C. § 328. Notwithstanding such terms and conditions, a bankruptcy court may allow different compensation if "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions. *See* 11 U.S.C. § 328(a). Moreover, a court may deny allowance of compensation if such professional person "is not a disinterested person, or

6

ny-1275825

represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." *See* 11 U.S.C. § 328(c).

26.     Pursuant to the Retention Order and section 328(a), this Court authorized the payment of Applicant's fees and expenses as set forth in the Fee and Expense Structure. Applicant respectfully submits that (a) the terms and conditions of Applicant's employment have not proved to be improvident, and (b) Applicant is a disinterested person, and does not represent or hold an interest adverse to the Debtors' estates.   Accordingly, this Court should authorize payment of Applicant's fees and expenses, as set forth in the Fee and Expense Structure, pursuant to section 328(a) of the Bankruptcy Code.

27.     Pursuant to the terms of the Retention Order, the reimbursement of Applicant's expenses remains subject to challenge by the U.S. Trustee under the "reasonableness" standard provided in section 330 of the Bankruptcy Code.  Applicant respectfully submits that its request for reimbursement of expenses incurred during the Application Period satisfies that standard.  In accordance with the factors enumerated in section 330, the expense reimbursement requested herein by the Applicant is fair and reasonable in light of (a) the nature and complexity of the chapter 11 cases, (b) the nature and extent of the services rendered, (c) the time expended, and (d) the value of the Applicant's services.

7

## CONCLUSION

28.     WHEREFORE, the Applicant respectfully requests that allowance be made in the sum of (a) $425,600.00 as compensation for necessary professional services rendered to the Debtor for the Application Period and (b) $19,392.00 for reimbursement of actual and necessary costs and expenses incurred during the Application Period and further requests such other and further relief as this Court may deem just and proper.

Dated:  June 29, 2017

/s/ Michael J. Bell
Michael J. Bell
Senior Client Partner
Korn/Ferry International

8