SKYWORKS CAPITAL, LLC
283 Greenwich Avenue, 4th floor
Greenwich, CT 06830
Telephone: (203) 983-6677
Facsimile: (203)983-6678
Steven T. Gaal
Scott Gibson
Nancy A. Zajac

*Co-Financial Advisors to the Official Committee of Unsecured
Creditors of Republic Airways Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 16-10429 (SHL) |
| | ) | |
| REPUBLIC AIRWAYS HOLDINGS | ) | Chapter 11 |
| INC., <u>et</u> <u>al</u>., [1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF SKYWORKS
CAPITAL, LLC AS CO-FINANCIAL ADVISORS TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
<u>EXPENSES INCURRED FROM MARCH 4, 2016 THROUGH APRIL 30, 2017</u>**

---

[1] The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

**SUMMARY SHEET PURSUANT TO UNITED STATES
TRUSTEE GUIDELINES FOR REVIEWING
APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**FOURTH INTERIM AND FINAL APPLICATION**

| | |
|---|---|
| Name of Applicant: | SkyWorks Capital, LLC ("**Applicant**" or "**SkyWorks**") |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors (collectively, the "**Committee**") |
| Date of Retention: | Order entered on April 27, 2016 retaining Applicant *nunc pro tunc* to March 4, 2016 |
| Fourth Application Period: | January 1, 2017 through April 30, 2017 |

| | | |
|---|---|---|
| | Total Fees Requested: | $402,995.00 |
| | Total Expenses Requested: | $6,158.89 |
| | Total Fees & Expenses Requested: | $409,153.89 |
| Total Compensation and Expenses Previously Requested: | Total Fees Requested: | $1,970,780.00 |
| | Total Expenses Requested: | $20,624.38 |
| | Total Fees & Expenses Requested: | $1,991,404.38 |
| Total Compensation and Expenses Previously Awarded: | Total Fees Awarded: | $1,964,223.00 |
| | Total Expenses Awarded: | $20,624.38 |
| | Total Fees & Expenses Awarded: | $1,984,847.38 |
| Final Period: | March 4, 2016 through April 30, 2017 | |
| | Total Fees Requested: | $2,373,775.00 |
| | Total Expenses Requested: | $26,783.27 |
| | Total Fees & Expenses Requested: | $2,400,558.27 |

2

ny-1283128

**Summary of Monthly Statements for Fourth Application Period:**

| Date and Docket Number of Application | Compensation Period | Requested Fees | Requested Expenses | Fees Paid (80%) | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 2/21/17 ; Docket 1522 | 1/1/17-1/31/17 | $180,970.00 | $1,222.12 | $144,776.00 | $1,222.12 | $36,194.00 |
| 3/21/17; Docket 1625 | 2/1/17-2/28/17 | $70,615.00 | $65.12 | $56,492.00 | $65.12 | $14,123.00 |
| 4/20/17; Docket 1721 | 3/1/17-3/31/17 | $74,642.50 | $250.80 | $59,714.00 | $250.80 | $14,928.50 |
| 5/22/17; Docket 1786 | 4/1/17-4/30/17 | $76,767.50 | $4,620.85 | $61,414.00 (Assumed; not paid yet) | $4,620.85 (Assumed; not paid yet) | $15,353.50 |
| **Total** | | **$402,995.00** | **$6,158.89** | **$322,296.00** | **$6,158.89** | **$80,599.00** |

**Summary of Previous Interim Applications:**

| Fee Application & Period Covered | Fees Requested (as indicated in Fee Order) | Fees Allowed | Expenses Requested | Expenses Allowed | Date Entered & Docket No. of Fee Order | Total Requested (as indicated in Fee Order) | Total Allowed | Total Fees Paid to Applicant | Total Expenses Paid to Applicant |
|---|---|---|---|---|---|---|---|---|---|
| 3/4/16-4/30/16 | $623,325.00 | $619,885.00 | $6,101.17 | $6,101.17 | 7/25/16 Dkt 826 | $629,426.17 | $625,986.17 | $619,885.00 | $6,101.17 |
| 5/1/16-8/31/16 | $548,637.50 | $545,542.50 | $3,406.67 | $3,406.67 | 12/9/16 Dkt 1274 | $552,044.17 | $548,927.17 | $436,416.40 | $3,406.67 |
| 9/1/16-12/31/16 | $798,817.50 | $798,817.50 | $11,116.54 | $11,116.54 | 3/17/17 /dkt 1610 | $809,934.04 | $809,934.04 | $639,054.00 | $11,116.54 |
| **TOTAL** | **$1,970,780.00** | **$1,964,223.00** | **$20,624.38** | **$20,624.38** | | **$1,991,404.38** | **$1,984,847.38** | **$1,695,355.40** | **$20,624.38** |

**Remaining Holdback Amount for First Interim Fee Period:**          **$0.00**

**Remaining 20% Holdback Amount for Second Interim Fee Period:**  **$109,104.10**

**Remaining 20% Holdback Amount for Third Interim Fee Period:**    **$159,763.50**

**Remaining 20% Holdback Amount for Fourth Interim Fee Period:**   **$80,599.00**

**Total Holdback Amount Sought for Final Application Period:**        **$349,466.60**

3

SKYWORKS CAPITAL, LLC
283 Greenwich Avenue, 4th floor
Greenwich, CT 06830
Telephone: (203) 983-6677
Facsimile:  (203)983-6678
Steven T. Gaal
Scott Gibson
Nancy A. Zajac

*Co-Financial Advisors to the Official Committee of Unsecured*
*Creditors of Republic Airways Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 16-10429 (SHL) |
| | ) | |
| REPUBLIC AIRWAYS HOLDINGS | ) | Chapter 11 |
| INC., <u>et al.</u>,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF SKYWORKS**
**CAPITAL, LLC AS CO-FINANCIAL ADVISORS TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY**
**<u>EXPENSES INCURRED FROM MARCH 4, 2016 THROUGH APRIL 30, 2017</u>**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

SkyWorks Capital, LLC ("**Applicant**"), co-financial advisor to the Official Committee of

Unsecured Creditors (the "**Committee**") of Republic Airways Holdings Inc. and its subsidiaries

that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**")

hereby submits its fourth interim and final fee application (the "**Final Application**") pursuant to

---

[1] The Debtors in these chapter 11 cases are the following entities: Republic Airways Services, Inc.; Shuttle America Corporation; Republic Airline Inc.; Republic Airways Holdings Inc.; Midwest Air Group, Inc.; Midwest Airlines, Inc.; and Skyway Airlines, Inc.  The Debtors' employer tax identification numbers and addresses are set forth in their respective chapter 11 petitions.

section 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy

Court for the Southern District of New York (the "**Local Rules**") for (a) allowance of

compensation for professional services rendered by SkyWorks for the period from January 1,

2017 through April 30, 2017 (the "**Fourth Application Period**"); (b) reimbursement of its actual

and necessary expenses incurred during the Fourth Application Period; and (c) final allowance of

compensation for professional services rendered by SkyWorks and reimbursement of actual and

necessary expenses incurred for the period from March 4, 2016 through April 30, 2017 (the

"**Final Application Period**").  In support of this Final Application, SkyWorks respectfully states

as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of

this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103

of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.  This

Application has been prepared in accordance with General Order M-447, the *Amended*

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local**

**Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation*

*Filed under 11 U.S.C. § 330 in (1) Larger Chapter 11 Cases by Those Seeking Compensation*

*Who Are Not Attorneys, (2) All Chapter 11 Cases Below the Larger Case Thresholds, and (3) Cases Under Other Chapters of the Bankruptcy Code., dated May 17, 1996* (the "**UST Guideline**s" and, together with the Local Guidelines, the "**Guidelines**").  Attached hereto as Exhibit A is a certification regarding compliance with the Local Guidelines.

## BACKGROUND

### A.    The Chapter 11 Cases

3.    On February 25, 2016 (the "**Petition Date**") each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.    These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Pursuant to Fed. R. Bankr. P. 1015(b) Directing Joint Administration of Chapter 11 Cases* [Docket No. 39], entered on February 29, 2016.

5.    Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Declaration of Bryan K. Bedford Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 4], filed on February 25, 2016, which is incorporated herein by reference.

6.    On March 4, 2016, the office of the United States Trustee (the "**United States Trustee**") appointed the Committee [Docket No. 89]. [2]  The Committee selected American

---

[2]    The initial members of the Committee were:  (i) GE Engine Services, LLC, (ii) Pratt & Whitney Component Services, (iii) Embraer S.A., (iv) United Airlines, Inc., (v) American Airlines, Inc., (vi) International Brotherhood of Teamsters Airline Division, and (vii) NAC Aviation 23 Limited.  NAC Aviation 23 Limited resigned from the Committee effective as of May 24, 2016.

3

ny-1283128

Airlines, Inc. and United as its co-chairpersons (each a "**Co-Chair**", and together the "**Co-Chairs**").

7. Immediately following its appointment and the selection of the Co-Chairs, the Committee conducted its initial meeting and selected SkyWorks Capital, LLC and Imperial Capital, LLC as its co-financial advisors.

8. On June 3, 2016, the United States Trustee amended the Committee appointment [Dkt. No. 630].[3] In October 2016, Delta Airlines was granted *ex officio* status on the Creditors' Committee.

9. On April 20, 2017, the Court entered an order [Dkt. No. 1722] confirming the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 1311] (the "Plan").

10. On April 30, 2017, the Debtors filed the *Notice of (I) Occurrence of the Effective Date of the Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, (II) the Deadline for Asserting Other Administrative Claims, and (III) the Final Fee Application Deadline* (the "Notice of Effectiveness") [Dkt. No. 1748].

**B.     Applicant's Retention**

11. On April 27, 2016, the Court entered the *Order Authorizing the Retention and Employment of SkyWorks Capital, LLC and Imperial Capital, LLC as Co-Financial Advisors to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to March 4, 2016* [Docket No. 477], approving Applicant's retention in these Chapter 11 cases.

---

[3]    The current members of the Committee are:  (i) GE Engine Services, LLC, (ii) Pratt & Whitney Component Services, (iii) Embraer S.A., (iv) United Airlines, Inc., (v) American Airlines, Inc., (vi) International Brotherhood of Teamsters Airline Division, and (vii) Residco (ALF IV, Inc.).

ny-1283128

**C.    Applicant's Interim and Final Application**

12.    On June 14, 2016, Applicant filed its *First Interim Application for Compensation and Reimbursement of Expenses Incurred from March 4, 2016 through April 30, 2016* [Docket No. 660] (the "**First Interim Application**").   In the First Interim Application, Applicant requested fees and expenses in the amount of $629,426.17 and was awarded total fees and expenses totaling $625,986.17.   On October 17, 2016, Applicant filed its *Second Interim Application for Compensation and Reimbursement of Expenses Incurred from May 1, 2016 through August 31, 2016* [Docket No. 1103] (the "**Second Interim Application**").   In the Second Interim Application, Applicant requested fees and expenses in the amount of $552,044.17 and was awarded total fees and expenses totaling $548,927.17.   On February 14, 2017, Applicant filed its *Third Interim Application for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2016 through December 31, 2016* [Docket No. 1495] (the "**Third Interim Application**").   In the Third Interim Application, Applicant requested fees and expenses in the amount of $809,934.04 and was awarded total fees and expenses totaling $809,934.04.

13.    On March 23, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 331 & 105(a) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 214] (the "**Interim Compensation Order**").   Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to submit monthly invoices to the United States Trustee, the Debtors, counsel for the Debtors and counsel for the Ad Hoc Committee of Equity Holders (collectively, the "**Notice Parties**").

14.    On February 21, 2017, Applicant filed and served its monthly invoice covering the period from January 1, 2017 through January 31, 2017 [Docket No. 1522] (the "**January Invoice**") on the Notice Parties.   On March 21, 2017, Applicant filed and served its monthly

ny-1283128

invoice covering the period from February 1, 2017 through February 28, 2017 [Docket No. 1625] (the "**February Invoice**") on the Notice Parties.  On April 20, 2017, Applicant filed and served its monthly invoice covering the period from March 1, 2017 through March 31, 2017 [Docket No. 1721] (the "**March Invoice**)" on the Notice Parties.  On May 22, 2017, Applicant filed and served its monthly invoice covering the period from April 1, 2017 through April 30, 2017 Docket No. 1786 (the "**April Invoice**", and together with the January Invoice, the February Invoice and the March Invoice, the "**Monthly Invoices**") on the Notice Parties.

15.     The total payments requested by Applicant on account of the Monthly Invoices as of the date hereof are equal to: (i) 80% of requested compensation from the January Invoice, the February Invoice, the March Invoice, and the April Invoice and (ii) 100% of requested expenses from the January Invoice, the February Invoice, the March Invoice, and the April Invoice. Specifically, to date, the Applicant has received payments totaling $328,554.89, representing $322,396.00 in fees and $6,158.89 in expenses.

16.     The Monthly Invoices submitted by Applicant are subject to a 20% holdback as provided for in the Interim Compensation Order.  The aggregate amount of Applicant's holdback during the Fourth Application Period is $80,599.00.  In addition, the Court previously authorized the release of holdbacks only with respect to the First Application.  Accordingly, by this Final Application, Applicant is requesting payment of the remaining 20% of its fees under the Second Application, Third Application and the Monthly Invoices, which collectively total $349,466.60.

17.     For the convenience of this Court and all parties in interest, attached hereto as Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the both the Fourth Interim Period and Final Application Period

ny-1283128

18. SkyWorks has rendered services on behalf of the Committee for the Fourth Application Period totaling 474.8 travel-adjusted hours and $402,995.00 in fees. In connection with the services provided during the Fourth Application Period, SkyWorks requests allowance of interim compensation in the amount of $322,396.00 and reimbursement of expenses in the amount of $6,158.89.

19. Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Committee. These records are maintained specifically for this Case. For the convenience of this Court and all parties in interest, attached hereto as Exhibit C is a billing summary for the Final Application Period, setting forth the name of each professional who rendered services during the Final Application Period, the aggregate time expended by each professional, the hourly billing rate for each professional at Applicant's current billing rates, and the individual amounts requested for each professional. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

20. Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services. A summary of the amounts and categories of expenses for which reimbursement are sought is attached hereto as Exhibit D.

21. Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Invoices and are attached hereto collectively as Exhibit E.

22. There is no agreement or understanding between Applicant and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in the chapter 11 cases. Imperial Capital, LLC ("**Imperial**") is the co-financial advisor

7

to the Committee and is seeking its own compensation for services under a similar fee structure to Applicant.

23.     Except as otherwise set forth herein, parties listed in paragraph (a) of the Interim Compensation Order will be furnished with a copy of this Final Application.  All other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be furnished with a notice of hearing on the final applications, with a right to receive copies of the final applications upon request.

24.     SkyWorks has been allowed, on an interim basis, fees and expenses in the following amounts on account of its previous interim fee applications:

| Fee Application & Period Covered | Fees Requested (as indicated in Fee Order) | Fees Allowed | Expenses Requested | Expenses Allowed | Date Entered & Docket No. of Fee Order | Total Requested (as indicated in Fee Order) | Total Allowed |
|---|---|---|---|---|---|---|---|
| 3/4/16-4/30/16 | $623,325.00 | $619,885.00 | $6,101.17 | $6,101.17 | 7/25/16 Dkt 826 | $629,426.17 | $625,986.17 |
| 5/1/16-8/31/16 | $548,637.50 | $545,520.50 | $3,406.67 | $3,406.67 | 12/9/16 Dkt 1274 | $552,044.17 | $548,927.17 |
| 9/1/16-12/31/16 | $798,817.50 | $798,817.50 | $11,116.54 | $11,116.54 | 3/17/17 /dkt 1610 | $809,934.04 | $809,934.04 |
| **TOTAL** | **$1,970,780.00** | **$1,964,223.00** | **$20,624.38** | **$20,624.38** | | **$1,991,404.38** | **$1,984,847.38** |

## DESCRIPTION OF SERVICES AND EXPENSES AND RELIEF REQUESTED

25.     In general, Applicant has represented the Committee in connection with the following aspects of the chapter 11 cases:

(i)     assessment of the Debtors' business and operations (including financial implications related thereto);

(ii)     analysis of the Debtors' aircraft fleet and fleet plan, including in relation to proposed negotiations of aircraft financing arrangements and section 1110 elections;

(iii)     analysis of the Debtors' fleet maintenance conditions, maintenance forecast and heavy maintenance contracts;

(iv)     analysis of claims arising from section 1110 elections;

8

(v) assistance with identifying and implementing aircraft redeployment opportunities and/or asset divestitures;

(vi) analysis of the assumption and rejection issues regarding maintenance contracts and other executory contracts and leases;

(vii) assessment of the implications of restructuring activities on residual value guarantees;

(viii) analysis of business implications and potential claims arising from modifications to Capacity Purchase Agreements;

(ix) expert testimony and written reports as may be requested by the Committee in support of services provided herein; and

(x) providing such other advisory services with respect to the Debtors' financial issues as may from time to time be agreed upon between the Committee and the Applicant.

26. To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Committee during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate categories in connection with the chapter 11 cases. The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of categories:

**(a)   General Case Administration.**

**Fourth Period:  Fees: $12,390.00; Total Hours: 40.9**
**Final Period:  Fees:   $58,362.50; Total Hours: 165.1**

27. Services performed during both the Fourth Period and the Final Period involved management of both data and billing hours. Tasks were undertaken to record and inform team of all updates to the data portals, as well as to review the content of these updates. Time was also spent collecting and cataloguing individual and team hours to facilitate a timely and accurate filing process, along with reviewing and discussing uploaded case documents.

9

**(b)      SkyWorks Retention and Billing.**

**Fourth Period:  Fees: $3,060.00; Total Hours: 3.4**
**Final Period:  Fees: $40,890.00; Total Hours: 47.3**

28.      Services performed during the Fourth Period involved drafting of Third Interim Application, and attending (via conference call) hearing on said application.  Only internal discussions and collaboration were required for Third Interim Application-related tasks.

**(c)      Travel.**

**Fourth Period:  Fees: $35,625.00; Total Hours: 34.5**
**Final Period:  Fees: $140,947.50; Total Hours: 140.4**

29.      Travel hours during the Fourth and Final Periods were booked for trips to: Meetings with Embraer; meetings with codeshare partners, including trips to Dallas; meetings with the debtor in Indianapolis; court hearings; and local trips to the offices of MoFo, Lazard, Seabury, and Residco for meetings with those parties or the debtors and UCC.  Fees incurred in connection with this category have been adjusted to reflect a 50% reduction for time billed to non-working travel.

**(d)      Business Plan and Forecast Diligence Discussions.**

**Fourth Period:  Fees: $12,270.00; Total Hours: 15.4**
**Final Period:  Fees: $421,110.00; Total Hours: 522.3**

30.      Services performed during the Fourth and Final Periods include extensive data analysis, assumption generation, modeling, strategic planning, and progress review in regards to the development of the Debtors' business plan, with particular emphasis on fleet issues. Services also included continual updates to the Committee on the foregoing. Services also included review and refinement of business plan proposals, development of diligence questions on the plan proposals, and incorporation of ongoing plan updates. Tasks included modeling of fleet, maintenance and engine costs, developing maintenance questions for debtors to include in

10

modeling.  Modeling tasks required frequent internal review among team members as well as collaboration with attorneys for the Committee, Imperial, and advisors to the Debtors.

**(e)      Capacity Purchase Agreements (CPA) Related Matters.**

**Fourth Period:  Fees: $0.00; Total Hours: 0.0**
**Final Period:  Fees: $79,977.50; Total Hours: 116.8**

31.      Services performed during the Final Period include calls to review aircraft ownership rates, reviewing revised CPA Agreements and amendments, and review and discussion of other CPA-related matters.

**(f)      Labor Related Matters.**

**Fourth Period:  Fees: $1,000.00; Total Hours: 1.2**
**Final Period:  Fees: $64,760.00; Total Hours: 69.5**

32.      Services performed during both the Fourth Period and the Final Period include meetings and communications with the International Brotherhood of Teamsters to discuss labor and pilot staffing matters and maintain the Teamsters' involvement in the project.  Services also included discussion on IBT issues on the governance of the Debtors.

**(g)      Fleet Related Matters.**

**Fourth Period:  Fees: $35,660.00; Total Hours: 58.3**
**Final Period:  Fees: $337,425.00; Total Hours: 559.6**

33.      Services performed during both the Fourth Period and the Final Period include financial modeling and analysis regarding the Debtors' E170 fleet plan, as well as review, analysis, and communications (internal and external) regarding 1110 motions.  Services also included review and analysis of loan amendments, 1110 (b) extensions, GE Maintenance Contract, and settlements with GE, Embraer, and codeshare partners.  Additionally, extensive effort was undertaken to analyze and track loan re-amortization agreements and model tail-by-

11

tail debt and lender information.  Tasks included evaluating maintenance cost projections and review of sale and leaseback materials received from debtors.

### (h)   Financing.

**Fourth Period:  Fees: $0.00; Total Hours: 0**
**Final Period:  Fees: $28,487.00; Total Hours: 30.6**

34.   Services performed during the Final Period include review of various financing alternatives with Committee and attorneys for Committee, as well as preparing and reviewing financing presentations and documents.

### (i)   Other Debtor Motions.

**Fourth Period:  Fees: $275.00; Total Hours: 0.5**
**Final Period:  Fees: $75,172.50; Total Hours: 79.7**

35.   Services performed during the Final Period involve review of various filings submitted by the Debtors and other parties in interest and discussions thereof, including real estate motions, motion to merge Shuttle America and Republic Airline, OEM settlement motions, and motions pertaining to contract revision agreements with Embraer.

### (j)   Meetings and Communications with Committee.

**Fourth Period:  Fees: $109,720.00; Total Hours: 119.2**
**Final Period:  Fees: $532,897.50; Total Hours: 565.3**

36.   Services performed during both the Fourth Period and the Final Period include preparation for and attendance at weekly Committee update calls and frequent correspondence with Committee members and other project stakeholders.  Calls and communications were used for the purposes of planning work tasks, reviewing various Debtor motions with the Committee, updating the Committee on motions and extensions filed, providing the Committee with advice and recommendations, discussing emergence status, and receiving direction from the Committee.

ny-1283128

Work also included review of management compensation agreements and governance issues, as well as providing updates to new board members at UCC request.

**(k)      Reorganization and Claims Matters.**

**Fourth Period:  Fees: $192,545.00; Total Hours: 201.4**
**Final Period:  Fees: $585,737.50; Total Hours: 648.5**

37.      Services performed during both the Fourth Period and the Final Period include extensive analysis, review, and discussion on the Plan of Restructuring (P of R) proposed by Debtors.  Tasks included soliciting views of the Committee, on the P of R, discussions with Debtor and its advisors and discussions with counsel.  Tasks also involved review of Board selection and discussion with Committee. Task were also undertaken to analyze, calculate and facilitate outstanding claims against the debtor and codeshare partner settlements. Tasks also involved review and discussion of confidential strategic opportunity, including review of term sheet for such opportunity.  Extensive external and internal communications, as well as offsite meetings, were required to execute required tasks effectively.

**(l)      Asset Disposition or sale Related Matters.**

**Fourth Period:  Fees: $0.00; Total Hours: 0.0**
**Final Period:  Fees: $8,007.50; Total Hours: 10.2**

38.      Services performed during the Final Period include analysis, discussions, and communications supporting the sale of certain engines.

**COMPENSATION REQUESTED BY SKYWORKS**

39.      By this Final Application, SkyWorks requests approval of its fees and expenses relating to professional services provided to the Committee during the entirety of the Debtors'

13

Chapter 11 Cases, including approval of fees for services rendered and expenses incurred during the Fourth Application Period, for which approval has not yet been received.

40.     Specifically, SkyWorks requests final allowance of (i) its fees for the Fourth Application Period in the aggregate amount of $402,995.00 and reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $6,158.89, for a total award of $409,153.89 (the "**Fourth Period Compensation Amount**"), and (ii) $2,400,558.27 for the Final Application Period, of which $26,783.27 is for professional services rendered, and $2,373,775.00 for reimbursement of actual and necessary expenses incurred by SkyWorks during these Chapter 11 Cases, and which includes the Fourth Period Compensation Amount.

41.     The Fourth Period Compensation Amount includes all of the fees for services rendered and expenses incurred and billed to the Committee, including 20% of the total amount of fees invoiced, which are subject to holdback under the Interim Compensation Order, as well as those fees that have already been paid in accordance with the Interim Compensation Order.

42.     The fees sought by this Final Application reflect (i) an aggregate of 474.8 travel-adjusted hours of professional time spent and recorded in performing services for the Committee during the Fourth Application Period, and (ii) an aggregate of 2,955.3 travel-adjusted hours of professional time for services rendered during the Final Application Period.  SkyWorks is only seeking compensation for services rendered to the Committee in connection with these Chapter 11 Cases.

43.     Pursuant to Article II, Section B of the Plan, "[a]ll final requests for Professional Claims must be Filed no later than seventy-five (75) days after the Effective Date."  Plan at Art. II.B. This Final Application is being filed in accordance with the confirmed Plan.

14

44.     As required by the Local Guidelines, a certification regarding Applicant's compliance with the Local Guidelines is attached hereto as Exhibit A.

45.     For the convenience of this Court and all parties in interest, attached hereto as Exhibit B is a schedule of the total amount of fees incurred under each internal SkyWorks task code during the Fourth Application Period and the Final Application Period.

46.     SkyWorks maintains computerized records of the time expended in the rendering of the professional services required by the Committee.   These records are maintained specifically for this Case.   For the convenience of this Court and all parties in interest, attached hereto as Exhibit C is a billing summary for the Fourth Application Period and the Final Application Period, setting forth the name of each professional who rendered services during the Fourth Application Period and the Final Application Period, each professional's title, the aggregate time expended by each professional, the hourly billing rate for each professional at SkyWorks's billing rates and the individual amounts requested for each professional.   The compensation requested by SkyWorks is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

47.     SkyWorks also maintains computerized records of all expenses incurred in connection with the performance of professional services.   A summary of the amounts and categories of expenses for which reimbursement is sought for the Fourth Application Period and the Final Application Period is attached hereto as Exhibit D.

48.     Copies of SkyWorks's computerized records of fees and expenses in the format specified by the Guidelines have been filed with this Court and served on the Notice Parties with each of the Monthly Fee Statements in the Fourth Application Period, and, for the convenience of this Court, are attached hereto as Exhibit E.

ny-1283128

49.     There is no agreement or understanding between SkyWorks and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## REASONABLE AND NECESSARY SERVICES RENDERED BY SKYWORKS

50.     SkyWorks respectfully submits that the professional services rendered by SkyWorks on behalf of the Committee during the Fourth Application Period and the Final Application Period were reasonable, necessary and appropriate to the administration of these Chapter 11 Cases and related matters.

51.     SkyWorks advised and assisted the Committee in every phase of these Chapter 11 Cases.  To this end, as set forth in detail in Exhibit C of this Final Application, numerous SkyWorks professionals expended 474.8 travel-adjusted hours during the Fourth Application Period and 2,955.3 travel-adjusted hours during the Final Application Period rendering professional services on behalf of the Committee.

52.     During the Fourth Application Period, SkyWorks's hourly billing rates for professionals ranged from $300 to $1,050.

53.     During the Final Application Period, SkyWorks's hourly billing rates for professionals ranged from $300 to $1,050.

54.     The fees charged by SkyWorks in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the respective fee application periods.  The rates SkyWorks charges for the services rendered by its professionals in these Chapter 11 Cases are the same rates SkyWorks charges for professional services rendered in comparable non-bankruptcy related matters.

ny-1283128

## ACTUAL AND NECESSARY EXPENSES INCURRED BY SKYWORKS

55.    As set forth in Exhibit D attached hereto, SkyWorks has incurred a total of $6,158.89 in expenses on behalf of the Committee in providing professional services during the Fourth Application Period and $26,783.27 in expenses during the Final Application Period. SkyWorks states as follows regarding these expenses:

> It is SkyWorks's policy to charge its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.
>
> It is also SkyWorks's policy to charge its clients only the amount actually incurred by SkyWorks in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, photocopying, outgoing facsimile transmissions, long-distance telephone calls, airfare, meals, and lodging.  However, to comply with the Debtors' billing policy, SkyWorks did not charge for certain of these expenses.
>
> SkyWorks professionals also may charge their overtime meals and overtime transportation to the Committee consistent with prepetition practices.
>
> SkyWorks generally charges $0.10 per page for standard duplication, which conforms to the charge per page rate prescribed by the Guidelines.  In addition, SkyWorks charged a one-time charge of $7.80 each instance it required a specific outside vendor to perform certain voluminous outside duplication services.

56.    The basis for these rates is SkyWorks's calculation of the actual cost of these services.  Each of these categories of expenses does not exceed and, in some instances, is below the maximum rate set by the Guidelines.  These charges are intended to cover SkyWorks's direct operating costs, which costs are not incorporated into the SkyWorks hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit D of this Final Application are separately charged for such services.

57.    Many of the actions taken by SkyWorks on behalf of the Committee in these Chapter 11 Cases required SkyWorks professionals, on some occasions, to devote time during the evenings and on weekends to perform services on behalf of the Committee.  These services

17

were essential to advance these cases, meet deadlines and maintain the orderly administration of the Debtors' estates.  Consistent with firm policy, as further disclosed in SkyWorks's retention application, professionals and other SkyWorks employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  SkyWorks's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendering of services.  The reimbursement amounts do not exceed those amounts set forth in the Guidelines.

58.     SkyWorks believes that the actual expenses incurred in providing professional services during the Fourth Application Period and the Final Application Period were necessary, reasonable and justified under the circumstances to serve the needs of the Committee in these Chapter 11 Cases.

## NO PRIOR REQUEST

59.     No prior application for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, SkyWorks respectfully requests the Court enter an order:

(i) awarding on a final basis compensation for professional services rendered during the Fourth Application Period in the amount of $402,995.00 and reimbursement for actual and necessary expenses incurred by SkyWorks during the Fourth Application Period in the amount of $6,158.89;

(ii) awarding on a final basis aggregate fees in the amount of $2,373,775.00, and aggregate expenses in the amount of $26,783.27 for the Final Application Period, which includes the fees and expenses for the Fourth Application Period;

ny-1283128

(iii) authorizing and directing payment of any remaining holdback amounts due and owing to SkyWorks in connection with the First through the Third Interim Applications and the Monthly Invoices (the "**Remaining Holdback**");

(iv) approving and directing the payment of all allowed fees for services rendered and expenses incurred by SkyWorks in connection with these Chapter 11 Cases that remain unpaid as of the date of entry of the Order;

(v) providing that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to SkyWorks's right to seek additional compensation for services performed and expenses incurred during these Chapter 11 Cases which were not processed at the time of this Final Application; and

(vi) granting SkyWorks such other and further relief as is just and proper.

Dated: June 29, 2017          /s/ Nancy A. Zajac
       New York, New York       Nancy A. Zajac
                                SKYWORKS CAPITAL, LLC
                                283 Greenwich Avenue, 4th floor
                                Greenwich, CT 06830
                                Telephone: (203) 983-6677
                                Facsimile:  (203)983-6678

                                *Co-Financial Advisor to the Official Committee of*
                                *Unsecured Creditors of Republic Airways Holdings*
                                *Inc., et al.*

19

ny-1283128